UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | Case No. C23-1653RSM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Plaintiff Trevor Baylis's "Application for Court-Appointed Counsel," Dkt. #8. Plaintiff is proceeding *pro se*. Defendant Valve, a distributor of video games, has not yet appeared.

Mr. Baylis alleges that he is an author of the film "Iron Sky," and that Valve has engaged in the unauthorized distribution of his copyrighted works, specifically "3D modeled space craft that appear prominently and feature as the main game-play of the games being distributed" and "[f]ilm footage from Iron Sky." Dkt. #5 at 5. He alleges that he has sent a "DMCA request" to Valve. *Id*. In the instant Motion, he sets forth no facts about his personal financial circumstances or his attempts to obtain counsel. *See* Dkt. #8.

ORDER - 1

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Plaintiff has presented a coherent claim with citation to applicable law. He appears to have a good understanding of the laws and facts that would be necessary to support his claims. The Complaint appears to demonstrate a capacity to proceed in this case *pro se*. The Court cannot conclude at this time whether Plaintiff's claims have a strong likelihood of success on the merits given the limited factual record. Plaintiff has otherwise failed to set forth exceptional circumstances. Given all of the above, the Court will deny the requested relief.

Having considered the briefing from Plaintiff and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. #8, is DENIED.

DATED this 13th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3