The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

        Plaintiff,

v.

VALVE CORPORATION,

        Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S MOTION TO DISMISS**

Noted on Motion Calendar:
Friday, January 12, 2024

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Trevor Kevin Baylis's ("Baylis") Complaint attempts to assert an unidentified claim comprised of five ambiguous sentences. The Complaint does not allege with specificity what works Baylis claims Valve Corporation ("Valve") infringed, does not allege what materials supposedly include those works and does even not allege that Baylis holds a registered copyright. Assuming Baylis is trying to allege copyright infringement, his failure to identify the works and infringement with specificity and his failure to allege a registered copyright are fatal. His Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The Complaint's vagueness and lack of specificity are not mere technical failures. Valve cannot determine with any certainty (and it suspects the Court cannot either) what claim or claims Baylis is alleging and on what grounds. Accordingly, the Complaint does not

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

meet Fed. R. Civ. P. 8(a)'s pleading requirements and should be dismissed on that basis as well.

## II. STATEMENT OF FACTS

Baylis, who alleges he is a United Kingdom citizen and a resident of Finland, filed the Complaint on October 30, 2023, and served Valve on December 5, 2023. Dkt. 1-1 at Section II. B.[1] Baylis asserts jurisdiction based solely on diversity. He does not assert federal question jurisdiction. Dkt. 1-1 at Section II. He does not identify any federal statute or other federal grounds upon which jurisdiction might be based. *Id.* Baylis's factual allegations are comprised of the following five sentences:

- Valve Corporation has distributed plaintiff's copyrighted works worldwide without authorization from plaintiff via numerous games related to the film Iron Sky of which Plaintiff is an author.

- In particular Plaintiff created numerous 3D modeled space craft that appear prominently and feature as the main game-play of the games being distributed.

- Film footage from Iron Sky also appears in the game featuring plaintiff's copyrighted material.

- Valve Corporation were [*sic*] sent a DMCA request to remove the games.

- However, Valve Corporation continues to willfully infringe and monetize plaintiff's copyrighted material.

Dkt. 1-1 at Section III.

These are the entirety of Baylis's factual allegations. Baylis does not identify the allegedly infringing games, nor does he identify which specific works he purports to have created, or in what games they supposedly appear. The Complaint does not specify a cause of action. Based on these vague allegations, Baylis asks the Court for an award of "$1 096

---

[1] For purposes only of this Motion to Dismiss, the alleged facts are assumed to be true as required for a Rule 12(b)(6) analysis. However, Valve notes that it strongly disputes the allegations and reserves all rights relating to disputing the allegations at the appropriate time.

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

451,5 [*sic*] for actual damages," as well as an award for future damages and an order requiring Valve to "cease their willfully infringing actions against Plaintiff." *Id*. at Section IV.

### III. ISSUES PRESENTED

1. Whether the Court should dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to sufficiently identify either the copyrighted works or the alleged infringing work.

2. Whether the Court should dismiss pursuant to Fed. R. Civ. P.12(b)(6) because the Complaint fails to allege copyright registration under 17 U.S.C. § 411(a).

3. Whether the Court should dismiss pursuant to Fed. R. Civ. P. 8(a) because the Complaint fails to identify the claim asserted, the legal basis for the claim, or sufficient factual allegations in support of the claim.

### IV. LEGAL AUTHORITY AND ARGUMENT

**A. Legal Standards**

**1. Fed. R. Civ. P. 12(b)(6) Requires a Plaintiff to Allege the Required Elements of Their Claims.**

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice and labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the Court need not accept as true allegations that are conclusory, legal conclusions, unwarranted

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

deductions of fact, or unreasonable inferences. *Sprewell v Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. Fed. R. Civ. P. 8(a) Requires a Plaintiff to Identify the Factual and Legal Basis for His Claim.

Fed. R. Civ. P. 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give the defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Gleghorn v. California Men's Colony E.*, No. CV2010202CJCPLA, 2020 WL 9071693, at *3 (C.D. Cal. Nov. 13, 2020). Failure to comply with "Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6), and dismissal on Rule 8(a) grounds does not require that the complaint be wholly without merit." *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013).

## B. Baylis's Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

It is unclear exactly what claim Baylis is asserting, but Valve's best guess is that he is trying to allege copyright infringement. To the extent that is correct, Baylis's copyright infringement claim fails as a matter of law because it does not adequately identify the copyrighted work, does not adequately identify the supposedly infringing work, and does not adequately allege copyright registration.

### 1. Baylis Does not Adequately Identify the Alleged Copyrighted Work or the Infringing Work.

To adequately plead a copyright claim, a copyright plaintiff must, among other elements, allege sufficient facts for a court to draw a reasonable inference that the defendant is liable for copyright infringement. *See, e.g., DBW Partners, LLC v. Bloomberg, L.P.*, 2019 WL 5892489 at *3 (D.D.C. Nov. 12, 2019). This requires identifying both the infringed and infringing work. *Id.*

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

When a complaint fails to identify the specific works that the plaintiff claims were infringed, the copyright claim fails as a matter of law. *See, e.g., Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 202 (E.D.N.Y. 2018) ("Since, *inter alia*, plaintiff does not identify the specific works allegedly infringed by defendants in Count II of the amended complaint, it fails to state a plausible claim of copyright infringement with respect to those unspecified 'Other Works.'"); *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 187 (D.D.C. 2005) (dismissing for failure to state a claim where "it is virtually impossible to determine [from the complaint] what materials have allegedly been infringed").

