The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

        Plaintiff,

v.

VALVE CORPORATION,

        Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT**

NOTE ON MOTION CALENDAR:
January 26, 2024

## I.    INTRODUCTION AND RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Valve Corporation ("Valve") seeks a more definite statement of Plaintiff Trevor Kevin Baylis's ("Baylis") cause of action in his First Amended Complaint ("FAC"). Baylis appears to be asserting some form of common law claim. But he does not identify the nature or basis of the claim. *See* FAC p. 42. The ambiguity leaves Valve unable to either answer or file a motion to dismiss. Further, Valve is unable to answer because, in violation of Fed. R. Civ. P. 10(b), the 44-page FAC is devoid of any paragraph numbers. This makes it impossible to respond in a manner that allows Baylis or the Court to identify how Valve is responding to Baylis' factual allegations. For these and the reasons set forth below, pursuant to Fed. R. Civ. P. 12(e), Valve respectfully requests that the Court require Baylis to file an amended and more definite complaint and to include numbered paragraphs pursuant to Fed. R. Civ. P. 10(b).



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## II.     FACTUAL BACKGROUND

### A.     Baylis's Factual Allegations[1]

On December 23, 2023, Baylis filed his 44-page FAC. Dkt. 15. The FAC contains no paragraph numbers. *Id.* Among other recitations, Baylis alleges he is a citizen of the United Kingdom and a resident of Finland. *Id.* at p. 2.[2] He alleges that while in Finland, he was an trainee on a team of around ten amateur digital artists who worked on portions of animated spaceships for a film called "Iron Sky." FAC at pp. 3-5, 8, 14. Baylis alleges that the film was first published in Germany in 2012. FAC at p. 3. Baylis further alleges that because he contributed to the animation of some of the spaceships in the film, he is a "joint author of the film Iron Sky." FAC at p. 36.

### B.     Baylis's Cause of Action

Based on the lengthy recitations and photographs in his FAC, Baylis appears to assert one undefined "Cause[s] of Action." *See* FAC at p. 42. Baylis asserts that "Valve Corporation have [*sic*] a legal duty to prevent copyright infringement of plaintiff's works as well as not to engage in copyright infringement of plaintiff's works . . . ." FAC at p. 42. Baylis then asserts that Valve failed in this legal duty. *Id.* Other than an ambiguous reference to a "legal duty," Baylis does not identify the theory under which that duty arises or the legal basis for Valve's alleged violation of the duty.

## III.     ISSUES PRESENTED

1.     Should the Court require a more definite statement pursuant to Fed. R. Civ. P. 12(e) where Baylis fails to identify the nature or basis of his cause of action, thus making it impossible for Valve to respond?

2.     Should the Court require Baylis to refile a new FAC with numbered paragraphs as required by Fed. R. Civ. P. 10(b)?

---

[1] Valve strongly disputes the allegations and reserves all rights to assert applicable defenses if Baylis files a complaint that allows Valve to do so.

[2] Because the FAC does not include paragraph numbers, this Motion is only able to cite to page numbers.

DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT
No. 2:23-cv-01653-RSM – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## IV. ARGUMENT

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give the defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Gleghorn v. California Men's Colony E.*, 2020 WL 9071693, at *3 (C.D. Cal. Nov. 13, 2020).

If a complaint falls short of Fed. R. Civ. P. 8(a)'s requirements, Fed. R. Civ. P. 12(e) permits a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Wynne v. City of Fresno*, 2008 WL 686704, at *3 (E.D. Cal. Mar. 12, 2008). A Fed. R. Civ. P. 12(e) motion is designed to strike unintelligibility rather than lack of detail. *See Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). Granting a motion for a more definite statement is appropriate when the plaintiff's complaint requires the defendant to guess at exactly what claim the plaintiff is asserting or the legal basis for the claim. *Ferrara v. Delaware Cnty.*, 2019 WL 2568117, at *4 (E.D. Pa. June 21, 2019) ("Because Defendants, like the Court, cannot interpret what cause of action plaintiff is pursuing, granting a Fed. R. Civ. P. 12(e) motion for a more definite statement is appropriate."); *Silvia v. Raimondo*, 2017 WL 11477124, at *1 (D.R.I. Sept. 29, 2017) ("A court may order a more definite statement 'where it is left to guess the legal foundation supporting a plaintiff's claims.'") (quoting *McMann v. Cent. Falls Det. Facility Corp.*, 2013 WL 5565507, at *6 (D.R.I. Oct. 8, 2013).

DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**B.     The FAC Does Not Provide Adequate Notice of the Claim Baylis is Asserting.**

A more definite statement is needed here because the FAC is "so vague [and] ambiguous that [Valve] cannot reasonably prepare a response" and thereby defend itself. *Wynne*, 2008 WL 686704, at *3.[3] While the FAC mentions various statutes and conventions, Baylis's one stated cause of action is styled as a common law claim that alleges a duty that was breached. FAC at p. 42. The cause of action does not identify the source of the alleged duty or even what type of claim it is.

Fed. R. Civ. P. 8(a) provides that at a minimum the FAC must notify Valve of the nature and basis of the claim being asserted. The failure to provide this basic notice is not something that can be cured through discovery. Waiting for discovery to try to flesh out the legal claim Baylis is asserting would deprive Valve of its ability to adequately answer the FAC and to assert appropriate affirmative defenses. It would also deprive Valve of its right to bring a Fed. R. Civ. P. 12(b)(6) or 12(c) motion if the claim (if and once one is asserted) fails as a matter of law. Fed. R. Civ. P. 8(a) and 12(e) require Baylis to provide Valve with a more definite statement as to the nature and basis of his cause of action so that Valve can adequately respond.

**C.     Baylis Should Be Required to Amend His FAC to Include Numbered Paragraphs.**

Fed. R. Civ. P. 10(b) expressly requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The FAC contains 44 pages of unnumbered allegations. Without numbered paragraphs, Valve is unable to answer in a manner that allows the Court or Baylis to readily understand Valve's response to each specific allegation. Baylis should be required to file an amended complaint that complies with Fed. R. Civ. P. 10(b).

---

[3] This is even more critical now: on January 7, the day before the filing of this motion, Baylis filed a motion for summary judgment, seeking judgment on his still undefined and unanswerable legal claim. Valve believes that motion is untimely. But that motion's lack of any cognizable request for relief highlights the need, for both Valve and this Court, for a more definite statement under Fed. R. Civ. P. 12(e).

DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT
No. 2:23-cv-01653-RSM – Page 4



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## V.   CONCLUSION

For the reasons set forth above, Valve respectfully requests that pursuant to Fed. R. Civ. P. 12(e) the Court require Baylis to file a more definite statement identifying the nature and basis of his claim, and also require Baylis to use numbered paragraphs in the manner required by Fed. R. Civ. P. 10(b).

*I certify this memorandum contains 1,307 words, in compliance with the Local Civil Rules.*

DATED:  January 8, 2024.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 8th day of January, 2024 in Seattle, Washington.

*/s/ Janet C. Fischer*
Janet C. Fischer
Paralegal

DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250