The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

               Plaintiff,

    v.

VALVE CORPORATION,

               Defendant.

No. 2:23-cv-01653-RSM

**JOINT STATUS REPORT AND DISCOVERY PLAN**

       Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rules 16 and 26(f), Defendant Valve Corporation ("Valve") and Plaintiff Trevor Kevin Baylis ("Baylis") hereby submit the following Joint Status Report and Discovery Plan:

**1.    Nature and Complexity of the Case**

    **A.    <u>Plaintiff's Position</u>**

Baylis asserts the following[1]:

> The nature of the claim is a copyright infringement claim including secondary infringement. Valve is an Internet Service Provider and continues to distribute Baylis' copyrighted works without license from Baylis to do so. Valve are not covered by DMCA safe harbor immunity due to the fact they receive financial benefits from the infringing activities, and have the right and ability to control such things. Valve doesn't seem to realise, or are willfully ignorant of the fact that Valve are the target of a take-down request from Baylis themselves rather

---

[1] Defendant has offset Plaintiff's assertions throughout this pleading to facilitate the Court in distinguishing Mr. Baylis' unilateral position statements from the rest of this report. Those statements have been inserted verbatim in their entirety as they were received from Mr. Baylis and without editing.



than any subscriber, up-loader or partner, and Valve have not replied to the claim themselves nor acted expeditiously to remove or disable the infringing material of which they themselves are liable for. The complexity of the case is based on Chain of Title documents and Valve's inability to show a valid license from Baylis to distribute his works which are registered at the United State Copyright Office.

**B.     Defendant's Position**

Valve does not know what claims Baylis will assert, if any. Baylis' First Amended Complaint is the subject of a pending Motion for More Definite Statement, which Baylis has not opposed or responded to. If Baylis amends his First Amended Complaint to assert cognizable claims, Valve will answer and assert applicable affirmative defenses and/or move to dismiss as appropriate. Valve asserts this case is of moderate complexity.

**2.     Deadline for Joining Additional Parties**

Valve proposes additional parties should be joined by July 1, 2024. Baylis is in agreement.

**3.     Consent to Magistrate**

No.

**4.     Discovery Plan**

**A.     Initial Disclosures**

No changes should be made to the Rule 26(a) requirements. The parties reserve the right to supplement their disclosures. Valve served its initial disclosures on January 24, 2024.

Baylis asserts the following:

Baylis has served initial disclosure from January 17, 2024 and followed up with further disclosures on January 25, 2024.

Valve disputes that Baylis has served proper or complete initial disclosures and reserves all rights accordingly.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**B.    Subjects, Timing and Potential Phasing of Discovery**

**i.    Plaintiff's Position**

Baylis asserts the following:

Baylis has significant amounts of original 3D animation files from his work on the film Iron Sky as a senior artist dated from around January, 2011. As such, these are specialised custom files that only he as the physical ability to demonstrate due to their complex, custom nature as high end, film quality animation files. In addition, many of the files have his name 'trev' within the metadata of the files or as part of the naming convention of the files and are as such best evidence of Baylis' work and copyrights associated with those works. These files can be opened up as text files in basic generic text editing software freely available as standard software on every computer. Such text reveal metadata such as names of artists related to the work, the type of software used (Autodesk Maya) and operation systems as well as other information related to the authenticity of the files.

Baylis has a confirmed registration of copyright for the whole film Iron Sky at the United States Copyright office.

Baylis has demonstrated his Iron Sky film work including a physical demonstration of salient 3D animation files to Judge Oskar Kulmala already in Tampere Finland for a number of hours in Baylis v. Troll VFX, Pirkanmaa District Court. Case Number L 15/32468 (21st October 2016). Judge Oskar Kulmala is on record in voice recordings confirming Baylis is author of the work and has competence to create such works.

Baylis also has documentation that proves he was unemployed at the time he created numerous works and has not given up any copyright ownership to his work on Iron Sky and, that documentation coincides with both the dates of many the 3D animation files, and the fact that the Producers and Film directors were in Germany and Australia as well as other parts of the world when he created such works.

Subject Description of Documents Supporting Claims.

1.    "Adult work training documents" related to Iron Sky 3D modeling and Animations for the film Iron Sky with Energia Productions.

2.    All other "Chain of Title documents" related to Iron Sky 3D modeling and Animations for the film Iron Sky from Iron Sky Bankruptcy Estate.

3.    United States Copyright Office registration files for Iron Sky motion picture and related copyrights.

4.    Licensing agreement(s) with TopWare Interactive.

5.    Pleadings and files of record in Baylis v. Troll VFX, Pirkanmaa District Court. Case Number L 15/32468 (21st October 2016).



