The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

NOTE ON MOTION CALENDAR: March 15, 2024

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Trevor Kevin Baylis' ("Baylis") Second Amended Complaint asserts a claim under a statute that does not apply and makes up a claim that does not exist. His Second Amended Complaint asserts claims for "Material Misrepresentations Under U.S.C. 17 §512(f) [*sic*]" and for "Willful Blindness Under U.S.C. 17 §512 and U.S.C. 17 §106[*sic*]," which Baylis styles as his "Cause of Action Count Three" and "Cause of Action Count Four," respectively.[1] As discussed below, 17 U.S.C. § 512(f) allows online service providers to recover damages and attorneys' fees from parties who misrepresent their own copyright claims. But Baylis is not an online service provider. Rather, he is the very type of party that 17 U.S.C. § 512(f) protects online service providers against. There are no facts that Baylis

---

[1] Valve refers to them as the Third Cause of Action and Fourth Cause of Action for purposes of this motion.

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 1



has alleged or could allege to enable him to state a claim under 17 U.S.C. § 512(f). "Willful Blindness Under U.S.C. 17 §512 and U.S.C. 17 §106[*sic*]" is not a claim at all, statutory or otherwise. Valve respectfully requests that the Court dismiss Baylis' Third and Fourth Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STATEMENT OF FACTS

On October 30, 2023, Baylis filed his original complaint. Dkt. #1-1. On December 21, 2023, Valve moved to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). Dkt. #14. Two days later, on December 23, Baylis filed his First Amended Complaint. Dkt. #15. Because Baylis' First Amended Complaint was too ambiguous and vague to allow Valve to answer or otherwise respond, on January 8 Valve moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Dkt. #18. On January 29, the Court granted Valve's motion. Dkt. #23. On February 6, Baylis filed his 48-page Second Amended Complaint. Dkt. #25.

Baylis' Second Amended Complaint asserts four causes of action, which Baylis styles as "Counts." Dkt. #25 at pp. 42-46. Baylis titles his causes of action numbers 3 and 4 "Material Misrepresentations Under U.S.C. 17 §512(f)" and "Willful Blindness Under U.S.C. 17 §512 and U.S.C. 17 §106." He seeks, among other things, damages for emotional distress under those claims. *Id*. at pp. 45:6; 46:23.

## III. LEGAL AUTHORITY AND ARGUMENT

### A. Legal Standard.

#### 1. Fed. R. Civ. P. 12(b)(6).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts accept as true all well-pleaded allegations of material fact and construes them in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). But to survive, the complaint

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice and labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555.

**B.     Baylis' Causes of Action 3 and 4 Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

    **1.     "Material Misrepresentation" pursuant to 17 U.S.C. § 512(f) is not a cause of action available to Baylis.**

17 U.S.C. § 512(f) relates to safe harbor provisions for online service providers and related remedies. It is not a cause of action available to alleged copyright holders who assert infringement. The statute provides:

> (f) Misrepresentations.—Any person who knowingly materially misrepresents under this section—
>
> (1)     that material or activity is infringing, or
>
> (2)     that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f).

*Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004), illustrates the proper application of 17 U.S.C. § 512(f). There, several website operators and the internet service providers who hosted their sites sued Diebold, which had issued Digital Millennium Copyright Act takedown notices and alleged that plaintiffs were infringing Diebold's copyrights. The plaintiffs sought a declaration of their rights under the DMCA and damages under 17 U.S.C. § 512(f). Noting that "[i]n section 512(f), Congress provides an express

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

remedy for misuse of the DMCA's safe harbor provisions," the court explained that "the DMCA's safe harbor provisions . . . were designed to protect ISPs, *not copyright holders*." *Diebold*, 337 F. Supp. 2d at 1205, 1206 (emphasis added). The court further noted that "the statutory language [of § 512(f)] is sufficiently clear on its face and does not require importation of standards from other legal contexts." *Id*. at 1204. And pursuant to 17 U.S.C. § 512(f), any putative copyright holder "who sends a cease and desist letter with knowledge that claims of infringement are false may be liable for damages." *Id*. at 1202. Accordingly, the court found that Diebold, which had knowingly materially misrepresented that the plaintiffs infringed Diebold's copyright interest, had violated 17 U.S.C. § 512(f). *Id*. at 1206.

Similarly, in *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011 (N.D. Cal. 2015), Steiner sent DMCA takedown notices to a website owner and a student who posted material on that site. The court explained that "[t]he object of § 512(f) of the DMCA [is] the prohibition on misrepresentations to effect the removal and liability relating to digital material." *Steiner*, 82 F. Supp. 3d at 1028. As in *Diebold,* the court found that Steiner knowingly misrepresented that the notice recipients had violated his copyrights and ordered him to pay $25,084 in damages and attorneys' fees. *Id*.

Here, of course, Valve is the alleged infringer to whom Baylis alleges he sent a DMCA takedown notice based on his representation that he holds a valid copyright. Baylis is not alleging that Valve told Baylis that Baylis was infringing Valve's copyrights. Likewise, Baylis does not allege that the "Iron Sky" game was removed or disabled by mistake; the gravamen of Baylis' complaint is that it was *not* removed.

Baylis has construed 17 U.S.C. § 512(f) precisely backward. The import of 17 U.S.C. § 512(f) is that if Baylis knowingly and materially misrepresented that he holds a valid copyright and that the game "Iron Sky" infringes it, he could be liable to the entity to whom he made such misrepresentations for their damages, costs, and attorneys' fees. Notably, Valve

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

understands that Baylis did precisely that, which could entitle Valve to assert the foregoing claim against him.

Baylis' third cause of action highlights the potential financial jeopardy he is facing for bringing this case. But 17 U.S.C. § 512(f) does not provide relief to purported copyright owners who claim infringement in this context; it provides relief to their victims, where the purported copyright owner falsely represents that a work is infringing. Accordingly, Baylis fails to state a claim, at least for himself, and his Third Cause of Action should be dismissed.

    **2.    "Willful Blindness Under U.S.C. 17 §512 and U.S.C. 17 §106 [*sic*]" is not an independent cause of action.**

Baylis appears to be baselessly asserting that an element of an infringement claim somehow constitutes a separate cause of action. It does not. He appears to be referring to the term "willful blindness" as it is used with respect to establishing knowledge elements of infringement claims. "Willful blindness" is employed in the context of DMCA claims with respect to determination of whether an alleged copyright holder knowingly misrepresented that he held a good faith belief that an allegedly infringing activity was not a fair use. *See, e.g., Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016). It is also used in relation to willfulness for purposes of awarding enhanced statutory damages under the Copyright Act (which are not at issue here). *See, e.g., Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Valve is aware of no authority that suggests that the concept of "willful blindness" provides a standalone cause of action.

//

//

//

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## IV. CONCLUSION

Baylis' Third and Fourth Causes of Action in his Second Amended Complaint fail to state a claim upon which relief can be granted. For the reasons set forth above, Valve respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

*I certify that this memorandum contains 1,511 words, in compliance with the Local Civil Rules.*

DATED: February 20, 2024.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 20th day of February, 2024 in Seattle, Washington.

*/s/ Kaila Greenberg*
Kaila Greenberg
Legal Assistant

DEFENDANT VALVE CORPORATION'S
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250