The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

NOTE ON MOTION CALENDAR:
March 15, 2024

## I.  INTRODUCTION

In his Opposition to Defendant's Motion to Dismiss ("Opposition"), Baylis fails to provide any grounds for saving his fundamentally flawed and inapposite 17 U.S.C. § 512(f) ("Section 512(f)") claim or for allowing him to create a new stand-alone cause of action for "willful blindness." No amendment or factual allegations can save his claims. Defendant Valve Corporation ("Valve") respectfully requests that they be dismissed.

## II.  ARGUMENT

**A.  Baylis Does Not and Cannot Allege the Required Elements of a 17 U.S.C. § 512(f) Claim.**

Baylis' Opposition clarifies that he fundamentally misapprehends Section 512(f). The purpose of Section 512(f) is narrow - to prevent the abuse of takedown notices under the



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

DMCA. *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1154–55 (N.D. Cal. 2008) ("The purpose of Section 512(f) is to prevent the abuse of takedown notices."). Specifically, Section 512(f) provides a limited cause of action for material and knowing misrepresentations made in the context of <u>issuing</u> DMCA takedown notices. *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004) ("In §512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation."). Thus, "to state a Section 512(f) claim, [a claimant] must allege: (1) a material misrepresentation in a takedown notice that led to a takedown; and (2) that the takedown notice was submitted in subjective bad faith." *Yuga Labs, Inc. v. Ripps*, No. CV 22-4355-JFW(JEMX), 2023 WL 3316748, at *15 (C.D. Cal. Apr. 21, 2023).

Baylis has alleged neither of these required elements. Rather than alleging that Valve issued a wrongful takedown notice, Baylis alleges that he himself is the copyright holder who issued the takedown notice to Valve. And his primary complaint is that the takedown notice did <u>not</u> lead to a takedown. Further, he has not alleged – nor can he – that Valve made a material misrepresentation in issuing a takedown notice that led to a takedown. And he has not alleged that the takedown notice that he issued was submitted in subjective bad faith. While Baylis' arguments in his Opposition flatly misapprehend Section 512(f), the pertinent issue is that he has not and cannot allege the required elements of a Section 512(f) claim against Valve. In the absence of these required elements, Baylis's Section 512(f) claim fails as a matter of law and must be dismissed.

**B.     There Is No Stand-Alone Claim for "Willful Blindness"**

In his "willful blindness" argument, Baylis appears to misunderstand the difference between a cause of action and the elements of a cause of action. By trying to assert a stand-alone "willful blindness" allegation, Baylis is essentially trying to assert an element of a claim (the element of knowledge) as a claim itself. There is no such stand-alone cause of action.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

As the cases that Baylis cites explain, "willful blindness" is a doctrine that is sometimes used to establish the element of knowledge in causes of action in which knowledge or knowing intent is a requisite element. For example, in *Lenz*, the "willful blindness" doctrine was used to determine the knowledge element of a Section 512(f) claim – *i.e.*, whether a copyright holder "knowingly materially misrepresent[ed]" that it held a "good faith belief" the offending activity was not a fair use. *Lenz,* 815 F.3d at 1155. In *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 830 (E.D. Tex. 2019), "willful blindness" was used to satisfy the knowledge element for a contributory infringement cause of action. In *Glob.-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011), the court analyzed "willful blindness" to determine the knowledge element of a claim for induced infringement of a patent. Baylis cites no case (and indeed, none exists) that creates a stand-alone cause of action for knowledge. Baylis' "willful blindness" claim is no claim at all.

### III.     CONCLUSION

For the reasons set forth in Valve's Motion to Dismiss and above, Valve respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Baylis' "Cause of Action Count Three" and "Cause of Action Count Four."

*I certify that this memorandum contains 689 words, in compliance with the Local Civil Rules.*

DATED:  March 15, 2024.            **ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*



# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 15th day of March, 2024 in Seattle, Washington.

*/s/ Janet C. Fischer*
Janet C. Fischer
Paralegal

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250