UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

Case No. C23-1653RSM

ORDER GRANTING PARTIAL MOTION TO DISMISS

## I.    INTRODUCTION

This matter comes before the Court on Defendant Valve Corporation's Motion to Dismiss under Rule 12(b)(6). Dkt. #29. Valve moves to dismiss only Plaintiff Trevor Kevin Baylis's third and fourth causes of action. Plaintiff Baylis has filed an opposition. Dkt. #30. No party has requested oral argument. For the reasons stated below, the Court GRANTS this Motion without leave to amend.

## II.    BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the Second Amended Complaint, Dkt. #25, as true. The Court will focus only on those facts relevant to the instant Motion. All facts below come from this pleading unless otherwise stated.

ORDER GRANTING PARTIAL MOTION TO DISMISS - 1

This is a copyright infringement action. Plaintiff Baylis is a United Kingdom citizen residing in Finland. Defendant Valve is a video game distributor in Bellevue, Washington that operates a digital storefront and gaming platform called "Steam." Game developers upload games to Steam pursuant to certain Terms of Service. Valve receives monetary benefits from selling, displaying, and distributing these games. Mr. Baylis alleges that Valve is an internet service provider.

Mr. Baylis alleges that Valve willfully continues to sell, display and distribute video games and images derived from Baylis's copyrighted works from the film Iron Sky, which he is an author of, and for which he has a registered copyright. He sent a takedown request to Valve Customer Support on August 7, 2023. He alleges that Valve has failed in its duty to expeditiously disable the infringing material under the Digital Millennium Copyright Act (17 U.S.C. § 512).

This dispute clearly has something to do with an earlier dispute between Mr. Baylis and his former employer, the company that produced the film Iron Sky, which has then gone on to produce a video game based on the film. *See* Dkt. #25 at 45–46. The Court need not discuss the details of that earlier dispute, or even all of the allegations against Valve in this dispute.

Plaintiff Baylis alleges the following causes of action: "direct copyright infringement under U.S.C. 17 §501," "vicarious copyright infringement under U.S.C. 17 § 501," "material misrepresentation under U.S.C. 17 § 512 (f)," and "willful blindness under U.S.C. 17 § 512 and U.S.C. 17 § 106." Dkt. #25 at 42–45.

Valve now moves to dismiss the last two causes of action.

The Court notes that Plaintiff has amended his pleading twice previously; the first was in response to Valve's first Motion to Dismiss and the second in response to a Motion for a More Definite Statement. *See* Dkts. #15 and #25.

## III. DISCUSSION

### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Analysis

17 U.S.C. § 512(f) is part of the Digital Millennium Copyright Act ("DMCA"). Section 512 deals with limitations on internet service providers' liability for material posted online. Section 512(f) states:

> Misrepresentations. Any person who knowingly materially misrepresents under this section (1) that material or activity is infringing, or (2) that material or activity was removed or disabled

ORDER GRANTING PARTIAL MOTION TO DISMISS - 3

> by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

Defendant Valve argues that this provides for liability against persons who knowingly materially misrepresent that material is infringing or that material was removed by mistake, and thus cannot provide for liability against Valve, which is alleged to have hosted infringing material. The Court agrees. Plaintiff misunderstands Section 512(f) liability. As Valve succinctly puts it, "Baylis is not an online service provider. Rather, he is the very type of party that 17 U.S.C. § 512(f) protects online service providers against." Dkt. #29 at 1. Valve is the alleged infringer to whom Mr. Baylis sent a DMCA takedown notice based on his representation that he holds a valid copyright. Mr. Baylis is not alleging that Valve told him that *he* was infringing some other person's copyright. Likewise, Mr. Baylis does not allege that his "Iron Sky" content was removed or disabled by mistake; he pleads that such was not removed. There are no facts that Plaintiff alleges or could allege to show how this statute serves as a cause of action providing for relief to him. Whether or not it provides for liability against Plaintiff and damages to Valve is not a question the Court needs to answer at this juncture. Plaintiff's 17 U.S.C. § 512(f) claims are properly dismissed under the *Twombly*/*Iqbal* standard above.

Valve also moves to dismiss Plaintiff's fourth cause of action for "willful blindness" under § 512(f) and 17 U.S.C. § 106. Valve states:

> He appears to be referring to the term "willful blindness" as it is used with respect to establishing knowledge elements of infringement claims. "Willful blindness" is employed in the context of DMCA claims with respect to determination of whether

ORDER GRANTING PARTIAL MOTION TO DISMISS - 4

> an alleged copyright holder knowingly misrepresented that he held a good faith belief that an allegedly infringing activity was not a fair use. *See, e.g., Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016). It is also used in relation to willfulness for purposes of awarding enhanced statutory damages under the Copyright Act (which are not at issue here). *See, e.g., Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Valve is aware of no authority that suggests that the concept of "willful blindness" provides a standalone cause of action.

Dkt. #29 at 5.

In Response, Plaintiff states, "Valve's argument that Baylis' Count 4 claim is a, 'claim that does not exist,' is also unavailing because 'willful blindness claims' have been used before in civil cases involving intellectual property which have survived a motion to dismiss." Dkt. #30 at 3–4.

On Reply, Valve states "Baylis appears to misunderstand the difference between a cause of action and the elements of a cause of action. By trying to assert a standalone 'willful blindness' allegation, Baylis is essentially trying to assert an element of a claim (the element of knowledge) as a claim itself. There is no such stand-alone cause of action." Dkt. #33 at 2.

While it may be true that willful blindness allegations have survived motions to dismiss in other intellectual property cases, there does not appear to be any legal support for willful blindness constituting a separate cause of action under these statutes. The Court agrees that Plaintiff has failed to state a separate claim upon which relief can be granted and that his third and fourth causes of action should be dismissed. As the Court understands it, Plaintiff is free to argue willful blindness in his copyright infringement claims, which have not been dismissed.

The Court finds that the above deficiencies are legal or even procedural in nature and cannot possibly be cured by the addition facts consistent with the existing pleading. The Court will dismiss these causes of action without leave to amend.

ORDER GRANTING PARTIAL MOTION TO DISMISS - 5

## IV. CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss under Rule 12(b)(6), Dkt. #39, is GRANTED. Plaintiff's third and fourth causes of action are DISMISSED without leave to amend.

DATED this 20th day of March, 2023.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE