The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>  Plaintiff,<br><br> v.<br><br>VALVE CORPORATION,<br><br>  Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF**<br><br>**TREVOR KEVIN BAYLIS**<br><br>**REQUEST FOR JUDICIAL NOTICE 3**<br><br>Filed: 27th March 2024 |

**I.    TO THE HONORABLE RICARDO S. MARTINEZ, UNITED STATES DISTRICT COURT JUDGE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE:** In support of their Motion, Second Amended Complaint ("FAC") Dkt. 25. Trevor Kevin Baylis ("Plaintiff") respectfully requests, pursuant to Fed. R. Evid.201(b)(2), Fed. R. Evid.201(c) to take judicial notice of the following, adjudicative facts, links and records.

A.    Under Rule 201, facts appropriate for judicial notice are those that are "not subject to reasonable dispute" in that they (2) are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

Federal rules of evidence 201(b). The court may take judicial notice of its own records and other court cases.

**1.  An author of a copyrighted work must not lose control of their work though unauthorized adaptations and sub-licening and must be able to monitor the use of their work.**

**A.  GARDNER v. NIKE, 279 F.3d 774 (9th Cir. 2002)**

Gardner v. Nike, Inc., 279 F.3d 774, 781 (9th Cir. 2002) ("there are strong policy reasons to place the burden on the licensee to get the licensor's explicit consent either during or after contract negotiations. Placing the burden on the licensee assures that the licensor will be able to monitor the use of the copyright. Harris, 734 F.2d at 1334 ("[The licensor's] ability to monitor use would be jeopardized by allowing sublicensing without notice."). In this case, Nike, the copyright owner, agreed to allow Sony the use of MC Teach in a broad range of products. Sony assigned this right to Gardner without receiving the consent of Nike. Consequently, Nike had no role in determining whether Gardner would be an appropriate sublicensee. ")

Gardner v. Nike, Inc., 279 F.3d 774, 781 (9th Cir. 2002) ("It is easy to imagine the troublesome and potentially litigious situations that could arise from allowing the original licensor to be excluded from the negotiations with a sublicensee. For example, what if the sublicensee was on the verge of bankruptcy or what if the original licensor did not agree that the sublicensee's materials use of the copyright fell within the original exclusive license? ")

**https://casetext.com/case/gardner-v-nike-inc**

## II.  CONCLUSION

This Request For Judicial Notice is respectively made in support of Plaintiff's Motion, Second Amended Complaint, Dkt. 25.

I hereby certify that, to the best of my knowledge, the provided information is true and accurate.

27th March 2024

Trevor Kevin Baylis

*[signature: Trevor Baylis]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 27th March 2024 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Dated: 27th March 2024

*Trevor Baylis*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND