The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

No. 2:23-cv-01653-RSM

**MOTION TO REFER COPYRIGHT REGISTRATION QUESTIONS TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS**

NOTE ON MOTION CALENDAR:
**April 19, 2024**

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Trevor Kevin Baylis ("Baylis") has asserted claims for copyright infringement under the U.S. Copyright Act against Defendant Valve Corporation ("Valve"). Baylis' alleged copyright ownership is based on his registration of a copyright with the U.S. Copyright Office as an alleged joint author of a film entitled *Iron Sky*, which was created and produced in Finland. However, in his application for copyright registration, Baylis knowingly provided inaccurate information to the Copyright Office. Specifically, Baylis represented to the Copyright Office that he was a joint author of *Iron Sky,* despite knowing that a Finnish court had already ruled against him on that exact issue and found that he was <u>not</u> an author and possessed no copyright in *Iron Sky*. Had the Register of Copyrights ("Register") known

MOTION TO REFER COPYRIGHT REGISTRATION QUESTIONS TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

of the material misrepresentation, the Register would have refused Baylis' copyright application.

Where, as here, a defendant alleges that inaccurate information was included on the plaintiff's application for copyright registration with knowledge that it was inaccurate, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). Accordingly, Valve requests that the Court refer this matter to the Register to advise on the following issue:

> <u>Would the Register have rejected Baylis' Copyright Registration No. PA0002432422 had it known that, contrary to his inaccurate statement that he is a joint author of *Iron Sky,* on May 31, 2018 a Finnish court expressly determined that Baylis is not a joint author and has no copyright in the movie *Iron Sky* or its animated parts?</u>

Given the strong likelihood that the Register will respond to that question affirmatively and given that the affirmative response will lead to the dismissal of Baylis' claims, Valve further requests a stay of proceedings pending the response from the Register.

## II.  FACTUAL BACKGROUND

**A.  Allegations and Claims in This Action.**

The film, *Iron Sky,* is a 2012 Finnish movie created and produced in Finland by Blind Spot Pictures. Second Amended Complaint ("SAC"), Dkt. 25 at ¶¶ 33-41. The plot, in essence, is that before the end of World War II, Nazis fled Earth on spaceships, established a settlement on the dark side of the moon, and, in 2012, returned to Earth. *Id.* In his SAC, Baylis alleges that he was a member of a team of amateur animators who worked in Finland on the animation of certain spacecraft and weapons in *Iron Sky* under Finnish work training agreements. *Id.* at ¶¶ 40, 64-81. Baylis also claims that as a member of the team of animators,

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

he owns the copyright of the entire *Iron Sky* film as a joint author. Dkt. 25 at ¶ 3. Baylis asserts his copyright ownership by stating that he is registered with the U.S. Copyright office as a joint author of *Iron Sky* with a U.S. Copyright registration number of PA0002432422. Dkt. 25 at ¶ 4. Baylis further alleges that Valve is infringing on Baylis' exclusive copyrights in *Iron Sky* by hosting video games based on the *Iron Sky* film on Valve's online video game storefront and delivery platform known as "Steam." *Id.* at ¶ 9. Based on these allegations, Baylis claims Valve is liable to him for direct and vicarious copyright infringement. *Id.* at ¶¶ 108-15.[1]

**B.    The Material Misrepresentation in Baylis' U.S. Copyright Registration.**

In his application for what would become Copyright Registration No. PA0002432422, Baylis misrepresented to the Register that he is a joint author of *Iron Sky* and is thus entitled to a copyright to the entire film. Baylis applied for copyright registration with the United States Copyright Office and received a certificate of registration on August 11, 2023. Declaration of Jonah Harrison ("Harrison Decl."), Ex. A. In connection with his application, he deposited materials with the Copyright Office that he asserts prove his authorship of the movie and his according entitlement to a registered copyright.[2]  Harrison Decl., Ex. B.

Critically, though, in his deposit materials, Baylis did not provide the Copyright Office with the May 31, 2018 Finnish court judgment that expressly determined that Baylis was <u>not an author or copyright owner</u> in the copyright suit he himself filed.  Harrison Decl., Ex. D.[3]

---

[1] Baylis asserted two additional claims for "Material Misrepresentation" and "Willful Blindness." Dkt. 25 at ¶¶ 116-35. This Court dismissed those claims on March 20, 2024. *See* Order Granting Partial Motion to Dismiss (Dkt. No. 35).

