The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>            Plaintiff, *(pro se)*.<br><br>    v.<br><br>VALVE CORPORATION,<br><br>            Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>April 26, 2024 |

TABLE OF CONTENTS

1. INTRODUCTION ................................................................................................. 1

2. FACTUAL BACKGROUND ................................................................................ 1

3. ARGUMENT ......................................................................................................... 1

    1. Baylis is a joint author of Iron Sky and owns a copyright under U.S.C 17 §106.   1

    2. Originality as in "novelty" is not part of copyright law.   2

    3. Threshold of Originality in European Law   4

    4. Whether Valve uses the term "lack of originality" to denote lack of "original works of authorship?"   6

    5. Baylis can recreate the work in question and other similar works.   8

2. CONCLUSION   9

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

1. **INTRODUCTION**

Under Fed. R. Civ. P. 12((f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Defendants Valve Corporation ("Valve") have asserted in their, Answer and Affirmative Defenses to Baylis' SAC #Dkt. 42 ("Answer") an affirmative defense ("Seventeenth Defense") against copyright infringement under the U.S. Copyright Act. Valve's Seventeenth Defense states, "Baylis' claims may be barred, in whole or in part, because the works alleged are not copyrightable for lack of originality." (Answer. #Dkt. 42. p 17). This Court should STRIKE Valve's "Seventeenth Defense" as it is, insufficient, impertinent, redundant and cannot succeed at trial.

2. **FACTUAL BACKGROUND**

Plaintiff "Baylis" is a joint author and lawful copyright owner of the amateur film production Iron Sky which was first published in Germany 2012. (¶¶ 3-4, 33-35, 89-91.)[1] Baylis was receiving just unemployment benefits for a large part of the production (¶¶ 82-83,) and thus maintains copyright ownership to his work. (¶¶ 41-42, 85.)

Baylis had previously attempted to resolve licensing issues with Producers under the premise of a "salary review" but was sacked instead, and this led to Baylis v Troll VFX Case no. L 15/32468 in Finland. (¶ 102.) Whereby, Baylis proved his authorship of Iron Sky and competence as an animator to Judge Oskar Kulmala. (¶ 129.) Valve have infringed Baylis' exclusive rights under USC 17 §106. Dkt. #25 at Pages11-33.

3. **ARGUMENT**

  1. **Baylis is a joint author of Iron Sky and owns a copyright under U.S.C 17 §106.**

Baylis has claimed he is a copyright owner to his work related to Iron Sky due to him

---

[1] "¶" citations are to Second Amended Complaint ("SAC") Dkt. #25 unless otherwise indicated.

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 1

creating the work as an actual joint author and his name being on the work. (¶¶ 82-92.)

U.S.C 17 §101 defines motion pictures as, "audiovisual works consisting of a series of related images which, when shown in succession, impart an impression of motion..." An animator such as Baylis on a film like Iron Sky where the visual aspects of the film are important, requires him to do just that. In Aalmuhammed v. Lee, 202 F.3d 1227, 1232 (9th Cir. 2000) Judges accepted the plausibility of an animator as a joint author of a film, "Where the visual aspect of the movie is especially important, the chief cinematographer might be regarded as the author. And for, say, a Disney animated movie like "The Jungle Book," it might perhaps be the animators..." Aalmuhammed v. Lee, 202 F.3d 1227, 1232 (9th Cir. 2000).

### 2. Originality as in "novelty" is not part of copyright law.

Valve's Seventeenth Defense claims, "works alleged are not copyrightable for lack of originality". However, originality as in "novelty", which is what Valve seems to be alluding to, is not part of copyright law as such. Instead the "threshold of originality" in copyright law relates to "original works of authorship." For instance if originality as in "novelty" were a requirement for copyright then no authorised derivative work under USC 17 §103 could ever obtain copyright such as, a translation of a novel from Spanish to French. Nor could a history writer copyright the expressive writing or arrangements in their own history book as they would have to rely on the books and other recorded documents of other historians to be able to write about history themselves.

