The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>    Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>    Defendant. | No. 2:23-cv-01653-RSM<br><br>**REPLY IN SUPPORT OF MOTION TO REFER COPYRIGHT REGISTRATION QUESTIONS TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS**<br><br>NOTED ON MOTION CALENDAR:<br>**April 19, 2024** |

## I. INTRODUCTION

Baylis' Response to Valve's Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings ("Response") and the exhibits to his declaration conclusively demonstrate that he knowingly included inaccurate information in his application for copyright registration. In light of his Response and the undisputed facts set forth in Valve's Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay ("Motion"), the Court's referral of the matter to the Register of Copyrights is mandatory. In addition, Baylis' Response does not oppose Valve's request for

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

an immediate stay, and Valve respectfully requests that a stay be granted, particularly in light of Baylis' numerous meritless filings with this Court.

Baylis' declaration in support of his Response shows that on September 26, 2023, the United States Copyright Office emailed him for additional information regarding his application for copyright registration. Dkt. No. 49-2 (Declaration of Trevor Baylis, Ex. B). The Copyright Office directly asked Baylis about the basis of his alleged ownership, explaining that in the context of motion picture copyrights "[t]he claimant is the person(s) or organization that owns all rights in the motion picture" and requesting that he "reply and give us complete and accurate authorship information." *Id.* at BAYLIS_1.

In response to these direct questions regarding the validity of his copyright claim, rather than provide the Finnish court decision (the "Judgment") expressly determining he had not created any copyrightable work and held no copyright to the *Iron Sky* movie, Baylis instead responded to the Copyright Office:

> **I do have a high degree of erudition regarding copyright law and I understand your quandary about work for hire regarding films in general.**

And he and went on to misrepresent that:

> **[T]he application I have made is as accurate as it can be (other that [*sic*] the band Laibach which has now been excluded).**

*Id.* (emphasis added). Nowhere did Baylis mention the Judgment, or even acknowledge its existence.[1]

Baylis' Response does not dispute that Valve has alleged the elements required for referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2). Nor does Baylis deny that when he applied for a U.S. copyright in the entire film *Iron Sky*, he was fully aware that a

---

[1] Notably, Baylis' Exhibit B refers to other correspondence between him and the Copyright Office, which he has not provided to the Court in his filings (or to Valve at all).

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Finnish court had already ruled against him on his copyright ownership claims and that he omitted that information from his copyright application.

Instead of denying his misrepresentations and omissions, Baylis devotes his Response to his disagreement with the Judgment, which only highlights Baylis' knowing and egregious behavior. The Judgment ruled conclusively that Baylis holds no copyright in *Iron Sky*. Baylis knowingly failed to apprise the Copyright Office of the Judgment, despite it being directly responsive to the Copyright Office's inquiry. Because these facts are not in dispute, referral to the Register of Copyrights is mandatory.

## II.   FACTS

Baylis emailed with U.S. Copyright Office Supervisory Registration Specialist, Saskia Florence ("Florence") as part of his copyright application process. Dkt. 49 at ¶ 2; Dkt. No. 49-2 at BAYLIS_1. In response to Baylis' application, Florence asked about other co-authors of *Iron Sky*, explaining that films usually have multiple authors, such as producers, directors, writers, camera operators, editors, etc. *Id.* She explained that if the authors' work were a work for hire, then Baylis should provide the name of the employer, as the employer could be the legal copyright owner. *Id.* She further explained that if the authors' work was not made as a work for hire, then Baylis should provide the names and roles of all the other authors. *Id.* She stated that the Copyright Office was seeking from Baylis "complete and accurate authorship information" and explained to him that the claimant for the application should be "the person(s) or organization that owns all rights in the motion picture." *Id.*

In response, Baylis did not even mention the Finnish court's determination that neither he nor the other animators own any copyright in *Iron Sky*. Instead, Baylis directly misrepresented that his application was "as accurate as it can be." *Id.* at BAYLIS_2. He then offered his own analysis and interpretation of what he believes copyright law should be and concluded, based on his own interpretation and directly contrary to the Judgment, "***Thus the 3D artist remain [sic] authors of the film to complete the chain of title!***" *Id.* at BAYLIS_3.



(emphasis in original). Based on Baylis' misrepresentations and omissions, Florence approved Baylis' copyright registration for *Iron Sky*. *Id.* at BAYLIS_4.

### III.   ARGUMENT

**A.  Baylis Does Not Contest That He Knowingly Failed to Disclose the Adverse Judgment to the Copyright Office.**

Baylis does not dispute that referral to the Register of Copyrights is mandatory if Valve has alleged that (1) Baylis submitted inaccurate information to the Copyright Office (*i.e.*, the material omission of the Judgment), and (2) the inaccurate information was submitted with knowledge that it was false (*i.e.*, Baylis was fully aware of the existence of the Judgment when he failed to submit it to the Copyright Office). *See, SellPoolSuppliesOnline.com LLC v. Ugly Pools Az. Inc.*, No. CV-15-01856-PHX-BSB, 2017 WL 6420464, at *9 (D. Ariz. June 9, 2017) ("[C]ourts that have considered § 411(b) agree that when there is a question regarding the accuracy of the information contained in a registration, the court's referral of the matter to the Register of Copyrights under § 411(b)(2) is mandatory.") (collecting cases).

