The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

        Plaintiff,

   v.

VALVE CORPORATION,

        Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT**

     Defendant Valve Corporation ("Valve") answers Plaintiff Trevor Baylis' ("Baylis")

Complaint as follows. All allegations not expressly admitted are denied.[1]

## 1.  INTRODUCTION

    1.       No response to this paragraph is required.

---

[1] Valve notes that its Answer mirrors the formatting and heading conventions Baylis employs in his Second Amended Complaint, which contains sections without any allegations to which Valve can respond. Valve is nonetheless following Baylis' format to facilitate the Court's review and ability to track Valve's responses to the allegations it can answer. To the extent that Baylis' headings themselves constitute allegations, Valve denies them.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## 2.  THE PARTIES TO THIS COMPLAINT

**A.  Plaintiff**

2.  Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 regarding the city of Baylis' residence and therefore denies them.

3.  Valve lacks information or knowledge sufficient to form a belief as to Baylis' citizenship and residence and therefore denies the same. Valve denies the remaining allegations of Paragraph 3.

4.  Valve admits that the Copyright Office registration number provided purports to list Baylis as a joint author of the motion picture Iron Sky but denies the registration is valid.

**B.  Defendant**

5.  Valve denies that it is also known as ValveSoftware. Valve admits the remaining allegations of Paragraph 5.

## 3.  NATURE OF CLAIM

6.  Valve denies the characterization of its business model as set forth in Paragraph 6. Valve further answers that Paragraph 6 constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations in this paragraph.

7.  Valve denies the allegations of Paragraph 7.

8.  Valve denies the allegations of Paragraph 8.

9.  Valve denies the allegations of Paragraph 9.

10.  Valve denies the allegations of Paragraph 10.

11.  Valve denies the allegations of Paragraph 11.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**4.  QUESTIONS PRESENTED**

12.     Paragraph 12 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

13.     Paragraph 13 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

14.     Paragraph 14 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

15.     Paragraph 15 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

16.     Paragraph 16 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

17.     Paragraph 17 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

18.     Paragraph 18 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

19.     Paragraph 19 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

20.     Paragraph 20 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

21.     Paragraph 21 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

22.     Paragraph 22 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

23.     Paragraph 23 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

24.     Paragraph 24 constitutes a question seeking a legal conclusion to which no answer is required. To the extent any response is required, Valve denies the allegations in this paragraph.

### 5.  JURISDICTION AND VENUE

25.     Valve denies the allegations of Paragraph 25.

26.     Valve answers that Paragraph 26 appears to be Baylis' characterization of his claims and requires no response.

27.     Valve admits this Court has personal jurisdiction for purposes of the claims at issue in this case.  Except as otherwise expressly admitted herein, Valve denies the remaining allegations of Paragraph 27.

28.     Valve denies the allegations of Paragraph 28.

29.     Valve denies the allegations of Paragraph 29.

30.     Valve denies the allegations of Paragraph 30.



## 6.  STATEMENT OF CLAIM

31.     Valve denies the allegations of Paragraph 31.

32.     Valve admits that it has guidelines about the content that can be distributed via Steam and that Valve reviews games to ensure compliance with those guidelines. Except as otherwise expressly admitted herein, Valve denies the remaining allegations of Paragraph 32.

33.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36.     Valve denies the allegations of Paragraph 36.

37.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies them.

40.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies them.

41.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies them.

42.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43.    Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies them.

44.    Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies them.

45.    This paragraph constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations of Paragraph 45.

46.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 46.

47.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 47.

48.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 48.

49.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 49.

50.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 50.

51.    This paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 51.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

52.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies them.

53.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54. Furthermore, this paragraph constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations of Paragraph 54.

55.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies them.

56.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies them.

57.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and therefore denies them.

58.     Valve denies the allegations of Paragraph 58.

59.     Valve denies the allegations of Paragraph 59.

### 7.   IDENTIFICATION OF COPYRIGHTED WORKS ON STEAM

60.     Valve denies the allegations of Paragraph 60.

61.     Valve denies the allegations of Paragraph 61.

62.     Valve denies the allegations of Paragraph 62.

### 8.   IDENTIFICATION OF AND COMPARISONS OF WORKS

63.     Valve denies Baylis is a joint author of the film Iron Sky and denies he shares any interest with other joint authors. Valve lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 63 and therefore denies them.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

64.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies them.

