# EXHIBIT A

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

            Plaintiff,

     v.

VALVE CORPORATION,

            Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S RESPONSES TO PLAINTIFF TREVOR KEVIN BAYLIS'S REQUESTS FOR ADMISSION SET 1**

Defendant Valve Corporation ("Valve"), by and through its counsel of record, provides the following objections and answers to Plaintiff Trevor Kevin Baylis's Request for Admissions Set 1.

**REQUEST FOR ADMISSION NUMBER 1.**

     1.     Admit that in the case at hand, Baylis v Valve Corporation, Valve cannot avail itself of The Digital Millennium Copyright Act U. S. C. 17 §512(c) so called "safe harbor immunity" after Valve has been notified by Baylis of specific and identifiable instances of infringing activities related to Baylis' copyrighted works on Valve's Steam Platform, as it receives a financial benefit directly attributable to such identifiable instances of infringing activity, and Valve has the legal right and practical ability to control such activity such as though Valve's own Steam Platform review process.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

BAYLIS_I

### A.    Valve's Steam Platform Review Process

"Once you have completed your checklists, your store presence and product build will need to be reviewed by Valve before you can release your game or software. You'll need to click "Mark as ready for review" to communicate to Valve that you have completed the necessary work items and are ready for your store page and proposed pricing to be reviewed." (https://partner.steamgames.com/doc/store/review_process)

**ANSWER**: Objection. This Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NUMBER 2.**

2.      Admit that Valve has not acted expeditiously under The Digital Millennium Copyright Act U. S. C. 17 §512 to remove, or disable access to, the material related to the case at hand, in which has been shown specifically identified instances of infringing activities on Valve's Steam Platform.

**ANSWER**: Objection. This Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NUMBER 3.**

3.      Admit that Valve has shown "willful blindness" in sending a "take-down request" to a Steam Platform Partner subscriber, "Topware Entertainment" in Germany, **when Valve knew it was "itself" the target of the request** related to the specific and identifiable instances of infringing activities on it's Steam Platform, and knowing full well that Valve can not avail itself of The Digital Millennium Copyright Act U. S. C. 17 §512(c) so called "safe harbor immunity" after Valve has been notified of specific and identifiable instances of infringing activities on it's Steam Platform, as it receives a financial benefit directly attributable to such identifiable instances of infringing activity, and it has the legal right and practical ability to control such activity such as though Valve's own Steam Platform review process.

**ANSWER**: Objection. This Request calls for a legal conclusion.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

BAYLIS_2

**REQUEST FOR ADMISSION NUMBER 4.**

4.      Admit that Valve has shown "willful blindness" by knowingly, materially misrepresenting that "material or activity was removed or disabled by mistake or misidentification" under The Digital Millennium Copyright Act U. S. C. 17 §512 (f) and in ceasing to disable access to the material related to the case at hand, in which has been specifically identified instances of infringing activities on Valve's Steam Platform by trying to deceive Baylis when they claimed via Email that,

**A. Email from dmca@valvesoftware.com on 23rd of August 2023**

"Per 17 U.S.C. sec. 512 of the Digital Millennium Copyright Act (DMCA Safe Harbor provisions), Valve has fulfilled its role in this copyright complaint." (Email from dmca@valvesoftware.com on 23rd of August 2023)

and attempting to take advantage of safe harbor immunity under The Digital Millennium Copyright Act U. S. C. 17 §512(c) when Valve knows they are not eligible for such immunity.

**ANSWER**: Objection. This Request calls for a legal conclusion.


**REQUEST FOR ADMISSION NUMBER 5.**

5.      Valve admit that under *Directive 2001/29/EC of the European Parliament and of the Council of 22 May 2001*, Article 3**,** "Member States **shall provide authors with the exclusive right to** authorise or **prohibit** any communication to the public of their works, by wire or wireless means" [Emphasis added], and that Valve has not made "Best Efforts" under Article 17 of the EU Digital Single Market Copyright Directive a in accordance with high industry standards of professional diligence to avoid the availability on their services of unauthorised works and other subject matter, as identified as the material related to the case at hand.

**ANSWER**: Objection. This Request calls for a legal conclusion.


**REQUEST FOR ADMISSION NUMBER 7 [*sic*].**

7.      Admit that under The Digital Millennium Copyright Act U. S. C. 17 §512, Valve is directly liable for monetary relief, or for injunctive or other equitable relief, for

VALVE CORPORATION'S RESPONSE
TO REQUESTS FOR ADMISSIONS SET 1
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

BAYLIS_3

1  infringement of Baylis' copyright under the Copyright Act of 1976, U. S. C. 17 §501 due to

2  the storage at the direction of a user of material that resides on a system or network controlled

3  or operated by or for Valve, and for the subsequent distribution of that material by Valve for

4  financial gain in violation of the Copyright Act of 1976, U. S. C. 17 §106.

5  **ANSWER**: Objection. This Request calls for a legal conclusion.

6

7     DATED:  March 7, 2024.                    **ARETE LAW GROUP PLLC**

8                                               By: */s/ Jonah O. Harrison*
                                                Jonah O. Harrison, WSBA No. 34576
9                                               Jeremy E. Roller, WSBA No. 32021
                                                1218 Third Avenue, Suite 2100
10                                              Seattle, WA 98101
                                                Phone: (206) 428-3250
11                                              Fax:    (206) 428-3251
                                                jharrison@aretelaw.com
12                                              jroller@aretelaw.com
13
                                                *Attorneys for Defendant Valve Corporation*
14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE CORPORATION'S RESPONSE
TO REQUESTS FOR ADMISSIONS SET 1
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

BAYLIS_4

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

Trevor Kevin Baylis (*pro se*)          ☒   E-mail
Jankanraitti 10 A 4                      ☐   U.S. Mail
33560, Tampere                          ☐   E-filing
Finland
trevor.baylis@gmail.com

Dated this 7th day of March, 2024 in Seattle, Washington.

/s/ Janet C. Fischer
Janet C. Fischer
Paralegal

VALVE CORPORATION'S RESPONSE
TO REQUESTS FOR ADMISSIONS SET 1
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

BAYLIS_5