UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VALVE CORPORATION,<br><br>　　　　　　Defendant. | Case No. C23-1653RSM<br><br>ORDER GRANTING MOTION TO REFER TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS |

　　This matter comes before the Court on Defendant Valve Corporation's "Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings," Dkt. #43.  Neither party has requested oral argument.

　　*Pro se* Plaintiff Trevor Kevin Baylis is a United Kingdom citizen residing in Finland. Defendant Valve is a video game distributor in Bellevue, Washington, that operates a digital storefront and gaming platform.  In this case, Mr. Baylis alleges copyright infringement against Valve because it distributes video games derived from his copyrighted works from the film *Iron Sky*.  His claims are based on his registration of a copyright with the U.S. Copyright Office as an alleged joint author of the film *Iron Sky*, which was created and produced in Finland.

　　Valve asserts Mr. Baylis knowingly provided inaccurate information to the Copyright Office in his application, namely that he was a joint author of *Iron Sky* despite knowing that a

Finnish court had previously ruled against him on that exact issue. Valve attaches a certified translation of the court order in question. Dkt. #44-4. That court order concludes that "the staff members cannot be considered authors for the entire film," *id.* at 11, and that Mr. Baylis and others "do not hold a copyright under section 2, section 6 or section 46a of the Copyright Act in Iron Sky or Iron Sky Director's or Dictator's Cut or any of the material he made for those films," *id.* at 18. This order was apparently upheld on appeal. Dkt. #44-5.

It is undisputed that Mr. Baylis knew about this Finnish court order at the time he corresponded with the U.S. Copyright Office. It was issued in a case he brought, along with other members of the animation team, against the producers of the film. Valve details evidence of Mr. Baylis's reaction to the outcome of that court decision:

> Immediately after the Finnish decision, the Hollywood Reporter produced a story excerpting the result of the case. Harrison Decl., Ex. G. Baylis then began an online tirade about the decision. On March 1, 2019, for instance, in response to a law firm's online excerpt of the decision on its website, Baylis posted comments noting that "I was lead plaintiff in the case," asserting that "the courts ignored evidence" and claiming the judgment "is an inept and shameful ruling by Finnish Courts." Harrison Decl., Ex. H at p. 4 of 13. He then went on to assert that both the attorney who wrote the article and the court itself were acting "falsely or speciously." *Id*. at p. 5 of 13. In fact, Baylis was still continuing to complain about the Finnish judgment at the time he received his 2023 copyright registration, asserting the case "is full of errors and absurdities" and that '[t]he court deliberately misreads chapter 17 of the Finnish judicial code" and goes on to cite by paragraph number some of the very decisions he disagrees with. Harrison Decl., Ex. I at p. 2 of 7.

Dkt. #43 at 5–6. Mr. Baylis disputes none of this. Valve argues that, pursuant to U.S. law and the Berne Convention (of which Finland is a member), the Finnish court decision regarding Baylis' copyright ownership is determinative because Finland is the country with the closest relationship to the work. *See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90 (2d Cir. 1998).

ORDER GRANTING MOTION TO REFER TO THE REGISTER OF COPYRIGHTS AND FOR STAY OF PROCEEDINGS - 2

In Response, Mr. Baylis states that the Finnish court order resolved economic rights but not moral rights to the work, and argues that the order was full of procedural errors and mischaracterizations of law.  *See*, Dkt. #45 at 6–9.  After a lengthy interpretation of the legal implications of the Finnish court order, Mr. Baylis essentially admits that he had never been able to personally read and understand the order until Valve provided the certified translation.  He says that this order "was only in Finnish, and Baylis has had to rely on consultations with Finnish Lawyers Petri Eskola and Marcus Lampinen from Helsinki law firm Backström & Co, to comprehend the case as he doesn't read or speak Finnish."  *Id*. at 13.  Mr. Baylis then cites to an email with those attorneys, who have not appeared in this case, to make a legal point.  *Id*. at 13–14.  He does not address the issue of a stay.

On Reply, Valve discusses an exhibit first submitted by Mr. Baylis—an email exchange between U.S. Copyright Office Supervisory Registration Specialist Saskia Florence and Mr. Baylis.  Ms. Florence discussed the typical nature of film copyright and states that the Copyright Office is seeking from Baylis "complete and accurate authorship information," explaining to him that the claimant for the application should be "the person(s) or organization that owns all rights in the motion picture."  Dkt. #52 at 3 (citing Dkt. #49-2).  Valve notes that Mr. Baylis did not mention the Finnish court order in his reply and misrepresented that his application was accurate.  Valve also argues that "the issue of moral rights is a red herring and irrelevant to Baylis' U.S. copyright application," citing *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015).  *Id*. at 5.

A valid copyright registration is a precondition for a copyright infringement lawsuit under the U.S. Copyright Act.  17 U.S.C. § 411(a).  But "an infringement plaintiff cannot satisfy this precondition by duping the Copyright Office into issuing a certificate of registration based on a false claim of copyright ownership." *DeliverMed Holdings, LLC v. Schaltenbrand*,

734 F.3d 616, 622 (7th Cir. 2013).  Where, as here, a defendant alleges that inaccurate information was included on the plaintiff's application for copyright registration with knowledge that it was inaccurate, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(2).

The Court will not now rule on the legal merits of the Finnish court order, nor accept legal analysis from lawyers who have not appeared in this case.  The Court will not attempt to reach a decision on any of the ultimate issues in this case.  The Court finds that Valve has made the required showing that (1) Mr. Baylis submitted inaccurate information regarding his status as a joint author of *Iron Sky* to the copyright office, and (2) he submitted the information with knowledge that it was inaccurate.  Thus, this matter must be referred to the Register of the Copyright Office to advise the Court if it would have refused to grant Mr. Baylis's copyright registration had it known that a Finnish court found that, contrary to Baylis' misrepresentations, Baylis is neither a co-author nor copyright holder of *Iron Sky*.

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Valve Corporation's "Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings," Dkt. #43, is GRANTED.  Accordingly, pursuant to 17 U.S.C. § 411(b)(2), the Court requests the Register of Copyrights to advise the Court as to the following question:

> Would the Register have rejected Baylis' Copyright Registration No. PA0002432422 had it known that, contrary to his statement that he is a joint author of *Iron Sky*, on May 31, 2018, a Finnish court expressly determined that Baylis is not a joint author and has no copyright in the movie Iron Sky or its animated parts?

The Clerk of Court shall send this Order to the Register of Copyrights. This case is STAYED pending the referral to the Register and the Register's response. The Court declines to strike any material as requested in Plaintiff's Surreply, Dkt. #53.

DATED this 29th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE