The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>  Plaintiff,<br>v.<br>VALVE CORPORATION,<br><br>  Defendant. | Case No. C23-1653-RSM<br><br>**RESPONSE OF THE REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)** |

On July 23, 2024, pursuant to 17 U.S.C. § 411(b)(2), the Court formally submitted its request for the Register of Copyrights (the "Register") to provide advice on the following question:

> Would the Register have rejected [Plaintiff Trevor Kevin] Baylis'[s] Copyright Registration No. PA0002432422 had it known that, contrary to his statement that he is a joint author of *Iron Sky*, on May 31, 2018, a Finnish court expressly determined that [Mr.] Baylis is not a joint author and has no copyright in the movie [*Iron Sky*] or its animated parts?[1]

---

[1] Order Granting Mot. to Refer to the Reg. of Copyrights and for Stay of Proceedings at 4 (Apr. 29, 2024) ("Order"), ECF No. 60. The Court transmitted the Order to the Register in accordance with 37 C.F.R. § 205.14 on July 23, 2024.

The Register hereby submits her response. Based on the legal standards and examining practices set forth below, had it known of the Finnish court's determination, the U.S. Copyright Office ("Copyright Office" or "Office") would not have refused to register Mr. Baylis's copyright claim. The U.S. Copyright Act is the exclusive source of copyright protection in the United States. In considering Mr. Baylis's registration application, the Office applied U.S. copyright law to determine whether the material deposited constitutes copyrightable subject matter and whether his application satisfied the other requirements of U.S. copyright law. The decision of a foreign court would not have changed the Office's analysis.

## BACKGROUND

### I. Examination History

A review of the records of the Copyright Office reveals that on August 11, 2023, the Office received an application to register a motion picture titled "Iron Sky" (the "Work"). The application identified Mr. Baylis, ten other individuals, and one musical band as authors. It also identified the director as a work made for hire author of the Work. Mr. Baylis is named as the Work's copyright claimant. The application stated that the Work was completed in 2012 and first published in Germany on February 11, 2012. In the "Note to C.O." field, a field in which the applicant can provide additional information to the Office, Mr. Baylis stated that "[i]n Finland where the film . . . was created . . . [f]ilms are considered joint works."[2] He further stated that the Work "was an amateur production" and that "most authors apart from the [d]irector named on this application DID NOT assign rights to [p]roducers."[3] Upon review, the registration specialist contacted Mr. Baylis to clarify whether the Work was created as a work

---

[2] Application for Service Request No. 1-12871802321 (Aug. 11, 2023).
[3] *Id.*

RESPONSE OF THE REGISTER OF COPYRIGHTS
[Case No. C23-1653-RSM] - 2

101 Independence Avenue
S.E.
Washington, D.C.

made for hire and to explain how the director assigned his rights.[4] The registration specialist also sought more information about the band named on the application, and the previously registered script for the motion picture.[5] In several rounds of correspondence, Mr. Baylis confirmed that the motion picture was not a work made for hire and agreed to exclude the previously registered script from the copyright claim and make other amendments.[6] Based on this correspondence, the Office accepted his representations as true and accurate. It registered the claim with an effective date of registration ("EDR")[7] of September 28, 2023, and assigned registration number PA0002432422 ("Registration").

## II.  The Court's Request

Mr. Baylis alleges that Defendant Valve Corporation ("Valve"), a video game distributor operating a digital storefront and gaming platform, infringed his copyright in the Work registered under number PA0002432422 by displaying and distributing images from the Work.[8] Mr. Baylis also alleges that Valve has failed its duty to expeditiously disable the infringing material under section 512 of the Copyright Act.[9]

Valve challenges the validity of the Registration, arguing that Mr. Baylis knowingly provided inaccurate information to the Office by identifying himself as a joint author of the Work even though, prior to the Registration, a Finnish court ruled that he was not the author and possessed no copyright in the Work.[10] In response, Mr. Baylis argues that the Finnish court's

