# EXHIBIT B

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>    Plaintiff, *(pro se)*.<br><br>v.<br><br>VALVE CORPORATION,<br><br>    Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Minute Order dated March 18, 2025 (Dkt. #67), Plaintiff Trevor Kevin Baylis ("Baylis") and ~~Defendant Valve Corporation ("Valve")~~ herby submit the following Joint Status Report:

**1. Nature and Complexity of the Case**

    **A. Plaintiff's Position**

Baylis asserts the following,

    Mr. Baylis alleges that Defendant Valve Corporation ("Valve"), a video game distributor operating a digital storefront and gaming platform, infringed his copyright in the Work registered under number PA0002432422 by displaying and distributing images from the Work. Mr. Baylis also alleges that Valve has failed its duty to expeditiously disable the infringing material under section 512 of the Copyright Act. See, Second Am. Compl. (Feb. 6, 2024), ECF No. 25. ("#Dkt 25")

    Valve brought a Motion to Refer pursuant to 17 U.S.C. § 411(b)(2), requesting that the Court seek the Register of Copyrights ("Register") determination of whether it would have granted Baylis' copyright registration if it had known of Baylis' misrepresentations and of the Finnish court decision. Valve requested that the Court refer this matter to the Register to advise on the following issue:

    *"Would the Register have rejected Baylis' Copyright Registration No. PA0002432422 had it known that, contrary to his inaccurate statement that he is a joint author of Iron Sky, on May 31, 2018 a Finnish court expressly determined that Baylis is not a joint author and has no copyright in the movie Iron Sky or its animated parts?"*

    The Register answered the question saying that,

*"…based on the facts provided by Mr. Baylis, even if the Office had known about the Finnish court's decision, **it would have registered the Work**." (Emphasis added)*

    Baylis wishes to thank the U.S. Copyright Office for their diligent and concise investigation.

    Of significant note is that the Register mentions Baylis' "work training" contract

1  which proves that Baylis was involved in the Iron Sky film project with NO employment or
2  service relationship for large parts of the production (#Dkt 25, ¶¶ 41, 82, 83).
3      This is fatal to Valve's defense because there is no possible way to establish any valid
4  chain of title that would allow Valve' to exploit ANY of Baylis' exclusive rights related to
5  Iron Sky under U.S.C 17§106.
6      Baylis is a U.K. Citizen and Iron Sky was First Published in Germany. Under
7  Berne Convention "country of origin" rules, Article 3 and Article 5 (4) (a). This indicates
8  that Finland is NOT the "country of origin" and NOT the nation with the closest "point of
9  attachment" to authors of Iron Sky (#Dkt 25, ¶ 45).
10     This is also relevant to a grave procedural error in the Finnish court case
11 ("MAO302/18")(#Dkt 44 - 4 - Harrison Decl., Ex. D ) as Finland's copyright act is territorial
12 in scope and is thus limited to works "First Published in Finland" (Finnish copyright act
13 Article 63 (2). To put it another way. **In MAO302/18 The Finnish Court has applied the**
14 **wrong nations laws to questions of authorship regarding Iron Sky because German Law**
15 **applies NOT Finnish law which is territorial in scope.** (#Dkt 25, ¶¶ 47 -52).
16     Furthermore, Baylis was not employed by Iron Sky Producers (#Dkt 25, ¶ 43) and
17 MAO302/18 ignored this salient fact, which is another grave procedural error.
18     Finnish courts then had a responsibility to provide protection to Baylis (and others) as
19 foreign Nationals based on minimum protections provided by the Berne Convention Article
20 5(2). MAO302/18 did not do this either and indicates yet another grave procedural error with
21 the ruling.
22     Baylis is also not a citizen of Germany but never the less, because Iron Sky was First
23 Published in Germany he is to be afforded copyright protection under German law the same
24 as German Nationals as per Berne Convention article 5(2). Baylis has adequately pled that

JOINT STATUS REPORT                                                          Page 2
No. 2:23-cv-01653-RSM

1   Iron Sky was first published in Germany on 11th February 2012 (#Dkt 25, ¶¶ 33, 45, 46, 57).

2   Baylis has entered these details on his application to the U.S. Copyright Office for
3   the Work registered under number PA0002432422 and Valve have never claimed that this
4   information is "knowingly inaccurate", nor have Valve claimed that Finland should have been
5   the nation of First Publication indicated on the U.S. Copyright Office Registration number
6   PA0002432422 instead of Germany.

7   Additionally it is exclusive right of Baylis as author of his own work to choose the
8   nation of First Publication. That is to say it is NOT the exclusive right of Valve to choose
9   the nation of First Publication of Iron Sky and Valve cannot choose Finland as the point of
10  attachment of copyright to Iron Sky either. Therefore, there is no dispute about Germany
11  being the nation of First Publication, and thus, German copyright law is the law which has it's
12  "point of attachment" of copyright to Iron Sky (#Dkt 25, ¶¶ 33, 45, 46, 57).

