The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

             Plaintiff,

      v.

VALVE CORPORATION,

             Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S RESPONSE TO MOTION TO STRIKE NINTH DEFENSE TO SECOND AMENDED COMPLAINT**

Noted on Motion Calendar:
**April 25, 2025**

## I.    INTRODUCTION

Plaintiff Trevor Kevin Baylis' ("Baylis") Motion to Strike Defendant Valve Corporation's Ninth Defense to Plaintiff Trevor Kevin Baylis' Second Amended Complaint (Dkt. No. 56) ("Motion to Strike No. 1") is frivolous and should be denied for multiple reasons. In Motion to Strike No. 1, Baylis seeks to strike Defendant Valve Corporation's ("Valve") defense that Baylis cannot establish the element of originality – an element of copyright ownership that is Baylis' burden to prove. Baylis offers no valid grounds for striking this defense, including the required showing of prejudice. Instead, Baylis appears to be inviting the Court to decide the merits of the originality element. But Rule 12(f) cannot be used to address the merits of a claim or defense. Baylis' Motion to Strike No. 1 is an improper attempt to do an end run around the Court's prior order striking his premature motion for summary judgment (Dkt. No. 21). Further, in his Motion to Strike No. 1, Baylis does not even



address Valve's actual defense. Instead, Baylis creates a strawman defense of "novelty" and then devotes a substantial part of his motion to arguing against his own imaginary "novelty" defense. It is an improper waste of time and resources to force Valve and the Court to address this fabricated defense. For these and the reasons set forth below, Motion to Strike No. 1 should be denied.

## II.    FACTS

In his Second Amended Complaint ("SAC"), Dkt. 25, Baylis alleges that he was a member of a team of amateur animators who worked in Finland on the animation of certain spacecraft and weapons in the film *Iron Sky* under Finnish work training agreements. *Id.* at ¶¶ 40, 64-81. Baylis also claims that as a member of the team of animators, he owns the copyright of the entire *Iron Sky* film as a joint author. Dkt. 25 at ¶ 3. Baylis asserts his copyright ownership by stating that he is registered with the U.S. Copyright Office as a joint author of *Iron Sky* with a U.S. Copyright registration number of PA0002432422. Dkt. 25 at ¶ 4. Baylis further alleges that Valve is infringing on Baylis' exclusive copyrights in *Iron Sky* by hosting video games based on the *Iron Sky* film on Valve's online video game storefront and delivery platform known as "Steam." *Id.* at ¶ 9. Based on these allegations, Baylis claims Valve is liable to him for direct and vicarious copyright infringement. *Id.* at ¶¶ 108-15.[1]

In its First Amended Answer and Affirmative Defenses ("Answer"), Valve asserted both defenses and affirmative defenses to Baylis's copyright claims. Dkt. 54 at pp. 15-19. Defense nine states that, "Baylis' claims may be barred, in whole or in part, because the works alleged are not copyrightable for lack of originality." *Id.* at p. 16. It is entirely proper for Valve to identify its defenses in its Answer, and Baylis provides no grounds for striking this defense under Rule 12(f).

---

[1] Baylis asserted two additional claims for "Material Misrepresentation" and "Willful Blindness." Dkt. 25 at ¶¶ 116-35. This Court dismissed those claims on March 20, 2024. *See* Order Granting Partial Motion to Dismiss (Dkt. No. 35).

DEFENDANT VALVE CORPORATION'S RESPONSE TO
MOTION TO STRIKE NINTH DEFENSE TO SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 2



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

### III.    ARGUMENT

**A. Legal Standards**

**1. The Civil Rules Require Defendants to Plead Defenses and Affirmative Defenses**

Pursuant to Rules 8 and 12, when a plaintiff files a complaint against a defendant, the defendant is entitled – indeed, required – to assert its defenses to the plaintiff's claims in its answer. Specifically, Rule 8(b) provides that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it. . . ." Fed. R. Civ. P. 8(b)(1)(A). Rule 12(b) also provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Certain specified defenses, such as failure to state a claim, may also be asserted by motion. Fed. R. Civ. P. 12(b)(1)-(6). Rule 12(h)(2) also expressly provides that defenses such as failure to state a claim may be asserted in an answer.

**2. Rule 12(f) Standards**

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike are "disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Shackelford v. W. Coast Freightline*, No. C20-5492, 2020 WL 5877579, at *1 (W.D. Wash. Oct. 2, 2020). Absent a showing of "irrelevance to the subject matter of the lawsuit or a possibility of harm to a party, federal courts are reluctant to disturb the pleadings" on a Rule 12(f) motion. *Gibbens v. Quick Collect*, No. C21-1643, 2022 WL 168507, at *1 (W.D. Wash. Jan. 18, 2022) (citation omitted). "[M]otions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *United States v. Pomerantz*, C16-689 MJP, 2017 WL 4418572, at *4 (W.D. Wash. Oct. 5, 2017) (quoting *Moussouris v. Microsoft Corp.*, C15-1483JLR, 2016 WL

4472930, at *3 (W.D. Wash. Mar. 7, 2016)). "This demanding standard leads district courts in the Ninth Circuit to disfavor motions to strike...." *Id.*

