The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

Plaintiff,

v.

VALVE CORPORATION,

Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE AND OTHER DEFENSES AND REQUEST TO STRIKE PURSUANT TO RULE 12(g)**

Noted on Motion Calendar:
**April 25, 2025**

## I.    INTRODUCTION

Plaintiff Trevor Kevin Baylis' Motion to Strike Defendant Valve Corporation's Affirmative and Other Defenses (Dkt. No. 58) ("Motion to Strike No. 2") should be denied. First, Baylis violates Rule 12(g)'s prohibition against bringing multiple motions to strike. Second, Motion to Strike No. 2 fails to set forth any grounds for granting the extreme remedy of striking Valve's defenses and affirmative defenses and fails to show any prejudice. Third, the *Iqbal/Twombly* pleading standard does not apply to defenses and affirmative defenses. Fourth, Motion to Strike No. 2 is an improper, premature motion for summary judgment on disputed factual issues.

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## II.    FACTS

Valve incorporates by reference the facts set forth in Valve's Response to Motion to Strike No. 1.

## III.    ARGUMENT

### A. Baylis' Motion to Strike No. 2 Violates Rule 12(g)'s Prohibition on Multiple Motions to Strike

Baylis' Motion to Strike No. 2 should be denied because it violates Rule 12(g). Rule 12(g) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] may not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In other words, a party is not entitled to harass another party with multiple Rule 12 motions or use multiple motions to evade page limits but must instead consolidate all available Rule 12 arguments into one motion. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (explaining that subdivision (g) was intended to prevent abusive filings and unjust delay and quoting Committee Note of 1966 to Amended Subdivision (g): "This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case."); *cf.* LCR 7(e) ("Absent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim.").

On April 24, 2024, Baylis filed his Motion to Strike No. 1 (Dkt. 56) in which he seeks to strike Valve's ninth defense. Hours later, Baylis filed Motion to Strike No. 2 (Dkt. 58), in which he seeks to strike all of Valve's remaining defenses and affirmative defenses. Both motions relate to the same answer, and both could have been brought together. Filing multiple motions to strike in this manner directly violates Rule 12(g)'s prohibition on filing multiple Rule 12 motions. Baylis' violation of Rule 12(g)(2) inappropriately wastes Valve's and this Court's time and resources by requiring redundant briefing. It also enables Baylis to

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 2



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

improperly circumvent the word count limit for non-dispositive motions. Baylis' combined Motions to Strike Nos. 1 and 2 contain 6,870 words instead of the 4,200 word limit set by Local Civil Rule 7(e)(4). Because Baylis' multiple motions to strike violate Rule 12(g) and Local Civil Rule 7(e)(4), Valve requests that the Court deny Baylis' Motion to Strike No. 2.

### B. Legal Standards

#### 1. Rule 12(f) Motions to Strike Defenses and Affirmative Defenses Are Disfavored and Ordinarily Will Not Be Granted, Particularly Absent a Showing of Prejudice

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions are "disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Shackelford v. W. Coast Freightline*, No. C20-5492, 2020 WL 5877579, at *1 (W.D. Wash., Oct. 2, 2020); *see also Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*, 623 F. Supp. 3d 1132, 1136 (W.D. Wash. 2022) (observing that motions to strike are disfavored "because of the limited importance of pleading in federal practice").

Ordinarily, a motion to strike will not be granted unless "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *Id.* (quoting *N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id.* (quoting *N.Y.C. Emps. Ret. Sys.*, 667 F. Supp. 2d at 1128); *see also, Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Associates, LLC*, 217CV03007APGVCF, 2020 WL 8475976, at *2 (D. Nev. May 13, 2020) (for Rule 12(f) motions to strike, "a showing of prejudice is a threshold issue.").

"[I]f the district court is in doubt whether the challenged matter may raise an issue of fact or law, ... the motion to strike under Rule 12(f) should be denied and the sufficiency of

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

the allegations left for further elaboration through discovery and adjudication by summary judgment or a trial on the merits." *Gibbens v. Quick Collect, Inc.*, No. C21-1643RSL, 2022 WL 168507, at *1 (W.D. Wash., Jan. 18, 2022) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)). Baylis fails to meet his burden of establishing any grounds for striking Valve's defenses and affirmative defenses.

