The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>　　　　Plaintiff, *(pro se)*.<br><br>　v.<br><br>VALVE CORPORATION,<br><br>　　　　Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT**<br><br>NOTED ON MOTION CALENDAR:<br>April 25, 2025 |

1.     **INTRODUCTION**

Defendant's ("Valve") Defendant Valve Corporation's Response To Motion To Strike Ninth Defense To Second Amended Complaint ("Response") conclusively demonstrates that their Ninth Defense ("Defense") is fundamentally flawed and must be stricken.

See Baylis' Motion To Strike Defendant Valve Corporation's Ninth Defense To Plaintiff Trevor Kevin Baylis' Second Amended Complaint (#Dkt. 56) ("Motion").

Firstly, Valve have not ever claimed that Plaintiff ("Baylis") has not been the originator and creator of his own Work related to Baylis' Copyright Registration No. PA0002432422, and nor have they claimed Baylis' Work is created by or copied from others.

Secondly, Valve not claimed the work lacks at least some minimal creativity! This on its own is a sufficient basis to strike this improperly pled defense under Rule 12(f).

Thirdly, Valve agrees with Baylis that "original", as the term is used in copyright law, means only that the work was independently created by the author . . . , and that it possesses at least some minimal degree of creativity." Feist Pubs, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991). A work is original if "the author contributed something more than a merely trivial variation, something recognizably his own." N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir. 1992) (citation omitted). The effort involved to create the work is "wholly irrelevant." CDN, Inc. v. Kapes, 197 F.3d 1256, 1260 (9th Cir. 1999).

Valve then introduces more impertinent and irrelevant matters referring to a redundant motion for summary judgment that this court has already stricken (Dkt. No. 21).

2.     **FACTS**

Defendant Valve Corporation ("Valve"), are a video game distributor operating a digital storefront and gaming platform, Valve have infringed Baylis' copyright from the film Iron

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM

Page 1

1  Sky ("Work") registered under number PA0002432422 by displaying and distributing images

2  from he Work. Baylis also alleges that Valve has failed its duty to expeditiously disable the

3  infringing material under section 512 of the Copyright Act. See, Second Am. Compl. (Feb. 6,

4  2024), ECF No. 25. ("#Dkt 25")

5      Valve brought a Motion to Refer the Register of the U.S. Copyright Office ("Register")

6  pursuant to 17 U.S.C. § 411(b)(2),  (#Dkt 43) requesting that the Court refer to the Register to

7  advise on the following issue:

8  > "Would the Register have rejected Baylis' Copyright Registration No. PA0002432422 had it known that, contrary to his inaccurate statement that he is a joint author of Iron
9  > Sky, on May 31, 2018 a Finnish court expressly determined that Baylis is not a joint author and has no copyright in the movie Iron Sky or its animated parts?"

10  
11  The Register answered the question saying that,

12  > "...based on the facts provided by Mr. Baylis, even if the Office had known about the Finnish court's decision, **it would have registered the Work**." (Emphasis added)

13      Therefore, *as specifically confirmed related to this case by the Register*, Baylis holds

14  a valid copyright to his Work which, is especially pertinent in this case based on the fact that

15  *Valve specifically asked the Register to look into the matter themselves!*

16          **3.    ARGUMENT**

17      **A. Valve's Ninth Defense Should be Stricken**

18      A plaintiff must show that "there are no questions of fact, that any questions of law are

19  clear and not in dispute, and that under no set of circumstances could the defense succeed."

20  Kerzman v. NCH Corp., No. C05-1820JLR, 2007 WL 765202, at *7 (W.D.Wash. Mar. 9,

21  2007) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d

22  1028, 1032–33 (C.D. Cal. 2002)).

23  
24  

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF
TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM

Page 2

1        Valve does not contest that Baylis is the originator and creator of his Work.

2 Indeed no one has ever claimed that Baylis is not the originator and creator of his Work.

3 Even in previous litigation abroad related to the same Work, defendants in that case,

4 the Iron Sky Producers and Director ("Producers") have not ever claimed that Baylis is

5 not the originator and creator of his Work. Instead the Producers claim that the rights

6 automatically transfered to them because they had commissioned the work under "work

7 for hire" agreements (see, Director Timo Vuorensola's comments. #Dkt 49-1)- which is

8 false as "work training agreements" where used and indicates a grave procedural error by

9 Finnish courts as it shows that **Baylis was unemployed and remains copyright owner to his**

10 **own work because there was no employment or service relationship with anyone at the**

11 **time (# Dkt 25 Pages 34-35)**

12        Originality is a question of fact and it is simply an uncontested fact that Baylis is

13 the originator and creator of his own Work and Valve's Defense is redundant, irrelevant,

14 immaterial and impertinent. This is clear and cannot be in dispute, and under no set of

15 circumstances could the Valve's Defense succeed."

