The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>           Plaintiff, *(pro se)*.<br><br>   v.<br><br>VALVE CORPORATION,<br><br>           Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES**<br><br>NOTED ON MOTION CALENDAR:<br>April 25, 2025 |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM

1. **INTRODUCTION**

Defendant's ("Valve") Defendant Valve Corporation's Response To Motion To Strike Affirmative And Other Defenses And Request To Strike Pursuant To Rule 12(G) ("Response. 2") conclusively demonstrates that their affirmative and other defenses ("Defenses") are fundamentally flawed and must be stricken. See Baylis' Motion To Strike Defendant Valve Corporation's Affirmative And Other Defenses #Dkt. 58 ("Motion. 2").

The current motions (#Dkts 56 & 58) are submitted to streamline the case and not to create unnecessary burden for the court. It is Valve who are acting disingenuously to prolong this action which has already been delayed almost by a year which has caused prejudice to Baylis in that justice is being delayed because of Valve's previous frivolous motions (#Dkt. Nos. 43, 44, 52) which had no merit to begin with! (see #Dkt 66-1 confirming Baylis' valid U.S. Copyright registration PA0002432422).

Valve erroneously believe that an irrelevant Finnish ruling is determinative in this case (#Dkt. Nos. 43, 44, 52) even though (1) Finnish Court and Supreme Court ruling are non-binding civil law rulings [1]. (2) Finnish copyright law is limited to 'published works' that were "First Published" in Finland (see, §63(2) of Finnish copyright act) (Iron Sky is a published work "First Published" in Germany). (3) The Finnish ruling that Valve rely on is incoherent and error strewn. (4) The Register of the U.S. Copyright Office has specifically informed Valve and this court that the United States Copyright law applies exclusively for copyright protection of foreign works in the United States (#Dkt 66 -1) in answer to Valves' own frivolous motions (#Dkt. Nos. 43, 44, 52).

---

[1] "Under the Finnish legal system a judicial precedent is not binding. Courts of appeal and even district courts may depart from earlier decisions made by the Supreme Court." https://korkeinoikeus.fi/en/index/ennakkopaatokset.html

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM

Page 1

## 2. FACTS

Defendant Valve Corporation ("Valve"), are a video game distributor operating a digital storefront and gaming platform, Valve have infringed Baylis' copyright from the film Iron Sky ("Work") registered under number PA0002432422 . Valve has failed its duty to expeditiously disable the infringing material under section 512 of the Copyright Act. See, Second Am. Compl. (Feb. 6, 2024), ECF No. 25. ("#Dkt 25")

**Iron Sky was "First Published" in Germany 11th February 2012 (#Dkt 25. ¶¶ 3-4, 33-35, 89-91) and Valve have never claimed that this is "knowing incorrect information" provided to the Copyright Office in the previous pleadings (#Dkt. Nos. 43, 44, 52).**

The Copyright Act defines "publication" as [T]he distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. (https://www.law.cornell.edu/uscode/text/17/101)

## 3. ARGUMENT

Firstly, Valve complains that Baylis violates Rule 12(g). This according to Valve relates to harassment and word limits. However Baylis' motions are not harassment and simply intend to streamline court procedures, and not waste the courts time which are valid Rule 12 (f) reasons. Valve's complaint is a distraction from the fact that ALL their defenses fail and essentially amount to an attempt to coerce this court into unlawful judicial expropriation of Baylis' property rights so that Valve may continue to benefit from them instead (See, Baylis' refernce to U.S.C. 17§201(e) non-expropriation of copyright rules #Dkt 58 Page 2).

In any case, the remedy to Valve's word limit complaint is that the court may simply

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM

Page 2

1  refuse to consider any text, including footnotes, which are not included within the word or page

2  limits LCR 7(6). As set forth in Valve's Response to Motion to Strike Ninth Defense ("Response

3  to Motion to Strike No. 1"), which Baylis incorporates by reference here, Valve is in agreement

4  with Baylis about "novelty" not being required in relation to "original works of authorship"

5  (See #Dkt 71 Valves admits that "novelty" is not part of copyright law ) The court could

6  ignore that text relevant to "novelty" (#Dkt 56) and Valve's ninth defense is still immaterial

7  and redundant in any case as questions of "original works of authorship" are FACT based,

8  which is not a discrete issue to the fact that ALL of Valve's defenses are inadequate, redundant,

9  immaterial, impertinent, or based on a scandalous matter (An irrelevant Finnish ruling).