In addition, a copyright claim fails where the complaint fails to identify the materials that include the allegedly infringing works. *See e.g.*; *Chestang v. Yahoo Inc.*, 2012 WL 3915957, at *5 (E.D. Cal. Sept. 7, 2012) (granting motion to dismiss where the complaint failed to adequately identify which works the defendant allegedly infringed); *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, 2011 WL 166292, at *2 (N.D. Cal. Jan. 19, 2011) (dismissing copyright infringement claim under 12(b)(6) where complaint failed to "provid[e] any factual allegations to identify [the defendant's] allegedly infringing acts or works"). As the court explained in *DBW Partners*, where "the Complaint simply states that 'Bloomberg has 'infringed [Capitol Forum's] copyright in its proprietary reports.' . . . [s]uch a conclusory statement is insufficient to allow the Court to determine what materials have allegedly been infringed, and consequently, to draw a reasonable inference that Bloomberg is liable for copyright infringement." *DBW Partners,* 2019 WL 5892489, at *3.

Baylis's Complaint fails to identify with any specificity the copyrighted work at issue. He refers to the supposedly copyrighted work only vaguely as "numerous 3D modeled space craft." He does not identify which space craft are supposedly his works. He also fails to specify how Valve has allegedly infringed those works. He does not even identify the work that allegedly contains the infringing material, but only refers obliquely to "numerous games related to the Iron Sky." Baylis's failure to identify these core aspects of a copyright

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

infringement claim leaves the Court unable to draw any reasonable inference that Valve is liable for copyright infringement. To the extent Baylis is attempting to allege a copyright infringement claim, it fails as a matter of law.

    **2.    Baylis Fails to Allege Registration of the Unspecified Copyrighted Work.**

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). As part of the ownership analysis, a federal copyright claim must include a showing of copyright registration. 17 U.S.C. §411(a). A plaintiff must affirmatively plead registration to adequately state a claim for copyright infringement. *See, e.g.*, *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1057, 1059-60 (N.D. Cal. 2022) ("Because Logan fails to plead the copyright registration of the photos at issue, the Court dismisses his direct copyright infringement claim."). Here, Baylis does not allege in the Complaint that he registered the work as required by 17 U.S.C. §411(a). His claim should be dismissed on that basis as well.

**C.    Baylis's Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 8(a).**

Baylis does not identify the legal claim he is asserting. Although Baylis alludes to copyright infringement in the sparse five sentences of his allegations (Dkt. 1-1 at Section 3), nowhere does he identify a cause of action. To the extent Baylis is attempting to assert a copyright infringement claim, he does not specify that, nor does he identify any legal basis for it. Indeed, he asserts that jurisdiction is based only on diversity, not the Copyright Act. But Valve and the Court are not required to guess what claim Baylis is asserting or the legal basis for it. Fed. R. Civ. P. 8(a) requires that Baylis provide at least that minimal information. He fails to do so.

Similarly, Baylis's factual recitation fails to satisfy Fed. R. Civ. P. 8(a). "A complaint for copyright infringement fails to satisfy the requirements of Rule 8(a) if it does not allege



the specific copyrighted work that has been infringed or how and when the asserted infringement occurred." *Livingston v. Morgan*, No. C-06-2389 MMC, 2006 WL 8459602, at *3 (N.D. Cal. July 31, 2006). As noted above, Baylis bases his unidentified claim solely on five sentences that do not meet the foregoing standards. Dkt. No. 1-1 at Section III. "Neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or . . . . piece together those claims." *Jacobsen v. Citi (Bank) Mortg. Arizona / New Jersey*, No. CIV. 13-6914, 2014 WL 526632, at *2 (D.N.J. Feb. 7, 2014) (dismissing complaint). The federal rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (*see also Henderson v. Marrow*, No. CV 10-04833 MMM (AGRx), 2011 WL 13217241, at *4 (C.D. Cal. Feb. 10, 2011) (dismissing complaint because the plaintiff failed to identify the claims he was asserting and their legal basis). Baylis's Complaint does not meet those demands.

## V.   CONCLUSION

Baylis's Complaint is so sparse and lacking in the required factual and legal bases that Valve cannot determine what claim Baylis is asserting or the grounds for his unidentified claim. To the extent Baylis intended to assert a claim for copyright infringement, the claim fails as a matter of law due to his failure to identify either the copyrighted work or the allegedly infringing material and due to the lack of an allegation that the work is registered. For these reasons and the reasons set forth above, Valve respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 8(a).

I certify that this memorandum contains 2,290 words, in compliance with the Local Civil Rules.

DATED:  December 21, 2023.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
By: */s/ Jeremy E. Roller*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 21st day of December, 2023 in Seattle, Washington.

*/s/ Janet C. Fischer*
Janet C. Fischer
Paralegal

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250