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

6.      Email Correspondence with Dirk Hassinger of TopWare Interactive.

7.      Licensing agreement(s) with Valve Corporation.

8.      Financial statements from Valve Corporation.

9.      Email Correspondence with Valve Corporation related to so called, take-down requests.

ii.      **Defendant's Position**

Valve cannot determine what specific subjects it will seek discovery on until it receives an amended complaint definitely stating the claim Baylis is asserting. At that point, it will seek discovery regarding Baylis' claim or claims and the appropriate defenses. Valve anticipates at a minimum it will conduct discovery relating to Baylis' apparent contention that he holds a copyright in any of the works at issue in this matter.

Valve may have to conduct third-party discovery in foreign jurisdictions.

Valve does not believe that phasing of discovery is necessary.

**C.      Electronically Stored Information**

The parties intend to enter a modified agreement for ESI based on the Model Agreement for the Western District of Washington.

**D.      Privilege Issues**

The parties will produce privilege logs consistent with their obligations to do so under the discovery rules.

**E.      Proposed Limitations on Discovery**

At this time, the parties do not propose modifications to the limits set forth in the Federal Rules of Civil Procedure but reserve the right to seek appropriate modifications in the future.

**F.      The Need for Any Discovery Related Orders**

The parties will require a stipulated protective order with appropriate confidentiality provisions. An Attorneys' Eyes-Only provision may be required depending on the nature of the discovery sought, and due to Baylis' *pro se* status, the parties may have to address the

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

issue via conference with the Court or motion practice to establish guidelines for appropriate and workable protection.

**5.      LCR 26(f) Topics**

     **A.      Prompt Case Resolution**

        **i.      <u>Plaintiff's Position</u>**

Baylis asserts the following:

> This case turns on a single question: Do Valve Corporation have permission to distribute Baylis' copyrighted works worldwide for their own monetary gain? The answer is NO! Distribution rights are an exclusive right of the copyright holder. Baylis knows subjectively that he has not authorised any derivative works of Iron Sky film to be made, especially not any video games or sequels as he would naturally have a desire to be included in such derivative works given that he is an author of the work that such derivatives have been derived from.
>
> Valve simply haven't done proper due diligence to ascertain if they have rights themselves to distribute Baylis' works and are displaying a willful ignorance by not examining the "Chain of Title" documentation related to film Iron Sky to see for themselves if the chain of title is in order and ignoring red-flag issues such as the film artists names being excluded from the credits of the infringing works as well as the bankruptcy of Iron Sky film producers after the producers themselves failed to prove copyright ownerships during litigation in a foreign country.

        **ii.      <u>Defendant's Position</u>**

Valve does not understand that there is a basis or possibility of an early negotiated resolution.

     **B.      Alternative Dispute Resolution**

        **i.      <u>Plaintiff's Position</u>**

Baylis asserts the following:

> Baylis has encountered many obstacles in enforcing his rights due to disparagement and bullying which has had a negative affect on his honour and reputation. Such disparagement and bullying stems from cognitive bias from people in general who do not understand copyright law or film work licensing strategies. It is an unfortunate fact of life that copyright is not taught in schools like Math or History but somehow 'everyone' (so to speak) thinks they are an expert in copyright law. This cognitive bias or fallacy of popular opinion has generally led to myths circulating about 'commissioning parties



automatically owning copyright from artists (?)'. This myth is at the very heart of the matter in this case as it is subjectively known to Baylis that Iron Sky producers have mistakenly assumed 'full copyright ownership' to his work in absence of any supporting documentation to support their assumption. Yet the Producers have been able to successfully just use their status as Producers to deceptively claim full ownership of Iron Sky copyrights and the general population has just believed them based on a fallacy of popular opinion.

It then comes as no surprise to Baylis that others including Valve and their legal representation may share this cognitive bias due to a lack of significant erudition on the subject of complex intentional copyright and licensing strategies. For example, Valve still claim not to understand the case against them, and have not even tried to make a defense. Additionally, the infringing material has not been removed or disabled as of the date of writing which is some five months after Baylis' take-down requests were sent to Valve and in which time Valve has had plenty of opportunity to conduct due diligence regarding chain of title issues.

The subject copyrighted matter in this case is a internationally distributed, foreign Motion Picture; a "Berne convention work" in terms of copyright law which is a specialist area of copyright law including first publication in Germany which is the "country of origin" and thus foriegn laws apply with regarded to first authorship . Therefore, Baylis would simply prefer the wisdom of a Federal Court judge who has the competence to understand genuine issues within this case.

### ii.   **Defendant's Position**

Valve understands that Baylis is not willing to consider mediation or other ADR proposals at this time.