[2] It appears Baylis filled out an online application pursuant to 37 C.F.R. § 202.3, rather than a paper copy that was saved in the file. In response to Valve's request for a certified copy of the entire registration file, the Copyright Office did not produce a completed version of the copyright application. Harrison Decl., Ex. C.

[3] Valve provides with Exhibit D to the Harrison Declaration the official translated version of the decision containing the anonymized plaintiffs' names (which appears to be a Finnish court convention) as well as the

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 3



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

In 2017, Baylis, along with other members of an amateur animation team, brought a copyright lawsuit in Finland alleging that they were joint authors of *Iron Sky* and owned the copyright to the entire film, *Iron Sky*. Harrison Decl., Ex. D at Valve_002 ("Claim 1"). Baylis also asserted copyright ownership in certain 3D models and animation on which he worked that were used in the film. *Id.* ("Claim 2(b)"). After an evidentiary hearing on the merits, including testimony from Baylis, on May 5, 2018, the Finnish court ruled that:

- Neither Baylis nor any of the other members of the animation team could be considered authors of the film *Iron Sky* and thus they had no copyright to the film, including its Director's Cut (also referred to as the "Dictator's Cut"). Harrison Decl., Ex. D, at Valve_010, ¶24; Valve _017, "Summary of Judgment."

- Baylis did not have copyrights to the 3D models or on any of the materials on which he worked with that were used in *Iron Sky*. *Id.* at Valve_011, ¶¶ 37-44; Valve_012-13, ¶¶ 54-67, and Valve _017, "Summary of Judgment."

- Because Baylis and the other animators were unsuccessful in their claims to establish authorship or copyrights in *Iron Sky*, they were required to pay the legal fees and costs of the production companies who had opposed their copyright claims. *Id.* at Valve_016, ¶ 110, and Valve _017, "Summary of Judgment."[4]

Despite being aware that the Finnish court had ruled against him and found that he is <u>not</u> an author of and holds <u>no</u> copyright in *Iron Sky*, Baylis nonetheless represented the

---

online version showing the actual party names. As is apparent from comparison of the two, the plaintiff referred to as "B" in the translated version is Mr. Baylis. Further, Valve has applied bates numbers to the translated version to allow the Court to more easily reference Valve's citations but notes that there are no page numbers in the original.

[4] Baylis appealed that judgment, and leave to appeal was denied on October 29, 2018, with the trial court judgment upheld in full. Harrison Decl., Ex. E.

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

opposite in his deposit with his application for copyright registration with the U.S. Copyright Office, in which Baylis applied for copyright ownership of the entire film. Harrison Decl., at Ex. A. Specifically, in applying to the Copyright Office, Baylis misrepresented that, contrary to the Finnish court's ruling, he is a joint author of *Iron Sky*. *Id.* In his deposit with the Copyright Office, Baylis did not disclose the existence of the Finnish court proceedings or that the Finnish court had already ruled that Baylis is not an author and holds no copyright interest in *Iron Sky* or in any of the animation or models used in *Iron Sky*. Based on his deceptive application, the Copyright Office issued Baylis copyright registration number PA0002432422 as a joint author of the film *Iron Sky*. *Id.* at Ex. A.

In his Registration, Baylis also lists 11 other coauthors. *Id*. The Registration also cites a preexisting copyright registration, Registration number PAU003472052, for the motion picture screenplay. That copyright registration is not held by Baylis. It is dated May 23, 2008 and is held by the screenplay author, Johana Sinislao. Harrison Decl., Ex. F. Baylis does not allege that he obtained that copyright, or any license to it, from Ms. Sinislao or Blind Spot Pictures.

Baylis' exclusion of the Finnish court judgment was not a negligent omission. Nor was it because he somehow forgot the outcome of the case he brought six years prior. Rather, Baylis' own contemporaneous online postings demonstrate he was very much aware of the importance and effect of the decision and strongly disagreed with it. Immediately after the Finnish decision, the Hollywood Reporter produced a story excerpting the result of the case. Harrison Decl., Ex. G. Baylis then began an online tirade about the decision. On March 1, 2019, for instance, in response to a law firm's online excerpt of the decision on its website, Baylis posted comments noting that "I was lead plaintiff in the case," asserting that "the courts ignored evidence" and claiming the judgment "is an inept and shameful ruling by Finnish Courts." Harrison Decl., Ex. H at p. 4 of 13. He then went on to assert that both the attorney who wrote the article and the court itself were acting "falsely or speciously." *Id.* at

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

p. 5 of 13. In fact, Baylis was still continuing to complain about the Finnish judgment at the time he received his 2023 copyright registration, asserting the case "is full of errors and absurdities" and that '[t]he court deliberately misreads chapter 17 of the Finnish judicial code" and goes on to cite by paragraph number some of the very decisions he disagrees with. Harrison Decl., Ex. I at p. 2 of 7. Yet he made no mention of that case and its outcome in his application for copyright registration in this country.