As mentioned in Feist Publications, Inc. v. Rural Tel. Service Co, "In the United States The 1976 Act explains that copyright extends to "original works of authorship," 17 U.S.C. § 102(a), and that there can be no copyright in facts, § 102(b). A compilation is not copyrightable per se, but is copyrightable only if its facts have been "selected, coordinated, or

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEQVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 2

arranged in such a way that the resulting work as a whole constitutes an original work of authorship." § 101 (emphasis added)."

Feist Publications, Inc. v. Rural Tel. Service Co., 499 U.S. 340, (1991)

      Additionally, as mention in, Thaler v. Perlmutter, "the understanding that "authorship" is synonymous with human creation has persisted even as the copyright law has otherwise evolved. The immediate precursor to the modern copyright law-the Copyright Act of 1909-explicitly provided that only a "person" could "secure copyright for his work" under the Act. Act of Mar. 4, 1909, ch. 320, §§ 9, 10, 35 Stat. 1075, 1077. Copyright under the 1909 Act was thus unambiguously limited to the works of human creators. There is absolutely no indication that Congress intended to effect any change to this longstanding requirement with the modern incarnation of the copyright law. To the contrary, the relevant congressional report indicates that in enacting the 1976 Act, Congress intended to incorporate the "original work of authorship" standard "without change" from the previous 1909 Act. See H.R. REP. NO. 94-1476, at 51 (1976).

Thaler v. Perlmutter, Civil Action 22-1564 (BAH), 10 (D.D.C. Aug. 18, 2023)

      As further mentioned in Thaler v. Perlmutter, an original work of authorship is derived from a "natural person" the human creator, and is a product of their intellectual invention,

      "The human authorship requirement has also been consistently recognized by the Supreme Court when called upon to interpret the copyright law. As already noted, in Sarony, the Court's recognition of the copyrightability of a photograph rested on the fact that the human creator, not the camera, conceived of and designed the image and then used the camera to capture the image. See Sarony, 111 U.S. at 60. The photograph was "the product of [the photographer's] intellectual invention," and given "the nature of authorship," was

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 3

deemed "an original work of art . . . of which [the photographer] is the author." Id. at 60-61. Similarly, in Mazer v. Stein, the Court delineated a prerequisite for copyrightability to be that a work "must be original, that is, the author's tangible expression of his ideas." 347 U.S. 201, 214 (1954). Goldstein v. California, too, defines "author" as "an 'originator,' 'he to whom anything owes its origin,'" 412 U.S. at 561 (quoting Sarony, 111 U.S. at 58). In all these cases, authorship centers on acts of human creativity.

Thaler v. Perlmutter, Civil Action 22-1564 (BAH), 10-11 (D.D.C. Aug. 18, 2023)

Therefore, Originality as in "novelty" which is what Valve seems to be alluding to is not part of copyright law. Instead the "threshold of originality" in copyright law relates to "original works of authorship."

### 3. Threshold of Originality in European Law

In previous foreign litigation regarding Iron Sky there has not been an actual dispute about the works in this case being created by Baylis jointly with others as the film's Producers and Director conceded Baylis's role in the creating the film, and Baylis has demonstrated his Iron Sky works to Judge Oskar Kulmala in Baylis v Troll VFX wherein Judge Kulmala confirm Baylis authorship of the works. See Baylis Decl., Ex. C. at Baylis_11 #Dkt 46. Baylis's authorship rights are inalienable rights and cannot be denied even by a Judge in the European Union under Berne Convention Article 6bis, as Baylis always has the right to claim authorship of the works under droit d'auteur (Authors Rights) traditions of copyright.

In the EU the minimum requirement regarding the threshold of originality is harmonised from Painer C-145/10 wherein, there was a question of whether the scope of copyright is "narrower" for generic school portrait photographs than for other more creative works. On 12 April 2011, Advocate General Trstenjak delivered her Opinion wherein it states,

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 4

123. Other criteria are expressly irrelevant, as the second sentence of Article 6 of Directive 93/98 and of Directive 2006/116 makes clear. **A certain degree of artistic quality or novelty are not therefore required**. The purpose of the creation, expenditure and costs are also immaterial. [Emphasis added]
(OPINION OF MS TRSTENJAK — CASE C-145/10)

Therefore even under EU law originality as in "novelty" is not a criteria or requirement for a work to be protected by copyright law. The threshold of originality is very low, and comparable to he holdings of *Feist* and *Sarony* in the United States.