Baylis does not dispute that Valve has alleged these factors. Nor does Baylis dispute that he failed to inform the Copyright Office of the Judgment or that he was fully aware of that ruling when he omitted it from his registration application. To the contrary, his Response provides further evidence of his knowing and intentional misrepresentations. Flouting the Copyright Office's request for "complete and accurate" information regarding authorship of *Iron Sky*, Baylis omitted any mention of the Judgment that determined that Baylis and the other animators' work on *Iron Sky* was <u>not</u> sufficient to qualify for copyrights in either the film or the animated works in the film. Dkt. 49 at ¶ 2, Dkt. No. 49-2 at BAYLIS_1-4. Instead, despite being fully aware of the Judgment, Baylis provided the Copyright Office with only his own interpretation of copyright law, which directly contradicts the Judgment – *i.e.*, Baylis' disproven belief that the animators on *Iron Sky* "remain authors of the film to complete chain of title." *Id.* at BAYLIS_3.

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 4



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Rather than dispute the core issue – his omission of the Judgment from his application and correspondence with the Copyright Office – Baylis' Response merely offers irrelevant arguments about his own personal disagreement with the Judgment. Response at 4-9. Baylis' disagreement with the Judgment does not excuse his failure to disclose it in his copyright application or his correspondence with the Copyright Office. Whether or not he agrees with it, the decision is final[2], and pursuant to the Berne Convention, is determinative and must be honored in the United States. *See* Motion at 8.

Baylis' claim that the Finnish decision does not address moral rights is likewise unavailing, irrelevant and misapprehends U.S. law. While the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A ("VARA") recognizes some limited moral rights in certain enumerated visual arts, it expressly excludes motion pictures from moral rights protection. *See, e.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (motion pictures are specifically excluded from moral rights protection). The issue of moral rights is a red herring and irrelevant to Baylis' U.S. copyright application. Baylis cannot, as a matter of law, claim U.S. copyrights in the film *Iron Sky* on the basis of moral rights. And the Copyright Office could not and did not grant registration on that basis.

Notably, Baylis <u>does</u> agree that Finnish court decisions should be considered in his copyright application. However, Baylis would have the Court believe that the Copyright Office should be informed of dicta in his Finnish unemployment proceedings and be misled about the existence of his Finnish copyright proceedings. Response at 10 ("In regards to 'res judicata effect to foreign judgments on the basis of comity', A [*sic*] US court should give credence to Judge Kulmala in Baylis v. Troll VFX L 15/32468 . . . ."). Baylis' argument that a partially-quoted unemployment proceeding could provide the Copyright Office with better

---

[2] Baylis appealed the judgment, and leave to appeal was denied on October 29, 2018, with the trial court judgment upheld in full. Dkt. 44-5 (Declaration of Jonah Harrison, Ex. E).

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 5



guidance than the Judgment (which directly addressed Baylis' copyrights in *Iron Sky*), and that he has the right to determine which information the Copyright Office receives is disingenuous and wrong. The Copyright Office is entitled to all material information relating to Baylis' application for a U.S. copyright in *Iron Sky*. This is particularly true for the final adverse Judgment, decided upon a full evidentiary record in a proceeding in which Baylis participated, that found that Baylis holds no copyright in *Iron Sky* or in its animated parts. Baylis' argument to the contrary merely highlights the intentionality of his actions.

### B. Baylis Does Not Contest the Request for a Stay

Baylis does not oppose Valve's request for a stay. As discussed in Valve's Motion, a stay is appropriate given the significant impact the Register's response will have on this case and the likelihood that the Register's response will lead to a dismissal. Since Valve filed its Motion, the need for a stay pending the Register's response has become more acute. Over the last two months, Baylis has served (and filed with this Court) five (5) separate sets of Requests for Admission on Valve containing a total of 36 requests, many of them for admission of legal conclusions. *See* Dkt. Nos. 27, 28, 31, 37 and 38. And since Valve filed the Motion, Baylis has also filed two separate meritless Motions to Strike within days of each other. Dkt. Nos. 47 and 50. Baylis will continue to flood Valve and the Court with motions and discovery and needlessly waste judicial and party resources unless this matter is stayed pending the Register's response. While Valve may later choose to address these actions through requests for relief under 28 U.S.C. § 1927 and potentially Fed. R. Civ. P. 11, at this time, the unopposed stay Valve has requested would save judicial and party resources.

### IV. CONCLUSION

For the reasons set forth above and in Valve's Motion, Valve respectfully requests that this Court issue a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) to determine whether the inaccurate statements and omissions in Baylis' application, which

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 6



resulted in Copyright Registration No. PA0002432422, if known, would have caused the Register of Copyrights to refuse registration. Valve further respectfully requests an immediate stay of proceedings pending the referral to the Register and its determination thereof.

*I certify that this memorandum contains 1,821 words, in compliance with the Local Civil Rules.*

DATED: April 19, 2024.

**ARETE LAW GROUP PLLC**

By: /s/ *Jonah O. Harrison*
By: /s/ *Jeremy E. Roller*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 19th day of April, 2024 in Seattle, Washington.

/s/ *Kaila Greenberg*
Kaila Greenberg
Legal Assistant

REPLY IN SUPPORT OF MOTION TO REFER
No. 2:23-cv-01653-RSM – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250