**Exhibits**.

**A.      Iron Sky film version of George W Bush craft.**

65.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

**B.      Iron Sky film version of George W Bush craft main authors.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**C.      Iron Sky film version of George W Bush craft main weapons author.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**D.      Iron Sky film version of George W Bush craft Maya model file.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**E.      Iron Sky film version of George W Bush craft Maya model file meta data.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**F.      Video of construction for main weapons for the George W Bush craft.**

66.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies them.

67.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**G.      Iron Sky George W Bush craft within Iron Sky Invasion Game.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**H.      Iron Sky Invasion version of Iron Sky film George W Bush craft.**

68.      Valve denies the allegations of Paragraph 68.

69.      Valve denies the allegations of Paragraph 69.

**I.      Iron Sky film version of Gotterdammerung craft.**

70.      Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies them.

71.      Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies them.

**J.      Iron Sky film Gotterdammerung craft main authors.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**K.      Iron Sky Gotterdammerung craft within Iron Sky Invasion Game.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**L.      Iron Sky Invasion version of Iron Sky film Gotterdammerung craft.**

72.      Valve denies the allegations of Paragraph 72.

73.      Valve denies the allegations of Paragraph 73.

**M.      Iron Sky Valkyrie UFO.**

74.      Valve denies Baylis holds any joint copyright interest in the works alleged. Valve lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 74 and therefore denies them.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**N.     Iron Sky film Valkyrie UFO craft main authors.**

The above-entitled section of the Second Amended Complaint does not contain allegations to which Valve can respond.

**O.     Non-exhaustive example of scene created by Baylis for the film Iron Sky**

75.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies them.

**P.     Iron Sky park hangar master scene v57**

76.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies them.

**Q.     Iron Sky Invasion Valkyrie UFO**

77.     Valve denies the allegations of Paragraph 77.

78.     Valve denies the allegations of Paragraph 78.

**R.     Iron Sky Australian ship "Dundee."**

79.     Valve denies Baylis holds any joint copyright interest in the works alleged. Valve lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 79 and therefore denies them.

**S.     Iron Sky Invasion Dundee craft**

80.     Valve denies Baylis holds any copyright interest in the works alleged. Valve further denies it is unlawfully distributing Baylis' alleged works. Valve lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 80 and therefore denies them.

81.     Valve denies the allegations of Paragraph 81.

**9.     CHAIN OF TITLE**

82.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies them.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1
2

83.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 and therefore denies them.

3
4
5

84.     Paragraph 84 constitutes legal argument and conclusions to which no response is required.   To the extent any response is required, Valve denies the allegations in this paragraph.

6
7
8

85.     Paragraph 85 constitutes legal argument and conclusions to which no response is required.   To the extent any response is required, Valve denies the allegations in this paragraph.

9
10

86.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies them.

11
12
13

87.     Paragraph 87 constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations in this paragraph.

14
15
16

88.     Paragraph 88 constitutes legal argument and conclusions to which no response is required. To the extent any response is required, Valve denies the allegations in this paragraph.

17
18

89.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies them.

19
20
21

90.     Paragraph 90 contains legal argument and conclusions to which no response is required. Valve lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 90 and therefore denies them.

22
23

91.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies them.

24
25

92.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies them.

26

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## 10. IRON SKY INVASION GAMES ON VALVE CORPS SERVICE PLATFORMS

93.     Valve denies the allegations of Paragraph 93.

**A.      Iron Sky Invasion game play streamed to third party platforms.**

94.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore denies them.

95.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies them.

96.     Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 96 and therefore denies them.

**B.      Other game play videos accessible via Valve's Steam Platform**

97.     Valve admits that game play videos may be available on Steam. Except as otherwise expressly admitted, Valve denies the remaining allegations of Paragraph 97.

98.     Valve denies the allegations of Paragraph 98.

99.     Paragraph 99 constitutes legal argument and conclusions to which no response is required.   To the extent any response is required, Valve denies the allegations of this paragraph.

100.    Paragraph 100 constitutes legal argument and conclusions to which no response is required.   To the extent any response is required, Valve denies the allegations of this paragraph.

101.    Paragraph 101 does not contain an allegation to which Valve can respond.

102.    Valve denies the allegations of Paragraph 102.

103.    Paragraph 103 does not contain an allegation to which Valve can respond.

104.    Valve lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 104 and therefore denies them.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

105.    Valve admits that it took down certain material and that, after receipt of a counter notification, that material once again became available.

106.    Paragraph 106 constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations in this paragraph.

107.    Paragraph 107 constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations in this paragraph.

## 11. CAUSES OF ACTION

### COUNT I

### DIRECT COPYRIGHT INFRINGEMENT UNDER U.S.C. 17 §501

108.    Valve incorporates by reference its responses to paragraphs 1-107, and all exhibits and references to the Complaint (to the extent incorporated into paragraph 108 of the Complaint), as if set forth fully herein.