---

[4] Emails from U.S. Copyright Office to Trevor Baylis (Sept. 19, 2023).
[5] Id.
[6] Id. (identifying a "work training document" that Mr. Baylis signed in the course of completing the animations for the Work, which provided that Mr. Baylis was "not in an employment or other service relationship" with the producers of the Work); Email from Trevor Baylis to U.S. Copyright Office (Sept. 21, 2023); Email from Trevor Baylis to U.S. Copyright Office (Sept. 26, 2023).
[7] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee. 17 U.S.C. § 410(d).
[8] Second Am. Compl. at 3 (Feb. 6, 2024), ECF No. 25.
[9] Id.
[10] Order at 1–2.

ruling was "specifically limited . . . to economic rights," under the Finnish Copyright Act.[11]  Mr. Baylis alleges that there was no dispute regarding "moral rights," which he described as the "[r]ight to claim authorship."[12]  Mr. Baylis maintains that he was not employed by the Work's producers, and that no work made for hire contract exists for his and the other animators' work, "which is why they are joint authors of the film as a 'unitary whole' under [17 U.S.C § 201(a)]."[13]

Valve filed a motion with the Court arguing that Mr. Baylis included inaccurate information on the registration application with knowledge that it was inaccurate.[14]  Valve further asked the Court to request that the Register advise it as to whether the inaccurate information, if known, would have caused the Register to refuse registration.[15]

On April 29, 2024, the Court granted Valve's motion, and referred the above question to the Register to consider whether the inaccuracy identified in the application would have caused the Register to refuse registration.[16]

## ANALYSIS

### I. Relevant Statutes, Regulations, and Agency Practices

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 408(d), 409, and 410.  Regulations governing applications for registration are codified at 37 C.F.R. §§ 202.1 to 202.24.  Further, principles that

---

[11] Pl.'s Resp. to Valve's Mot. to Refer Copyright Registration Questions to the Reg. of Copyrights and for Stay of Proceedings at 1 (Apr. 10, 2024), ECF No. 45.
[12] *Id.*
[13] *Id.* at 9–10.
[14] Def.'s Mot. to Refer Copyright Registration Questions to the Reg. of Copyrights and for Stay of Proceedings at 1–2 (Apr. 3, 2024), ECF No. 43; *see* 17 U.S.C. § 411(b)(1).
[15] Def.'s Mot. to Refer Copyright Registration Questions to the Reg. of Copyrights and for Stay of Proceedings at 2.  Although permissible, a motion by a party is not required.  *See* 17 U.S.C. § 411(b)(2) ("[T]he court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.").
[16] Order at 4.  The Office first received notification of the Order on July 23, 2024.

govern how the Office examines registration applications are set out in the *Compendium of U.S. Copyright Office Practices*, an administrative manual that instructs agency staff regarding their statutory and regulatory duties and provides expert guidance to copyright applicants, practitioners, scholars, courts, and members of the general public regarding Office practices and related principles of law.  The Office publishes periodic revisions to the *Compendium* to reflect changes in the law or Office practices and provide additional guidance where necessary; these revisions are made available for public comment prior to finalization.  Because Mr. Baylis filed his registration application in 2023, the governing principles the Office would have applied to evaluate the applications are set forth in the third edition of the *Compendium*, which was released in January 2021.[17]

### A. Registration Based on U.S. Law

The U.S. Constitution and Copyright Act are the exclusive sources of copyright protection in the United States.[18]  When examining an application for registration, the Office applies title 17 of the U.S. Code,[19] and all applicants must demonstrate that a work satisfies the requirements of U.S. copyright law in order to register a work with the Office.[20]  Thus, in determining whether a work is copyrightable, a joint work, or a work made for hire, the Office

---

[17] U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d ed. 2021) ("COMPENDIUM (THIRD)"), https://copyright.gov/comp3/docs/compendium.pdf.