13  The United States Courts must also look to German law for questions of authorship
14  and then provide protection to Baylis based exclusively on United States laws as mentioned
15  by the Register in their report. (#Dkt 66-1, Page 2)

16  Furthermore, as Iron Sky is a Berne convention work there is a "no formalities"
17  rule Berne Convention Article 5 (2) and it is not necessary for Baylis to even have a U.S.
18  Copyright Office registration to instigate proceedings in the The United States Courts to
19  uphold his rights. (#Dkt 25, ¶¶ 45, 46)

20  Valve are aware of this fact too because they have been informed themselves directly
21  as party to another action in this court, Cong v. Zhao (2:21-cv-01703) District Court, W.D.
22  Washington (#Dkt 51. Page 6), wherein the judge states,

23  For any United States work, Section 411 of the Act requires that "[e]xcept for an
24  action brought for a violation of the rights of the author under Section 106A(a)4 . . . no civil

action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). However, foreign works are exempt from the rule requiring registration of a work prior to the filing of a lawsuit. "Congress removed foreign works from Section 411(a)'s dominion in order to comply with the Berne Convention for the Protection of Literary and Artistic Works' bar on copyright formalities for such works." Fourth Est., 586 U.S. at 306–07 (citation omitted).

Cong v. Zhao, 2:21-cv-01703, (W.D. Wash. Jun 21, 2024) ECF No. 51. Page 6.

Valve has further claimed that;

*"Given the significant impact the Register's response will have on this case, it is appropriate to stay all proceedings from the date of filing of this Motion until receipt of the Register's response"*(#Dkt 43, Page 9) (Emphasis added)

Valve had also stated that *"these proceedings should be stayed from the date of filing of this motion until receipt of the Register's response, at which time the Court and parties can assess what additional scheduling actions are necessary."* (#Dkt 43, Page 10) (Emphasis added)

It seems apparent from the above that Valve wish to lift the stay on this case now that the Register's response has been forthcoming and allow Valve to assess what additional scheduling actions are necessary.

Currently the court has Motions before it for consideration,

# Dkt 56 - MOTION Motion To STRIKE Valve's 9th Defense re 54 Amended Answer to Complaint, filed by Plaintiff Trevor Kevin Baylis. (Attachments: # 1 Proposed Order Motion to STRIKE Valve's 9th Defence) Noting Date 5/10/2024, (Baylis, Trevor) (Entered: 04/24/2024)

And,

# Dkt 58 - MOTION Motion To STRIKE Valve's Defenses re 54 Amended Answer to Complaint, filed by Plaintiff Trevor Kevin Baylis. (Attachments: # 1 Proposed Order Proposed Order Motion to STRIKE Valve's Defences) Noting Date 5/10/2024, (Baylis, Trevor) (Entered: 04/25/2024)

Baylis respectfully requests that the court lift the stay on this case and addresses these above mentioned pending motions before the Court in this case.

Furthermore, given that the according to Valve, the report of the Register has major significance in this case (#Dkt 43, Page 9), and that the US Copyright Office has confirmed Baylis's registration as valid, as well as Baylis' unemployment status whilst creating the work at issue (#Dkt 66-1, Pages 2 & 3 (see footnote 6), which is fatal to Valve's defense, then in the near future Baylis will seek to file a motion of summary judgment.

Furthermore Valve has complained that,

*"Baylis has also filed two separate meritless Motions to Strike within days of each other. Dkt. Nos. 47 and 50. Baylis will continue to flood Valve and the Court with motions and discovery and needlessly waste judicial and party resources unless this matter is stayed pending the Register's response. While Valve may later choose to address these actions through requests for relief under 28 U.S.C. § 1927 and potentially Fed. R. Civ. P. 11, at this time, the unopposed stay Valve has requested would save judicial and party resources."* (#Dkt 52, Page 6)

However, it is Valve that has clearly wasted the Courts time with their request to the US Copyright Office on a matter that is entirely irrelevant as the US Copyright Office has confirmed that, *"First, the Finnish court's determination as to joint authorship under Finnish copyright law has no bearing on the Office's consideration of the Registration. Under the U.S. copyright law, the author is…"the party who actually creates the work"* (#Dkt 66-1, Page 8).

It is Valve that are fruitlessly trying to defend themselves in an action they cannot succeed at trail with, and are subsequently increasing their own costs in doing so. Therefore, it is in fact Baylis who may be entitled to address Valve's actions through requests for relief under 28 U.S.C. § 1927 and potentially Fed. R. Civ. P. 11.

Communications are somewhat strained between parties due to Baylis' belief that Valve have been disingenuous in their negative claims about his *own authorship status* of his *own works* as it is *common decency* to recognise the work a person does as *their own work!*

Baylis respectfully requests that the court lift the stay on this case, issue a new scheduling order and address pending motions before the Court in this case. Then Baylis may request a motion for summary judgment in the near future. The court may also, under its own discretion, consider Valve's merit-less pleadings and actions so far in this case under 28 U.S.C. § 1927 and potentially Fed. R. Civ. P. 11.

*[signature: Trevor Baylis]*