In addition to being disfavored, Rule 12(f) motions to strike are limited in scope and may not be used to challenge the merits of claims or factual or legal issues in dispute. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Novva Ausrustung Grp., Inc. v. Kajioka*, No. 217CV01293RFBVCF, 2017 WL 2990850, at *2 (D. Nev. July 13, 2017) ("Rule 12(f) motions should not, at bottom, be used as a means to have certain portions of a complaint dismissed or to obtain summary judgment as to those portions of the suit—these actions are better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."); *Paulson v. Snohomish Cnty. Wash.*, No. C09-0377-JCC, 2009 WL 2987397, at *7 (W.D. Wash. Sept. 14, 2009) ("Rule 12(f) does not authorize the Court to adjudicate claims on their merits.") "[I]f the district court is in doubt whether the challenged matter may raise an issue of fact or law, ... the motion to strike under Rule 12(f) should be denied and the sufficiency of the allegations left for further elaboration through discovery and adjudication by summary judgment or a trial on the merits." *Gibbens v. Quick Collect, Inc.*, No. C21-1643RSL, 2022 WL 168507, at *1 (W.D. Wash. Jan. 18, 2022) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)). In his Motion to Strike No. 1, Baylis offers no valid grounds for striking Valve's ninth defense.

### B. Baylis Fails to Provide Any Grounds for Striking Valve's Ninth Defense
#### 1. Baylis Makes No Showing of Prejudice

Baylis does not allege or show any prejudice from Valve's valid assertion of its originality defense. This alone merits denying Baylis' Motion to Strike No. 1. *Pomerantz*, 2017 WL 4418572, at *4 ("[M]otions to strike are rarely granted in the absence of a showing of prejudice to the moving party."); *Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein*

DEFENDANT VALVE CORPORATION'S RESPONSE TO
MOTION TO STRIKE NINTH DEFENSE TO SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1    *& Associates, LLC*, 217CV03007APGVCF, 2020 WL 8475976, at *2 (D. Nev. May 13,

2    2020) (for Rule 12(f) motions to strike, "a showing of prejudice is a threshold issue.").

### 2. Baylis' Strawman Argument Regarding "Novelty" Is Frivolous and Provides No Grounds for Striking Defense No. 9

5    Baylis' first argument for striking Valve's ninth defense is baseless and irrelevant.

6    Baylis argues that "novelty" is not part of copyright law. Dkt. 56 at 2. But Valve's ninth

7    defense does not mention or address "novelty." Rather, it asserts the common and valid

8    defense to a copyright claim that "the works alleged are not copyrightable for lack of

9    originality." Dkt. 54 at p. 16. It is unclear how or why Baylis interprets the basic defense of

10   originality to mean "novelty."

11   Baylis offers no grounds for striking Valve's legitimate defense of lack of originality,

12   and there are none. Originality of an alleged copyrighted work is an essential and required

13   element of copyright ownership. 17 U.S.C. 102(a) ("Copyright protection subsists, in

14   accordance with this title, in *original* works of authorship . . . .") (emphasis added).

15   "Originality remains the *sine qua non* of copyright; accordingly, copyright protection may

16   extend only to those components of a work that are original to the author." *Feist Publications,*

17   *Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 348, 111 S. Ct. 1282, 1289 (1991). Stated

18   another way, "[o]riginality is the indispensable prerequisite for copyrightability." *N. Coast*

19   *Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992); *see also, e.g., Broad.*

20   *Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1127 (D. Ariz. 2013) (originality

21   and authorship are elements of a copyright plaintiff's prima facie case). Challenging

22   originality is an expected and appropriate defense to a copyright infringement claim, and

23   there are no grounds for striking it here.

### 3. Baylis Improperly Seeks a Decision on the Merits Regarding the Element of Originality

25   Baylis' remaining arguments fall well outside the parameters of Rule 12(f). Baylis

26   improperly asks the Court to decide the merits of the elements of originality and ownership.



A Rule 12(f) motion cannot be used to seek a ruling on the merits of a claim or defense. *Paulson,* 2009 WL 2987397 at *7 ("Rule 12(f) does not authorize the Court to adjudicate claims on their merits.") But Baylis nonetheless improperly seeks to do so here by seeking a summary determination of whether he has established ownership in *Iron Sky*. Specifically, he summarily alleges:

- He has allegedly established authorship in previous foreign litigation (Dkt. 56 at 4).

- He should be considered a joint author of *Iron Sky* because "sometimes Baylis' work takes up most of the screen . . . " (*Id.* at 5).

- He should be deemed to have created original works in *Iron Sky* because he "is a party who translates ideas into a fixed, tangible expression as part of his professional career since the 1980s" and that he "was asked to create high quality creative works for Iron Sky . . ." (*Id.* at 6 and 7).

- He could recreate the works in question if given the chance. (*Id.* at 8).

Although some of the arguments are hard to follow, they are all intended to improperly address the merits of Baylis's copyright claims on a Rule 12(f) motion to strike. Baylis' Motion to Strike No. 1 must be denied.

## IV.    CONCLUSION

For the reasons set forth above, Valve respectfully requests that the Court deny Baylis' Motion to Strike No. 1.


DATED:  April 21, 2025.

I certify that this memorandum contains 1,771 words, in compliance with the Local Civil Rules.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S RESPONSE TO
MOTION TO STRIKE NINTH DEFENSE TO SECOND
AMENDED COMPLAINT
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this date I caused true and correct copies of the foregoing

3   document to be served upon the following, at the addresses stated below, via the method of

4   service indicated.

5

6    Trevor Kevin Baylis (*pro se*)              ☐    E-mail
     Jankanraitti 10 A 4                         ☐    U.S. Mail
7    33560, Tampere                              ☒    E-filing
     Finland

8

9

10  Dated this 21st day of April, 2025, in Seattle, Washington.

11                                              */s/ Kaila Greenberg*
                                                Kaila Greenberg
12                                              Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250