### 2. Notice Pleading—not the Higher *Twombly* Standard—Applies to Defenses and Affirmative Defenses

As set forth in Valve's Response to Motion to Strike Ninth Defense ("Response to Motion to Strike No. 1"), which Valve incorporates by reference here, Rules 8 and 12 instruct a defendant to assert its potential defenses in its answer in "short and plain terms." Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it . . . .").

Baylis incorrectly asserts that the *Twombly/Iqbal* plausibility standard applies when determining the sufficiency of defenses and affirmative defenses. Dkt. 58 at 8. *Twombly* does not apply to defenses or affirmative defenses in the Western District of Washington. *Eritrean Ass'n of Greater Seattle v. Gebrekidan*, 3:24-CV-05517-DGE, 2025 WL 447780, at *2 (W.D. Wash. Feb. 10, 2025) (rejecting *Twombly* for determining the sufficiency of affirmative defense). The rule for determining a defense's sufficiency is Rule 8's lenient "short and plain" standard – *i.e.*, whether defendants' affirmative defenses provide a "short and plain statement" that "affords sufficient fair notice of the affirmative defense and the grounds upon which it rests." *Id.* at *2. Valve's affirmative defenses meet this fair notice standard, and Baylis does not argue otherwise**.**

### 3. A Party Cannot Use a Rule 12(f) Motion to Argue the Merits of Their Claims

Rule 12(f) motions to strike may not be used to challenge the merits of claims or factual or legal issues in dispute. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Novva Ausrustung Grp., Inc. v. Kajioka*, No. 217CV01293RFBVCF, 2017

---



WL 2990850, at *2 (D. Nev. July 13, 2017) ("Rule 12(f) motions should not, at bottom, be used as a means to have certain portions of a complaint dismissed or to obtain summary judgment as to those portions of the suit—these actions are better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."); *Paulson v. Snohomish Cnty. Wash.*, No. C09-0377-JCC, 2009 WL 2987397, at *7 (W.D. Wash. Sept. 14, 2009) ("Rule 12(f) does not authorize the Court to adjudicate claims on their merits.")

### C. Baylis' Motion to Strike No. 2 Should Be Denied

Baylis baselessly argues that Valve is asserting its defenses as affirmative defenses. Dkt. 58 at 8-9. Valve's First Amended Answer and Affirmative Defenses to Plaintiff Trevor Kevin Baylis' Second Amended Complaint (Dkt. No. 54) ("First Amended Answer and Affirmative Defenses") clearly delineates between its defenses and affirmative defenses. Dkt. No. 54 at 15-16. Contrary to Baylis' implication that there is somehow something inappropriate about asserting both defenses and affirmative defenses, the Civil Rules state otherwise. Valve is entitled to and required by Rules 8 and 12 to provide a short and plain statement of both its defenses and affirmative defenses, and Baylis does not demonstrate any prejudice from Valve doing so.  Moreover, Baylis is flatly incorrect that the *Iqbal/Twombly* standard applies to defenses and affirmative defenses in this district. Finally, Baylis may not use Rule 12(f) as a disguised merits-based summary judgment motion.

#### 1. Valve's first affirmative defense.

Valve's first affirmative defense provides:

> The Second Amended Complaint is subject to dismissal for Baylis' failure to join necessary and indispensable parties to this action, including, without limitation, copyright holders for the film *Iron Sky,* including *Iron Sky's* production companies and/or producers of the allegedly infringing video game.

Dkt. 54 at 16. Baylis alleges no prejudice relating to this affirmative defense and provides no valid grounds for striking it. Instead, he tries to argue against its merits by claiming that the

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

producers of the film *Iron Sky* do not actually have a valid ownership interest in *Iron Sky*. Dkt. 58 at 10. Baylis also argues that he is a valid joint author. *Id.* at 11. These merit-based arguments are inappropriate and cannot be decided on a Rule 12(f) Motion. Valve's first affirmative defense provides fair notice, and Baylis does not contend otherwise. There are no grounds to strike it.