16        "Original, as the term is used in copyright, means only that the work was

17 independently created by the author . . . , and that it possesses at least some minimal degree of

18 creativity."Feist Pubs, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991).  A work is

19 original if "the author contributed something more than a merely trivial variation, something

20 recognizably his own."  N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir.

21 1992) (citation omitted).  The effort involved to create the work is "wholly irrelevant."  CDN,

22 Inc. v. Kapes, 197 F.3d 1256, 1260 (9th Cir. 1999).  However, when a work embodies only

23 the minimum level of creativity necessary for copyright, it is said to have "thin" copyright

24

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF
TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.     Page 3
No. 2:23-cv-01653-RSM

protection, which "protects against only virtually identical copying." Satava v. Lowry, 323 F.3d 805, 812 (9th Cir. 2003).

Whether a work involves sufficient creativity is a question of fact, see Dezendorf v. Twentieth Century-Fox Film Corp., 99 F.2d 850, 851 (9th Cir. 1938) (holding that "question of originality" is "one of fact, not of law"); Paul Goldstein, Goldstein on Copyright,§ 2.2.1 (3d ed. 2023) ("Courts have historically characterized originality as a question of fact.").

Rather than raising a defense to suggest that Baylis is not the originator and creator of his Work, Valve instead just inadequately claimed that,

> **"Challenging originality is an expected and appropriate defense to a copyright infringement claim" (#Dkt 71. Page 5)**

This is not sufficient under rule Rule 12(f). It is devoid of any factual detail from which Baylis can discern any basis for Valve's defense.

As the drafter of its Amended Answer (#Dkt 54), Vlave is the one required to provide the specific factual bases for each one of its defenses at the time they are pled. Rule 12(b provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Valve has NOT provided the specific factual basis for their Defense under Rule 12(b).

Valve's claim about prejudice is also irrelevant because it doesn't alter the fact that Valve's defense is an insufficient defense. It is redundant, immaterial and impertinent especially because of Valve's own request to the Register (#Dkt 43) - and the Register's Response of the Register of Copyrights (#Dkt 66-1) confirms Baylis owns valid copyrights to his Work and that the originality requirement is met or else the Register would say otherwise.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM

Page 4

**B. Valve Introduces More Impertinent and Irrelevant Matters**

Valve claims that,

"Baylis' Motion to Strike No. 1 is an improper attempt to do an end run around the Court's prior order striking his premature motion for summary judgment (Dkt. No. 21)"

This claim from Valve itself is simply without merit and irrelevant, immaterial and impertinent as Baylis' Motion makes no such inference. Baylis merely highlights the fact that Valve's defense is redundant, immaterial and impertinent and cannot succeed at trial because Baylis' burden of proof already met by the Register's response (#Dkt 66-1) and also, would easily be met by Baylis simply by recreating the Work in front of a judge (See (Keane v. Keane, 893 F.2d 1338 In that case, Margret Keane painted a picture for the judge whereas Walter Keane claimed his shoulder hurt and couldn't paint). Baylis has already done similar in Baylis v Troll VFX (#Dkt 49-3. Pages BAYLIS_10, 11 & 26)  and thereby easily proved his ability to create original works of authorship with more than a modicum of creativity. It is a fact that Baylis is a high level 3D animator and Valve make no claim that Baylis wouldn't be able recreate his own Work in front of a judge or that it lacks a modicum of originality.

Again, whether a work involves sufficient creativity is a question of fact, see Dezendorf v. Twentieth Century-Fox Film Corp., 99 F.2d 850, 851 (9th Cir. 1938) (holding that "question of originality" is "one of fact, not of law"); Paul Goldstein, Goldstein on Copyright,§ 2.2.1 (3d ed. 2023) ("Courts have historically characterized originality as a question of fact.").

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM

Page 5

### 4. CONCLUSION

This court should strike Valve's (ninth) Defense as it is redundant, irrelevant, immaterial and impertinent. Valve agrees with Baylis that, "Original, as the term is used in copyright law, means only that the work was independently created by the author . . . , and that it possesses at least some minimal degree of creativity." Feist Pubs, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991).

Valve specifically requested that the Register be asked if Baylis copyright registration PA0002432422 was valid (#Dkt 43), and the Register confirmed that it was valid (#Dkt 66-1). This alone renders Valve's Defense redundant, irrelevant, immaterial and impertinent.

For the reasons set forth above, Baylis respectfully requests that the Court grant Baylis' Motion to Strike.

I certify that this memorandum contains 1586 words, in compliance with the Local Civil Rules.

24th April 2025

Trevor Kevin Baylis

*[signature: Trvr Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 24th April 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 24th April 2025

*Trevor Baylis* (signature)

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S NINTH DEFENSE TO PLAINTIFF
TREVOR KEVIN BAYLIS' SECOND AMENDED COMPLAINT.
No. 2:23-cv-01653-RSM