10      Rule 12(f) provides that a court "may strike from a pleading an insufficient defense

11  or any redundant, immaterial, impertinent, or scandalous matter." Valve however want to

12  use an immaterial, redundant and a scandalous matter, namely an immaterial, redundant and

13  scandalous Finnish Court ruling as the very foundation of their defenses! (See #Dkt. Nos. 43,

14  44, 44-1 through 44-9, and 52). This court should deny Valve's request to strike this Motion. 2

15  because their argument is designed to further complicate and delay this case, and to continue

16  make to meritless reference to an irrelevant non-binding error strewn Finnish ruling (itself an

17  attempt at judicial expropriation of property rights) as their only supporting evidence!

18      Baylis' Motion. 2 sets forth multiple grounds for granting the extreme remedy

19  of striking Valve's defenses and affirmative defenses because they are all immaterial,

20  redundant and related to a scandalous matter.

21      Secondly, Baylis has shown that there are no questions of fact, and that any questions

22  of law are clear and not in dispute, and that under no set of circumstances could Valve's

23  defenses succeed. (see, Kerzman v. NCH Corp., No. C05-1820JLR, 2007 WL 765202, at *7

24

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES          Page 3
No. 2:23-cv-01653-RSM

1  (W.D.Wash. Mar. 9, 2007) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,
2  217 F.Supp.2d 1028, 1032–33 (C.D. Cal. 2002)).

3  Valve had stated in (#Dkt 43. Footnote 7) words to the effect that if Baylis were to
4  argue that Finnish ruling is not determinative - it is not determinative - then they would draw
5  this courts attention to the Finnish "work training agreement" that was in effect at the time
6  when Baylis created 3D models and animation works extensively used in the film Iron Sky.
7  However, that "work training agreement" indicates a grave procedural error by Finnish courts
8  as it shows that **Baylis was unemployed and remains copyright owner to his own work**
9  **because there was no employment or service relationship with anyone at the time (# Dkt**
10  **25 Pages 34-35)**, and Baylis therefore has "First publication" rights to designate Germany as
11  the Nation of First Publication and this sets the "point of attachment" of German Copyright
12  Law to the film Iron Sky which, amongst other reasons, is essential when it comes to making
13  deals with distributors as there should be no ambiguity about which laws apply in case of
14  disputes. "First Publication" sets the clock ticking for the terms of copyright protection. This
15  Court must apply German Law in terms of copyright existing **for published works** [2] and
16  then U.S. Copyright Law exclusively for protection in the United States (U.S.C.17§104(b)
17  (2). This means that there are no questions of fact in dispute, and that any questions of law
18  are clear and not in dispute (namely Finnish law is irrelevant and Baylis owns his work and
19  copyright to it), and therefore, under no set of circumstances could Valves' defenses succeed.

---

[2] "Section 104(b)(2) of the Copyright Act affords protection to all works that are first published in (i) the United States or (ii) a foreign nation that, on the date of the first publication, is a treaty party. In other words, regardless of the nationality or domicile of the author(s), a work may be eligible for protection under the Copyright Act if it is first published in the United States or in any nation that has a relevant treaty with the United States at the time of the first publication.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES         Page 4
No. 2:23-cv-01653-RSM

Third, Valve claim that the Iqbal/Twombly pleading standard does not apply to defenses and affirmative defenses. This is not true as many district courts have applied that standard but regardless of Iqbal/Twombly, the FACT remains that Valve's defenses are inadequate under Rule 12 (f). Judges in this court have stricken inadequate defenses. (See, Smith v. Bank of New York Mellon #Dkt 42. "Plaintiff's motion to strike Defendants BONY and Shellpoint's affirmative defenses (Dkt.No. 30) is GRANTED". Also, Opico v. Convergent Outsourcing, Inc. #Dkt 15 "The Court hereby ORDERS that defendant's affirmative defenses are STRICKEN.")