### C.   **Related Cases**

#### i.   **Plaintiff's Position**

Baylis asserts the following:

There are no current pending cases in the US or elsewhere but there has been ligation in other countries which are subject to the "Principle of Territoriality" in copyright law. As such, foreign rulings themselves do not have relevance in this case, especially as such rulings are non-binding in nature, other than to show that Iron Sky Producers don't 'own' full copyrights.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

      ii.    **Defendant's Position**

*Baylis, Barquin, Myers, Parkkola and Puukko v. Blind Spot Pictures and Iron Sky Universe*, Finnish Market Court File numbers 2017/588 and 2017/701 (May 31, 2018).

**D.    Discovery Management**

      i.    **Plaintiff's Position**

Baylis asserts the following:

> Witness statements already exist in official courts recordings from ligation in Finland. However, such statements include statements in Finnish as well as in English and may require translation. Baylis reserves the right to make further depositions if necessary.

      ii.    **Defendant's Position**

Valve anticipates potentially taking some depositions by virtual means.

**E.    Anticipated Discovery Sought**

The parties anticipate serving requests for production, interrogatories, requests for admission and conducting deposition, along with third-party discovery.

**F.    Phasing Motions**

      i.    **Plaintiff's Position**

Baylis asserts the following:

> Baylis has pro se status and is unclear what this means or what affect it has on the case so takes no position at this stage.

      ii.    **Defendant's Position**

Except with respect to any potential protective order issues and potential motions to dismiss, Valve does not anticipate at this time a need for other phasing of motions.

**G.    Preservation of Discoverable Information**

The parties agree to take reasonable measures to preserve all discoverable information consistent with the Federal Rules of Civil Procedure.

**H.    Privilege Issues**

The parties are not aware of any privilege issues at this time.

JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

I.    **Model Protocol for Discovery of ESI**

The parties intend to enter a modified agreement for ESI based on the Model Agreement for the Western District of Washington.

J.    **Alternatives to Model Protocol**

Valve does not anticipate substantial modifications to the Model Agreement but will negotiate in good faith with Baylis regarding such modifications.

**6.    Completion of Discovery**

The parties propose that the standard deadlines be set in accordance with Western District guidelines based upon a proposed trial date of March 15, 2025.

**7.    Bifurcation**

The parties do not believe that bifurcation is appropriate.

**8.    Pretrial Statements and Pretrial Order**

The parties do not agree that pretrial statements and the pretrial order required by LCR 16 and 16.1 should be dispensed with.

**9.    Suggestions for Shortening or Simplifying the Case**

i.    <u>**Plaintiff's Position**</u>

Baylis asserts the following:

In a licensing dispute the licensee must be able to say who the first author/s of the work are that they are licensing. The work exists and must have been authored for it to exist. Authorship cannot be denied. Such rights are inalienable. The author always has the right to come forward and claim to be the author (Berne Convention 6bis).

The purpose of the Chain of Title is to track the sequence of historical transfers of title to a property from the original authors. It is common practice in the film industry to ask to see the Chain of Title from producers. The expected response to such a request is "Sure, here it is" Valve need to do a Chain of Title review and identify original authors or else they cannot demonstrate that they have a valid license from Baylis or other authors of Iron Sky.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

           ii.     **Defendant's Position**

Valve has no suggestions for shortening or simplifying the case.

**10.**     **Trial Date**

The parties propose a trial date of March 15, 2025.

**11.**     **Whether Trial Will be Jury or Non-Jury**

Trial will be non-jury.

**12.**     **Number of Trial Days Required**

The parties anticipate it will take four days to try this case.

**13.**     **Names, Addresses, and Telephone Numbers of Trial Counsel**

<u>Attorneys for Plaintiff</u>
Plaintiff is proceeding *pro se*

<u>Attorneys for Defendant</u>
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
E-mail:jharrison@aretelaw.com
E-mail:jroller@aretelaw.com

**14.**     **Date Complications for Counsel**

Counsel for Valve anticipates conflicts during the first two weeks of April 2025, the last week of May 2025, and the first two weeks of July 2025. Baylis does not anticipate any conflicts in 2025.

**15.**     **Status of Service**

All named defendants have been served with initial process, but Baylis has yet to serve an amended complaint in response to Valve's Motion for a More Definite Statement.

**16.**     **Scheduling Conference**

No parties request a scheduling conference.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**17.** **Corporate Disclosure Statements**

Defendant filed its disclosure statement on December 13, 2023.


DATED: January 31, 2024.

By: */s/ Trevor Baylis*
Trevor Baylis

Plaintiff *pro se*

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

Trevor Kevin Baylis (*pro se*)                    ☐   E-mail
Jankanraitti 10 A 4                                     ☐   U.S. Mail
33560, Tampere                                          ☒   E-filing
Finland

Dated this 31st day of January, 2024 in Seattle, Washington.

/s/ Janet C. Fischer
Janet C. Fischer
Paralegal

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250