Because Baylis included inaccurate information in his copyright registration, and because he did so knowing that the information was false, Valve now brings this Motion to Refer pursuant to 17 U.S.C. § 411(b)(2), requesting that the Court seek the Register's determination of whether it would have granted Baylis' copyright registration if it had known of Baylis' misrepresentations and of the Finnish court decision.

### III. ARGUMENT

**A. The Copyright Act Mandates that the Court Request the Register of Copyright's Advice Regarding the Effect of Inaccurate Information in a Copyright Application.**

A valid copyright registration is a precondition for a copyright infringement lawsuit under the U.S. Copyright Act. 17 U.S.C. § 411(a). But "an infringement plaintiff cannot satisfy this precondition by duping the Copyright Office into issuing a certificate of registration based on a false claim of copyright ownership." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 622 (7th Cir. 2013). To prevent plaintiffs from abusing the registration process in this way, the Copyright Act allows for the invalidation of registrations obtained by knowing misrepresentations of material facts. *See* 17 U.S.C. § 411(b)(1)(A)-(B). Section 411(b)(1) specifically provides that a registration will not support an infringement action if (1) the registrant included "inaccurate information . . . on the application for copyright registration with knowledge that it was inaccurate;" and (2) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* Courts need not accept a copyright holder's claim of lack of knowledge. *Unicolors, Inc.*
MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

*v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 187, 142 S. Ct. 941, 948, 211 L. Ed. 2d 586 (2022). Circumstantial evidence may be enough to lead a court to find that an applicant was actually aware of or willfully blind to the inaccurate information. *Id.*

Before the Court can conclude that a copyright registration is invalid, pursuant to 17 U.S.C. § 411(b)(2) it must request advice from the Register regarding the effect of the inaccuracy:

> In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C § 411(b)(2). Congress created this procedure to ensure that courts consider the "input of the Register as to whether the application was properly filed," which the Register is mandated to provide. *DeliverMed Holdings*, 734 F.3d at 623-24 (quoting Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 10-11). This mandatory referral is triggered by the allegation of the opposing party that (1) inaccurate information was submitted to the copyright office, and (2) the inaccurate information was submitted with knowledge that it was false. *See, HealtheState, LLC v. United States*, 160 Fed. Cl. 91, 95 (2022); *SellPoolSuppliesOnline.com LLC v. Ugly Pools Az. Inc.*, No. CV-15-01856-PHX-BSB, 2017 WL 6420464, at *9 (D. Ariz. June 9, 2017) ("[C]ourts that have considered § 411(b) agree that when there is a question regarding the accuracy of the information contained in a registration, the court's referral of the matter to the Register of Copyrights under § 411(b)(2) is mandatory.") (collecting cases).

**B.  Referral to the Copyright Office is Required due to Baylis' Knowing Misrepresentation on his Copyright Application.**

Referral to the Register in this case is mandatory because Valve has alleged the required elements under Section 411(b)(2) – *i.e.*, that Baylis submitted inaccurate information

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

on his registration application and that he did so knowingly.[5] As a plaintiff who initiated and participated in the Finnish court action, Baylis cannot credibly deny that he had knowledge of the Finnish court's ruling that he is not a joint author and holds no copyright in *Iron Sky*. Despite being aware of the Finnish court ruling, Baylis nonetheless knowingly misrepresented the opposite in his application to the U.S. Copyright Office – *i.e.*, he represented that he is a joint author in *Iron Sky* and that he is entitled to hold a copyright to *Iron Sky*. Having alleged that Baylis knowingly submitted this inaccurate information on his application, referral is mandatory under 17 U.S.C. § 411(b)(2). *DeliverMed Holdings*, 734 F.3d at 623-24.