124. Accordingly, the requirements governing copyright protection of a photo under Article 6 of Directive 93/98 and of Directive 2006/116 are not excessively high. (51) If this criterion is applied, a portrait photo may be protected by copyright under Article 6 of Directive 93/98 and of Directive 2006/116 where the work was produced by the photographer as a result of a commission. Even though the essential object of such a photo is already established in the person of the figure portrayed, a photographer still enjoys sufficient formative freedom. The photographer can determine, among other things, the angle, the position and the facial expression of the person portrayed, the background, the sharpness, and the light/lighting. To put it vividly, the crucial factor is that a photographer 'leaves his mark' on a photo.
(OPINION OF MS TRSTENJAK — CASE C-145/10)

An animator such as Baylis often creates works that go well beyond "sufficient formative freedoms" comparable to that of a school portrait photographer in Painer C-145/10 because Baylis creates the subject matter of is work himself from an empty void (Autodesk Maya 3D scene interface) based on his own innumerable, formative freedoms to stamp his work with personal touch (the touch of an animator). An artist and animator such as Baylis with decades of experience in the creative industry can create vast amounts of copyrightable material and animated narrative scenes for films and other audiovisual productions. The subject matter that Valve claims to be "lacking originality" is a science fiction film, Iron Sky where half the film contains 3D animated elements, and sometimes Baylis' work takes up most of the screen such as demonstrated in many of the images in is SAC #Dkt. 25. Therefore, Baylis is a joint author of the whole film Iron Sky as well as for animated scenes and 3D models within the film.

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 5

**4.     Whether Valve uses the term "lack of originality" to denote lack of "original works of authorship?"**

If in the alternative, it is the case Valve uses the term "lack of originality" to denote lack of "original works of authorship" rather than "novelty" then their defense would still fail because the fact that the work exists means that someone a "natural person" brought it into existence by fixing it into a tangible medium of expression. This is exactly what Baylis has done himself regarding his Iron Sky work, even though the "idea" of the film came from elsewhere. "Ideas" cannot be owned by anyone and are not subject to copyright themselves Thus, even if a client commissioned an artist and provided that artist with concepts and instructions it would still be the commissioned artist that is the author of the resulting "fixed expression" and for that reason, the resulting works Baylis has created are "original works of authorship" because Baylis is a party who translates ideas into a fixed, tangible expression as part of his professional career since the 1980s. There is no justifiable reason that this somehow wouldn't be the case for his work on Iron Sky. Baylis was asked to create high quality creative works for Iron Sky and he did just that, which also laid the foundation for others of the animation team to create further scenes and animations works utilizing his works as joint authors of Iron Sky and together the team won an AACTA award (The Australian Academy of Cinema and Television Arts Awards) for best visual effects for Iron Sky in 2012. Baylis was a lead member of that team and his name at the top of the list of VFX artists in the Iron Sky film Credits **Baylis MTS Decl., at Ex. A.**

The issue of who owns the copyright in a commissioned work was litigated in the United States in Johannsen v. Brown, 797 F.Supp. 835 (D.Or. 1992). Steve Johannsen was commissioned to create an illustration "American Relics" by Relix magazine for the cover of

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 6

the Grateful Dead anniversary issue. Later, a dispute arose and Johannsen sued for copyright infringement. Les Kippel ("Kippel") the co-owner of Relix magazine claimed he was a joint author (and thus joint copyright owner) of the illustration because it was his idea to use skeletons in the illustration and he chose the title and the theme, (a parody of Grant Wood's famous painting "American Gothic") and he also specified "all details, including colours, hair style, jewelery and the substitution of a guitar for the pitchfork."