109.    Valve denies the allegations of Paragraph 109.

110.    Valve denies the allegations of Paragraph 110.

111.    Valve denies the allegations of Paragraph 111.

### COUNT 2

### VICARIOUS COPYRIGHT INFRINGEMENT UNDER U.S.C. 17 §501

112.    Valve incorporates by reference its responses to paragraphs 1-111 and all exhibits and references to the Complaint (to the extent incorporated into paragraph 112 of the Complaint), as if set forth fully herein.

113.    Valve denies the allegations of Paragraph 113.

114.    Valve denies the allegations of Paragraph 114.

115.    Valve denies the allegations of Paragraph 115.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 13

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**COUNT 3**

**MATERIAL MISREPRESNTATIONS UNDER U.S.C. 17 §512 (f)**

116. - 123. Count 3 of the Second Amended Complaint was dismissed on March 20, 2024 by the Order Granting Partial Motion to Dismiss (Dkt. #35) and therefore requires no response. To the extent the Court determines a response is required, Valve denies Paragraphs 116 through 123.

**COUNT 4**

**WILLFUL BLINDNESS UNDER U.S.C. 17 §512 AND U.S.C. 17 §106**

124. – 135.  Count 4 of the Second Amended Complaint was dismissed on March 20, 2024 by the Order Granting Partial Motion to Dismiss (Dkt. #35) and therefore requires no response. To the extent the Court determines a response is required, Valve denies Paragraphs 124 through 135.

**12. RELIEF**

Regarding Paragraphs 136-139, Defendant Valve Corporation denies that Baylis is entitled to any damages or relief in this lawsuit as requested in the Second Amended Complaint or otherwise.

**13. SUMMARY**

140.   Paragraph 140 constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations in this paragraph.

141.   Paragraph 141 constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations in this paragraph.

142.   Paragraph 142 constitutes legal argument and conclusions to which no response is required.  To the extent any response is required, Valve denies the allegations in this paragraph.

DEFENDANT VALVE CORPORATION'S FIRST AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 14

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

143.    Valve denies the allegations of Paragraph 143.  In particular, Baylis has not "conformed with all necessary requirements under Federal Rule of Civil Procedure 11" because he knowingly misrepresented to the United States Copyright Office that he holds a valid copyright for the purposes of obtaining a copyright registration to enable him to bring this suit.

## DEFENSES

Valve disputes each Cause of Action and Claim for Relief in Baylis' Second Amended Complaint. Among other defenses, Valve asserts the following:

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted, including by failing to adequately allege copyright ownership or infringement.

### SECOND DEFENSE

Baylis' claims are barred because Valve has not infringed any of Baylis' alleged copyrights.

### THIRD DEFENSE

Baylis' claims may be barred in whole or part because the allegedly infringing material was created independently.

### FOURTH DEFENSE

Baylis' claims are barred in whole or in part because he lacks standing and/or capacity to bring such claims.

### FIFTH DEFENSE

Baylis' claims for damages may be barred in whole or part because he failed to properly register his alleged works.

### SIXTH DEFENSE

To the extent that any infringement occurred – which Valve denies – any such infringement was not intentional or willful.

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 15

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**SEVENTH DEFENSE**

To the extent Baylis seeks recovery of profits or revenues of Valve arising from its sale or distribution of the video game alleged here, no such profits or revenues were attributable to or can be allocated or apportioned based upon the infringement Baylis alleges.

**EIGHTH DEFENSE**

Baylis' claims are barred, in whole or in part, because his alleged copyrights are invalid and/or unenforceable.

**NINTH DEFENSE**

Baylis' claims may be barred, in whole or in part, because the works alleged are not copyrightable for lack of originality.

**<u>AFFIRMATIVE DEFENSES</u>**

Valve asserts the following affirmative defenses and reserves the right to amend these defenses as additional information becomes available through discovery and otherwise or through further legal analysis of Baylis' allegations, contentions, and positions in this litigation.

**FIRST AFFIRMATIVE DEFENSE**

The Second Amended Complaint is subject to dismissal for Baylis' failure to join necessary and indispensable parties to this action, including, without limitation, copyright holders for the film *Iron Sky,* including *Iron Sky's* production companies and/or the producers of the allegedly infringing video game.



1

**SECOND AFFIRMATIVE DEFENSE**

2   Baylis' claims for damages may be barred in whole or part to the extent Baylis has

3 failed to take reasonable steps to mitigate his alleged damages, including, without limitation,

4 Baylis' failure to institute timely legal action for injunctive relief against the alleged direct

5 infringers of his alleged copyrights.

6

**THIRD AFFIRMATIVE DEFENSE**

7   Baylis' claims are barred, in whole or in part, by his own fraudulent or inequitable

8 conduct including without limitation his fraudulent conduct and misrepresentations used in

9 connection with obtaining a United States copyright registration. In support of its Third

10 Affirmative Defense, Valve incorporates by reference the facts, arguments, and exhibits set

11 forth in Dkt. Nos. 43 (Motion to Refer Copyright Registration Questions to the Register of

12 Copyrights and for Stay of Proceedings), 44 (Declaration of Jonah O. Harrison in Support of

13 Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay

14 of Proceedings), 44-1 through 44-9 (Exhibits to Harrison Declaration), and 52 (Reply in

15 Support of Motion to Refer Copyright Registration Questions to the Register of Copyrights

16 and for Stay of Proceedings).

17

**FOURTH AFFIRMATIVE DEFENSE**

18   Any damage Baylis actually suffered – which Valve denies – was directly and

19 proximately caused and contributed to by acts of parties other than Valve, including, without

20 limitation, videogame developers, *Iron Sky* film producers, and Baylis' employers.

21

**FIFTH AFFIRMATIVE DEFENSE**

22   Baylis' claims may be barred, in whole or in part, because Baylis' alleged work is

23 such an insubstantial portion of the alleged infringing work that they are either *de minimis* or

24 permitted as fair use.

25

26

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 17



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## SIXTH AFFIRMATIVE DEFENSE

Baylis' claims are barred by the doctrines of res judicata and/or collateral estoppel because a prior final court decision in Finland, in which Baylis participated, has already determined after an evidentiary hearing that Baylis holds no copyrights in the film *Iron Sky* or in any of its animated parts. In support of its Sixth Affirmative Defense, Valve incorporates by reference the facts and exhibits set forth in Dkt. Nos. 43 (Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings), 44 (Declaration of Jonah O. Harrison in Support of Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings), 44-1 through 44-9 (Exhibits to Harrison Declaration), and 52 (Reply in Support of Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings).

## SEVENTH AFFIRMATIVE DEFENSE

Baylis' claims may be barred, in whole or in part, by the statute of limitations set forth in 17 U.S.C. §507(b) or by the doctrine of laches as Baylis has failed to timely assert his alleged claims within three years after his alleged claims accrued.

## EIGHTH AFFIRMATIVE DEFENSE

Baylis' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, accord and satisfaction, unclean hands and/or other equitable doctrines including without limitation to the extent Baylis waived or released any claims relating to copyright ownership or authorship in *Iron Sky* in prior proceedings, or to the extent Baylis accepted recovery in prior proceedings as full and complete relief for any claims relating to copyright ownership or authorship in *Iron Sky*, and/or to the extent Baylis affirmatively sought and obtained rulings on issues of his authorship and copyright ownership in the film *Iron Sky* in prior judicial proceedings. In support of its Eighth Affirmative Defense, Valve incorporates by reference the facts, arguments, and exhibits set forth in Dkt. Nos. 43 (Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings),

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

44 (Declaration of Jonah O. Harrison in Support of Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings), 44-1 through 44-9 (Exhibits to Harrison Declaration), and 52 (Reply in Support of Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings).

## PRAYER FOR RELIEF

WHEREFORE, Valve prays for the following relief:

1. That Baylis take nothing by way of the Second Amended Complaint, and that the action be dismissed with prejudice;

2. That the Court award Valve its attorneys' fees and all other costs reasonably incurred in defense of this action to the extent permitted by law, including without limitation by 17 U.S.C. § 505; and

3. That the Court award Valve such other and further relief that it deems just and proper.

DATED:  April 24, 2024.                    **ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 19

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this date I caused true and correct copies of the foregoing

3    document to be served upon the following, at the addresses stated below, via the method of

4    service indicated.

5

6    Trevor Kevin Baylis (*pro se*)                    ☐   E-mail
     Jankanraitti 10 A 4                               ☐   U.S. Mail
7    33560, Tampere                                    ☒   E-filing
     Finland

8

9

10   Dated this 24th day of April, 2024 in Seattle, Washington.

11                                              */s/ Kaila Greenberg*
                                               Kaila Greenberg
12                                             Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT VALVE CORPORATION'S FIRST
AMENDED ANSWER TO PLAINTIFF BAYLIS' SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 20