[18] 17 U.S.C. § 104; Berne Convention for the Protection of Literary and Artistic Works art. 5(1)–(2), Sept. 9, 1886, *as revised* July 24, 1971, *and as amended* Sept. 28, 1979, S. TREATY DOC. NO. 99-27 (1986) ("[T]he extent of protection, as well as the means of redress afforded to the author to protect his rights, shall be governed exclusively by the laws of the country where protection is claimed."); COMPENDIUM (THIRD) §§ 505.2, 506.4(A).  *See generally* COMPENDIUM (THIRD) § 2002.2 ("U.S. law applies whenever a United States work or a foreign work is involved in a copyright infringement lawsuit in this country.").

[19] 17 U.S.C. § 410(a)–(b) (the Office's registration decisions shall be made "in accordance with the provisions of [title 17]").  *See also id.* §§ 408, 409.

[20] *Id.* § 410(a)–(b); COMPENDIUM (THIRD) § 2002.2.

applies U.S. copyright law, even if the work was created in a foreign country, first published in a foreign country, or created by a citizen, domiciliary, or habitual resident of a foreign country.[21]

### B. Identifying the Author

An application for registration must include "the name . . . of the author or authors," unless the work is anonymous or pseudonymous.[22] The Supreme Court has explained that, unless the work is a work made for hire,[23] "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."[24]

A work is considered a "joint work" if it is "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."[25] A person must "contribute a sufficient amount of original authorship to the work" to be considered a joint author.[26] An author may satisfy this requirement even if his contribution to the work is less significant than the contributions made by another author, but the author must contribute more than a *de minimis* amount of copyrightable expression.[27]

When completing the "author" field on an application to register a joint work, "the applicant should only provide the name(s) of the author(s) [or work made for hire author(s)] who

---

[21] COMPENDIUM (THIRD) §§ 303, 505.2, 506.4(A).
[22] 17 U.S.C. § 409(2).
[23] A work is considered a work made for hire if it was (1) "prepared by an employee within the scope of his or her employment," or (2) "specially ordered or commissioned" via written instrument for use as one or more of the nine categories of works listed in the statutory definition. *Id.* § 101 (defining "work made for hire"). If the work is a work made for hire, "the employer or other person for whom the work was prepared is considered the author." *Id.* § 201(b).
[24] *Cmty. for Creative Non–Violence v. Reid*, 490 U.S. 730, 737 (1989); *see also* COMPENDIUM (THIRD) § 613.1.
[25] 17 U.S.C. § 101 (defining "joint work").
[26] COMPENDIUM (THIRD) § 505.2.
[27] *Id.*

created the copyrightable material that the applicant intends to register."[28]  "[T]here is no need to provide the name of any person(s) who created material that is *de minimis* or uncopyrightable."[29]

### C. Identifying the Claimant

An application for registration must also include "the name and address of the copyright claimant."[30]  For purposes of copyright registration, the "claimant" is either the author of the work that has been submitted for registration, or a "person or organization that has obtained ownership of all rights under the copyright initially belonging to the author" of that work.[31]

In the case of a joint work, "[c]opyright in a work protected under . . . title [17] vests initially in the . . . authors of the work.  The authors of a joint work are co[-]owners of copyright in the work."[32]  Put differently, all the authors are "treated generally as tenants in common, with each co[-]owner having an independent right to use or license the use of a work, subject to a duty of accounting to the other co[-]owners for any profits."[33]  Therefore, any one co-author may be named as the copyright claimant of a joint work.[34]

### II. Register's Response to the Court's Request

Based on the foregoing statutory and regulatory standards and the Office's examining practices, the Register responds to the Court's question as follows:

---

[28] *Id.* § 613.3.
[29] *Id.*
[30] 17 U.S.C. § 409(1).
[31] 37 C.F.R. § 202.3(a)(3).
[32] 17 U.S.C. § 201(a).
[33] H.R. REP. NO. 94-1476, at 121 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5736; S. REP. NO. 94-473, at 104 (1975).
[34] Further, a co-author may be named as the copyright claimant, "even if [an] author has transferred the copyright or one or more of the exclusive rights to another party, or . . . [an] author does not own any of the rights under copyright when the application is filed," because authors retain a legal or equitable interest in the copyright. COMPENDIUM (THIRD) § 619.7.  *See generally* Registration of Copyright: Definition of Claimant, 77 Fed. Reg. 29,257, 29,258 (May 17, 2012); Applications for Registration of Claim to Copyright Under Revised Copyright Act, 42 Fed. Reg. 48,944, 48,945 (Sept. 26, 1977).

Had the Office known prior to the Work's registration that a Finnish court determined that Mr. Baylis is not a joint author and has no copyright ownership in the Work or its animated parts, it would still have issued the Registration.[35] The U.S. Constitution and Copyright Act are the exclusive sources of copyright protection in the United States, and the Office applied U.S. law in considering Mr. Baylis's registration application.[36] The decision of a foreign court would not have changed its determination.

First, the Finnish court's determination as to joint authorship under Finnish copyright law has no bearing on the Office's consideration of the Registration. Under the U.S. copyright law, the author is either "the party who actually creates the work" or the employer or other person for whom a particular kind of work was prepared pursuant to a work made for hire agreement.[37] A single work may have joint authors. For purposes of registration, and as section 410(a) instructs, the Office applies the legal and formal requirements of title 17 of the U.S. Code to decide whether the claim in copyright is valid. In accordance with U.S. copyright law, "[t]he Office takes the position that each joint author must contribute a sufficient amount of original authorship to the work."[38] An author may satisfy this requirement "even if his or her contribution to the work is smaller or less significant than the contributions made by another author."[39]

---

[35] The Office accepts the Court's findings as stated in the Order and makes no determination about whether the distribution in fact amounted to a publication.
[36] 17 U.S.C. § 104.
[37] COMPENDIUM (THIRD) § 613.1; 17 U.S.C. § 201(b); see also Cmty. for Creative Non–Violence, 490 U.S. at 737.
[38] COMPENDIUM (THIRD) § 505.2. The applicant, not the Office, must determine whether a work qualifies as a joint work. See H.R. REP. NO. 94-1476 at 120; S. REP. NO. 94-473 at 103. The registration specialist will accept the applicant's representation that a work is a joint work, unless it is contradicted by information provided elsewhere in the registration materials or in the Office's records, or by information that is known to the specialist. COMPENDIUM (THIRD) § 505.2.
[39] COMPENDIUM (THIRD) § 505.2.

In correspondence, Mr. Baylis represented that he (and others) created the original three-dimensional animations that comprise significant portions of the Work.[40] Based on his contributions, Mr. Baylis identified himself as a co-author of the work. The Office inquired about whether the Work was a work made for hire, and Mr. Baylis stated that it was not.[41] Based on the information he provided, the Office registered the Work.

Second, the Finnish court's determination as to the ownership of the Work has no bearing on the Office's consideration. As noted above, "[c]opyright in a work protected under this title vests initially in the author or authors of the work."[42] In an application for a U.S. registration, any one joint author may be named as the copyright claimant.[43] As a named joint author, Mr. Baylis was permitted to name himself as the copyright claimant in the registration application.

Therefore, based on the facts provided by Mr. Baylis, even if the Office had known about the Finnish court's decision, it would have registered the Work.

## CONCLUSION

After review of the available facts and application of the relevant law, regulations, and the Office's practices, the Register hereby advises the Court that had the Office been aware that a Finnish court determined that Mr. Baylis is not a joint author and has no copyright in the Work or its animated parts under Finnish copyright law, it would still have issued the Registration.

Dated: March 7, 2025.

*[signature: Shira Perlmutter]*

**Shira Perlmutter**
Register of Copyrights and Director of the
U.S. Copyright Office

---

[40] Emails from Trevor Baylis to U.S. Copyright Office (Sept. 19, 2023).
[41] *Id.*
[42] 17 U.S.C. § 201(a).
[43] COMPENDIUM (THIRD) § 619.7. *See generally* Registration of Copyright: Definition of Claimant, 77 Fed. Reg. at 29,258; Applications for Registration of Claim to Copyright Under Revised Copyright Act, 42 Fed. Reg. at 48,945.