### 2.  Valve's second affirmative defense.

Valve's second affirmative defense provides:

> Baylis' claims for damages may be barred in whole or part to the extent Baylis has failed to take reasonable steps to mitigate his alleged damages, including, without limitation, Baylis' failure to institute timely legal action for injunctive relief against the alleged direct infringers of his alleged copyright.

Dkt. 54 at 17. Baylis again improperly attacks the merits of this affirmative defense, disputing that he failed to mitigate his damages and arguing that Valve failed to mitigate. Dkt. 58 at 11-12. His merit-based arguments must be disregarded. Baylis alleges no prejudice and provides no valid grounds for striking this affirmative defense, which provides fair notice of the defense being asserted.

### 3.  Valve's third through sixth affirmative defenses.

Baylis incorrectly argues that Valve's third through sixth affirmative defenses fail under the *Twombly* pleading standard because they are "boilerplate." Dkt. 58 at 12. First, Baylis fails to allege or show any prejudice relating to these affirmative defenses. This alone requires denying his request to strike them. Second, as discussed *supra*, *Twombly* does not apply – only a "short and plain statement" providing fair notice is required. Each affirmative defense clearly meets this standard, and Baylis does not argue otherwise. In addition, far from being boilerplate, each affirmative defense addresses the specific circumstances and facts of Baylis' claims, and each is tailored to those claims.

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

### i.    Valve's third affirmative defense provides fair notice.

Valve's third affirmative defense[1] relating to Baylis' fraud and inequitable conduct in connection with his copyright registration incorporates by reference the detailed facts and arguments set forth in pleadings at Dkt. Nos. 43, 44, 44-1 through 44-9, and 52. Dkt. 54 at 17. Given the extensive facts and arguments incorporated by reference, it is hard to imagine a more detailed, robust affirmative defense. Further, Baylis has not alleged prejudice relating to this affirmative defense.

### ii.    Valve's fourth affirmative defense provides fair notice.

Valve's fourth affirmative defense provides:

> Any damage Baylis actually suffered – which Valve denies – was directly and proximately caused and contributed to by acts of parties other than Valve, including, without limitation, videogame developers, *Iron Sky* film producers, and Baylis' employers.

Dkt. 54 at 17. Baylis does not allege any prejudice relating to this affirmative defense. The defense also provides a sufficient, short, and plain statement and fair notice. Baylis does not argue otherwise. It is closely tied to the facts of this case and identifies the other parties who may have contributed to any alleged damages.

### iii.    Valve's fifth affirmative defense provides fair notice.

Valve's fifth affirmative defense provides:

> Baylis' claims may be barred, in whole or in part, because Baylis' alleged work is such an insubstantial portion of the alleged infringing work that they are either *de minimis* or permitted fair use.

Dkt. 54 at 17-18. Baylis does not allege that he is prejudiced in any way by this affirmative defense, which requires denying his request to strike it. Further, Baylis does not show how the defense falls short of the short and plain statement rule. It provides fair notice that Valve is relying on the *de minimis* and fair use doctrines because Baylis' contributions to the alleged work were so minimal.

---

[1] The full third affirmative defense, found at Dkt. 54 at 17, is not included here due to its length.

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 7



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

### iv.    Valve's sixth affirmative defense provides fair notice.

Valve's sixth affirmative defense of res judicata and collateral estoppel is also far from "boilerplate."[2] As with the third affirmative defense, the sixth affirmative defense incorporates by reference the detailed facts and arguments in multiple other pleadings (incorporating Dkt. Nos. 43, 44, 44-1 through 44-9, and 52) and it identifies the prior court decision (the final court decision in Finland) that that has previously determined the claims and issues that Baylis asserts in this case. Dkt. 54 at 18. It is specious to argue that this factually and legally dense affirmative defense does not provide the required fair notice. And again, Baylis alleges no prejudice.

### v.    Valve's seventh affirmative defense provides fair notice.

Valve's seventh affirmative defense states:

> Baylis' claims may be barred, in whole or in part, by the statute of limitations set forth in 17 U.S.C. § 507(b) or by the doctrine of laches as Baylis has failed to timely assert his alleged claims within three years after his alleged claims accrued.

Dkt. 54 at 18. As with the other affirmative defenses, Baylis alleges no prejudice. Further, this affirmative defense provides fair notice. The *Miller* case that Baylis cites supports this conclusion.  There, the court found a statute of limitations defense provided adequate fair notice where the defense cited to the applicable statute and the applicable limitations period, as Valve's seventh affirmative defense does here. *See Miller v. Ghirardelli Chocolate Co.*, C 12-04936 LB, 2013 WL 3153388, at *4 (N.D. Cal., June 19, 2013) (statute of limitations affirmative defense provided adequate fair notice by identifying some of the applicable statutes and limitations periods).[3]

---

[2] Valve's sixth affirmative defense, found at Dkt. No. 54 at 18, is not included here due to its length.

[3] The other case Baylis cites is distinguishable. In *Hernandez v. Dutch Goose, Inc.*, C 13-03537 LB, 2013 WL 5781476, at *4-5 (N.D. Cal., Oct. 25, 2013) the court found that a mere citation of some statutory provisions is not enough; there must be some factual allegation showing that those provisions relate to the action. *Id.* Valve has provided that notice here. It has provided not only the applicable statute, it also alleges the applicable

VALVE'S RESPONSE TO MOTION TO STRIKE
AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM – Page 8



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1

        **vi.**        **Valve's eighth affirmative defense provides fair notice.**

2

        Baylis also argues that Valve's eighth affirmative defense of equitable doctrines is

3

too "boilerplate."[4] In fact, Valve's eighth affirmative defense incorporates by reference the

4

extensive facts, arguments, and exhibits set forth in prior pleadings, including Dkt. Nos. 43,

5

44, 44-1 through 44-9, and 52, far exceeding the "short and plain statement" requirement and

6

providing Baylis with extensive notice. Dkt. 54 at 18-19. And yet again, Baylis makes no

7

threshold showing of prejudice.

8

               **IV.**        **CONCLUSION**

9

        For the reasons set forth above, Valve respectfully requests that the Court deny

10

Baylis' Motion to Strike No. 2.

11

12

  DATED:  April 21, 2025.           I certify that this memorandum contains
                                  2,595 words, in compliance with the Local

13

                                  Civil Rules.

14

                                  **ARETE LAW GROUP PLLC**

15

                                  By: */s/ Jonah O. Harrison*

16

                                  Jonah O. Harrison, WSBA No. 34576
                                  Jeremy E. Roller, WSBA No. 32021

17

                                  600 University Street, Suite 2420
                                  Seattle, WA 98101

18

                                  Phone: (206) 428-3250

19

                                  Fax:    (206) 428-3251
                                  jharrison@aretelaw.com

20

                                  jroller@aretelaw.com

21

                                  *Attorneys for Defendant Valve Corporation*

22

23

24

25

                                                   

limitations period (three years) and alleges that Baylis' claims are barred because he did not timely assert his alleged claim within the three years. This provides sufficient fair notice. *See Miller, supra*.

26

[4] Valve's eighth affirmative defense, found at Dkt. No. 54 at 18, is not included here due to its length.



1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on this date I caused true and correct copies of the foregoing

3  document to be served upon the following, at the addresses stated below, via the method of

4  service indicated.

5

6  Trevor Kevin Baylis (*pro se*)              ☐   E-mail
   Jankanraitti 10 A 4                         ☐   U.S. Mail
7  33560, Tampere                              ☒   E-filing
   Finland

8

9

10  Dated this 21ˢᵗ day of April, 2025 in Seattle, Washington.

11                                  */s/ Kaila Greenberg*
                                    Kaila Greenberg
12                                  Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250