Fourth, these motions (#Dkt 56 and 58) are just motions to strike defenses and are entirely proper as such motions as mentioned above, have been filed and ruled on before in this very court. There is no request for summary judgment in these motions (#Dkt 56 and 58) and Valve's argument about that is entirely made up.

      **a.**    **Valve's first affirmative defense should be stricken**

This defense is redundant, impertinent and immaterial because the U.S. Copyright Office have confirmed Baylis ownership **at Valve's own request for an investigation**, and in the report of the Register she highlighted the *existence of a document proving that no employment or service relationship existed between Baylis or anyone else,* which proves conclusively that it is a FACT that Iron Sky producers don't have a valid chain of title to authorize adaptations of Baylis' work and Valve cannot have any copyright license or assignment from Baylis either. Valve's defense is frivolous impertinent and redundant.

      **b.**    **Valve's second and seventh affirmative defenses should be stricken**

Valve have admitted in their answer to Baylis Second Amended Complaint (#Dkt 25) that they re-instated the infringing material. This is a cause of action and Valve are to this day refusing to take down the material even after the U.S. Copyright Office have confirmed

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM

Page 5

1  Baylis ownership. ("105. Valve admits that it took down certain material and that, after

2  receipt of a counter notification, that material once again became available."( #Dkt 54 ¶ 105)

3        The Register highlighted the existence of a document proving that no employment or

4  service relationship existed when Baylis created his work which proves conclusively a FACT

5  that Valve cannot own any of Baylis' exclusive rights to distribute his work on their storefront

6  game platform Steam. Valve's defenses are frivolous, impertinent and redundant.

7        c.    **Valve's third affirmative defense should be stricken**

8        Valve accuses Balyis of inequitable conduct for '**claiming his own work as his**

9  **own work.'** This is not inequitable or fraudulent conduct. In connection with this Valve

10  incorporates by reference frivolous arguments set forth in pleadings at Dkt. Nos. 43, 44,

11  44-1 through 44-9, and 52. Dkt. 54 at 17. These arguments incorporated by reference, have

12  failed due to the FACT that U.S. Copyright Office have confirmed Baylis' ownership under

13  Valve's own request for an investigation, and in the report of the Register, she highlighted

14  Baylis's right to be named Claimant on the registration as author of his own work! It is hard

15  to imagine a more frivolous impertinent and redundant affirmative defense from Valve.

16        d.    **Valve's fourth affirmative defense should be stricken**

17        This affirmative defense is utterly irrelevant frivolous impertinent and redundant and

18  doesn't excuse Valve's own conduct in the slightest.

19        e.    **Valve's fifth affirmative defense should be stricken**

20        This affirmative defense is utterly irrelevant frivolous impertinent and redundant

21  because the U.S. Copyright Office have confirmed Baylis ownership under Valve's own

22  request for an investigation, and in the report of the Register she highlighted the FACT

23  that the Register examines the work in question – a science fiction film and it's animated

24

sequences - to establish it meets the required criteria for copyright. Baylis's work is obviously not in any way *de minimis*, and it is equally hard to imagine a more frivolous impertinent and redundant affirmative defense.

### f. Valve's sixth and eight affirmative defense should be stricken

These defenses also incorporates by reference failed arguments in multiple other pleadings (incorporating Dkt. Nos. 43, 44, 44-1 through 44-9, and 52) and it identifies the ruling in Finland which is itself immaterial, impertinent and redundant. These frivolous motions (Dkt. Nos. 43, 44 and 52) have already caused prejudice to Baylis and delayed this case for almost a year, and it is equally hard to imagine a more frivolous impertinent and redundant affirmative defense from Valve especially as they make reference directly to an irrelevant court ruling from Finland.

## 4. CONCLUSION

For the reasons set forth above, Baylis respectfully requests that the Court grant Baylis' Motion to Strike.

I certify that this memorandum contains 1906 words, in compliance with the Local Civil Rules.

24th April 2025

Trevor Kevin Baylis

*[signature]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 24th April 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 24th April 2025

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
VALVE CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES
No. 2:23-cv-01653-RSM