Pursuant to U.S. law and the Berne Convention (of which Finland is a member[6]), the Finnish court decision regarding Baylis' copyright ownership is determinative because Finland is the country with the closest relationship to the work. *See, e.g.*, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90 (2d Cir. 1998) (under principle of national treatment set forth in the Berne Convention and Universal Copyright Convention, the law of the country that has the closest relationship to the work will apply to determine copyright ownership; applying Russian law to determine ownership of a work created in Russia); *Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(EX), 2018 WL 4742289, at *6 (C.D. Cal. Aug. 15, 2018) (copyright ownership is decided according to the law of the country which has the closest relationship to the work). As a member of the Berne Convention, the United States must honor the Finnish court's holding. *Itar-Tass Russian News Agency*, 153 F.3d at 89-90.[7] Thus, the Finnish court's ruling that

---

[5] Referral may be ordered *sua sponte* or a party may raise the issue by motion. Where "the movant *alleges* the type of inaccuracy described in § 411(b)(1)," as here, "the statute expressly provides that a court's duty to refer questions to the Register is triggered." *HealtheState*, 160 Fed. Cl. at 95 (emphasis in original).

[6] The Court may take judicial notice of the fact that Finland has ratified the Berne Convention. *See, e.g.,* United Nations Treaty Collection, https://treaties.un.org/Pages/showDetails.aspx?objid=0800000280115ec9  (listing all countries that have ratified the Berne Convention).

[7] To the extent Baylis later attempts to argue that the Finnish court ruling is not determinative, he is simply wrong as a matter of law and fact. His own complaint alleges that *Iron Sky* was produced and created in



Baylis is neither an author nor holds any copyright ownership in *Iron Sky* is determinative, and Baylis' knowing and intentional withholding of that decision created inaccuracy in his copyright deposit.

Valve has made the required showing that (1) Baylis submitted inaccurate information regarding his status as a joint author of *Iron Sky* to the copyright office, and (2) Baylis submitted the information with knowledge that it was inaccurate. *HealtheState*, 160 Fed. Cl. at 95. Thus, this matter must be referred to the Register of the Copyright Office to advise the Court if it would have refused to grant Baylis' copyright registration had it known that a Finnish court found that, contrary to Baylis' misrepresentations, Baylis is neither a co-author nor copyright holder of *Iron Sky*.

**C.    The Case Should be Stayed Until Receipt of the Register's Response.**

Given the significant impact the Register's response will have on this case, it is appropriate to stay all proceedings from the date of filing of this Motion until receipt of the Register's response. If the Register responds that it would have denied Baylis' U.S. copyright registration, Valve will immediately seek dismissal of Baylis' infringement claims as a matter of law.

Ownership is a required element for a copyright claim. *See, e.g.*, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, (1991) (copyright infringement plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"). If the Copyright Office finds that Baylis' U.S. copyright registration is invalid, then Baylis will not be able to establish ownership of a valid copyright under the U.S. Copyright Act. *See, e.g.*, *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1057, 1059-60 (N.D. Cal. 2022) ("Because Logan fails to plead the copyright registration of the photos at issue, the Court dismisses his direct copyright infringement claim."). Nor will Baylis be able to establish foreign ownership of a copyright, as the only other applicable

---

Finland and that Baylis' work on *Iron Sky* occurred in Finland under Finnish work training agreements. Dkt. 25 at ¶¶ 33-41.

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 9



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

jurisdiction, Finland, has determined that Baylis is neither an author nor holds a copyright in *Iron Sky*. Baylis' copyright infringement claims therefore will fail as a matter of law. It would be a waste of the Court's and the parties' resources to continue proceedings related to Baylis' claims for copyright infringement if those claims will be subject to dismissal upon the Register's determination that Baylis was not entitled to his U.S. copyright registration. In the interest of preserving these resources, these proceedings should be stayed from the date of filing of this motion until receipt of the Register's response, at which time the Court and parties can assess what additional scheduling actions are necessary.

## IV. CONCLUSION

For the reasons set forth above, Valve respectfully requests that this Court issue a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) to determine whether the inaccurate statements and omissions in Baylis' application, which resulted in Copyright Registration No. PA0002432422, if known, would have caused the Register of Copyrights to refuse registration. Valve further respectfully requests a stay of proceedings pending the referral to the Register.

DATED: April 3, 2024.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
By: */s/ Jeremy E. Roller*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

MOTION TO REFER COPYRIGHT REGISTRATION
QUESTIONS TO THE REGISTER OF COPYRIGHTS AND
FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 3rd day of April, 2024 in Seattle, Washington.

                                        */s/ Kaila Greenberg*
                                        Kaila Greenberg
                                        Legal Assistant

MOTION TO REFER COPYRIGHT REGISTRATION QUESTIONS TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS
No. 2:23-cv-01653-RSM – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250