However the court ruled that Johannsen was the sole copyright author, stating, "an author is a party who translates an idea into a fixed, tangible expression."
"[a] person who merely describes to an author what the commissioned work should. . . look like is not a joint author for purposes of the Copyright Act." Id. at 1087. Kippel's conception of the idea behind "American Relix" is insufficient, as a matter of law, to make him a joint author of the work. See 17 U.S.C. § 102(b) (copyright protection for an original work of authorship does not extend to any idea or concept "regardless of the form in which it is described, explained, illustrated, or embodied in such work").
Johannsen v. Brown, 797 F. Supp. 835, 842 (D. Or. 1992)

Therefore, even if Valve uses the term "lack of originality" to denote lack of "original works of authorship" rather than "novelty" then their defense would still fail because Baylis a "natural person" brought the work into existence by fixing it into a tangible medium of expression and that makes him an author under international laws regarding his Iron Sky work even though the "idea" of the film came from elsewhere especially as he was unemployed during a large part of the production (¶¶ 82-85) and there are no US style "Work for hire" contracts related to Iron Sky from Baylis to anyone.

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 7

**5.     Baylis can recreate the work in question and other similar works.**

Baylis is a high-end professional 3D artist and animator with decades of experience. He was the oldest member of the Iron Sky team and has vast amount of experience in professional productions and projects from working in some of the world's leading creative agencies in London before he moved to Finland. Baylis has emailed Valve's representatives on the 29th of March 2024 and offered to demonstrate original Iron Sky works (Maya files) via a shared Zoom 'Meet and Confer' **MTS Decl., at Ex. B.** in order to facilitate a more economic resolution of the dispute but Valve has not accepted that offer and indicated to Baylis verbally during the resulting meet and confer on Thursday April 4 that Valve are not interested in such a demonstration. Never the less, if Baylis were called upon to demonstrate his work as he did so in Baylis v Troll VFX or even reconstruct Iron Sky works from scratch given the time to do so, and as he has done so, even with his Iron Sky works during the film production, and when creating a 3D print ready Valkyrie craft SAC  #Dkt 25 page 26 and #Dkt 44. Harrison Decl., Ex. D, at Valve_016, ¶106; or he could demonstrate other similar works, then it is a small effort for him to do so, even for other works by Baylis known of in Finland, such as referred to by Petri Gunther in, #Dkt. 44, Harrison Decl., Ex. H at p. 2-3 of 13, **which are also Baylis' works "Trevi Tyger cartoons" (See Baylis MTS Decl., at Ex. C.** Tekijänoikeusneuvosto TN 2018:12, and **Baylis MTS Decl., at Ex. D.** Trevi Tyger Character Manual (mentioned in TN 2018:12)**.**

> "Similar issues were also recently discussed in connection with animations. The Finnish Copyright Council (Tekijänoikeusneuvosto) held, in connection with its statement (Statement 2018:12) on 3D animations and copyright in animation characters, that original drawings, i.e. expressions (fixation) of those characters, may be protected as 'works';" (Petri Gunther, Kluwer Copyright Blog: Finnish court rules on copyright in the film 'Iron Sky')

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 8

## 2.     CONCLUSION

Given the forgoing this court should grant this motion to strike because such a defense from Valve is insufficient, impertinent, redundant and cannot succeed at trial, not to mention it would send shock-waves through the entire creative industry, negating vast amounts of valuable copyrights including for Valve's own animation employees, and for other professionals who are authors under copyright law similar to Baylis, in games, films and other productions if this court would countenance a defense that if taken seriously, would have the potential effect of negating copyright for many if not all 3D animations in science fiction films, and imaginary space craft, and thus such works would enter the public domain and would lose their economic value for authors and corporations throughout the United States including Valve Corporation.

I certify that this memorandum contains 2767 words, in compliance with the Local Civil Rules.

12th April 2024

Trevor Kevin Baylis

*[signature: Trvr Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM

Page 9

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 12th April 2024 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Dated: 12th April 2024

*Trevor Baylis* (signature)

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S
SEVENTEENTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS'
SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM