UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS, | Case No. C23-1653RSM |
| Plaintiff, | ORDER DENYING MOTIONS TO STRIKE DEFENSES |
| v. | |
| VALVE CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Baylis's Motions to Strike Defenses, Dkts. #56 and #58. Plaintiff first moves to strike Defendant Valve Corporation's Ninth Defense, which states "Baylis' claims may be barred, in whole or in part, because the works alleged are not copyrightable for lack of originality." Dkt #56 (citing Dkt. #52 at 16). The second Motion asks to strike all the other defenses, arguing that certain defenses are baseless on the merits and that others are merely "boilerplate" and fail to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.,* Dkt. #58 at 10 ("these defenses are irrelevant and false"); Dkt. #58 at 13 (using phrase "boilerplate" and citing *Twombly* and *Iqbal*). Defendant opposes both Motions. Dkts. #71 and #72. Neither party requests oral argument.

ORDER DENYING MOTIONS TO STRIKE DEFENSES - 1

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Adan v. Swedish Health Servs.*, Case No. 2:23-cv-01266-TL, 2024 U.S. Dist. LEXIS 92865, 2024 WL 2398208, at *4 (W.D. Wash. May 23, 2024). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). An affirmative defense may be insufficient "as a matter of pleading or as a matter of law." *Seattlehaunts, LLC v. Thomas Family Farm, LLC*, No. C19-1937 JLR, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020).

An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013). Although an affirmative defense is not required to meet the *Iqbal/Twombly* standard, it "must be supported by at least some facts indicating the grounds on which the defense is based." *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020).

Rule 12(g) states "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule may not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This Court's Local Rules further state "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim. LCR 7(e)(3).

ORDER DENYING MOTIONS TO STRIKE DEFENSES - 2

As an initial matter, Plaintiff has violated Rule 12(g) by filing two Rule 12(f) motions one day apart. The Court will substantively review both motions but warns Plaintiff against future failures to follow the Federal Rules of Civil Procedure and this Court's Local Rules.

The Court finds Plaintiff's repeated discussion of the merits improper for a Motion brought under Rule 12(f), which does not permit the Court to weigh evidence or dive into competing legal theories. Plaintiff's repeated citation to the *Twombly/Iqbal* pleading standard is also inapt; the Court will instead review these defenses for fair notice.

Defendant's Amended Answer lists nine "defenses" and eight "affirmative defenses." *See* Dkt. #54.

The Court does not understand why Defendant has written the first nine "defenses" as separate from "affirmative defenses;" some appear to repeat denials of infringement found earlier in the Answer, while others are more properly characterized as affirmative defenses. *See id.* at 15–16 ("Baylis' claims are barred because Valve has not infringed any of Baylis' alleged copyrights. . . . "Baylis' claims may be barred, in whole or in part, because the works alleged are not copyrightable for lack of originality.")

For all of the nine defenses except seven and nine, the Court finds these adequately pleaded given the remainder of the Answer and the proceedings in this case so far. *See* Dkt. #54. Plaintiff clearly understands and has fair notice of what Defendant will argue. These defenses either state, essentially, "we did not infringe" or "ownership of a valid copyright cannot be established." Although at times inartful, these are not redundant, immaterial, impertinent, or scandalous. Even if they were, Plaintiff has failed to show any prejudice, and the Court cannot conceive of any as Plaintiff will need to show infringement and ownership of a valid copyright to prove his case. The Court will not strike these defenses.

ORDER DENYING MOTIONS TO STRIKE DEFENSES - 3

The Seventh Defense states "[t]o the extent Baylis seeks recovery of profits or revenues of Valve arising from its sale or distribution of the video game alleged here, no such profits or revenues were attributable to or can be allocated or apportioned based upon the infringement Baylis alleges." *Id*. at 16. This is an affirmative defense. Plaintiff fails to adequately explain why this defense should be stricken, other than to say it is "irrelevant and false." *See* Dkt. #58 at 10. The Court finds that Plaintiff has failed to meet his burden and this defense is not insufficient, redundant, immaterial, impertinent, or scandalous.

The Ninth Defense is the subject of the separate Motion at Dkt. #56. In that Motion, Plaintiff improperly asks the Court to rule on the merits, taking into consideration exhibits attached to a declaration and weighing domestic and European case law. *See* Dkts. #56 and #57. Plaintiff's statements in briefing that he "is a high-end professional 3D artist and animator with decades of experience" who "can recreate the works in question" and who has "offered to demonstrate" such over Zoom is particularly demonstrative of his confusion about the applicable legal standards for a rule 12(f) Motion. *See* Dkt. #56 at 10. Disputes of fact are not something the Court can consider for this Motion, and live demonstrations will have to be saved for trial. Defendant has adequately explained how originality may become an issue in this case. *See* Dkt. #71 at 5. Plaintiff has not otherwise convinced the Court that this defense is redundant, immaterial, impertinent, or scandalous.

Turning to the other Affirmative Defenses, Plaintiff repeatedly argues disputed facts and legal merits, rather than the adequacy of pleadings. *See, e.g.,* Dkt. #58 at 11 ("previous litigation in Finland has demonstrated that the Iron Sky Producers do not actually have a valid Chain of Title to claim ownership of the film Iron Sky"); Dkt. #58 at 12–13 ("it is Valve who have failed to mitigate their own damages…. Valve is not eligible for DMCA Safeharbour [sic] provisions under U.S.C 17§512(C) because the DMCA safe harbors shield online service

ORDER DENYING MOTIONS TO STRIKE DEFENSES - 4

providers from liability only if they do NOT have actual or 'red flag' knowledge of infringement…"). These arguments are premature and fail under the above legal standards.

Plaintiff also asserts that several affirmative defenses (third, fourth, fifth, sixth, seventh, and eighth) are boilerplate or otherwise contain insufficient detail to put him on notice. *Id*. at 13–14. This is an appropriate basis to strike an affirmative defense under Rule 12(f). However, the Court has carefully reviewed the above defenses and finds that each contains adequate information to put Plaintiff on fair notice with "at least some facts indicating the grounds on which the defense is based." *See Grande*, *supra*. The Third Affirmative Defense argues that Plaintiff engaged in "fraudulent conduct and misrepresentations used in connection with obtaining a United States copyright registration" and incorporates by reference the facts, arguments, and exhibits set forth in the prior Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings, Dkt. #43. Dkt. #54 at 17. Plaintiff demonstrates he knows what Defendant is talking about by briefing an argument attacking the substantive merits of this defense with references to a specific previous court case. *See* Dkt. #58 at 13. The Fourth Affirmative Defense does not just say that damages may have been proximately caused by third parties, it lists potential third parties as "videogame developers, *Iron Sky* film producers, and Baylis' employers." Dkt. #54 at 17. This is sufficient. The Fifth Affirmative Defense states that "Baylis' alleged work is such an insubstantial portion of the alleged infringing work that they are either de minimis or permitted as fair use." *Id*. This refers to a specific infringing work and adequately puts Plaintiff on notice. The Sixth Affirmative Defense explains, in detail, how res judicata and collateral estoppel could apply here, citing a prior court decision in Finland and describing that decision. *See id*. at 18. This is sufficient. The Seventh Affirmative Defense is for the statute of limitations and laches, pleading that "Baylis has failed to timely assert his alleged claims within three years after his

alleged claims accrued." *Id*. This set forth a specific time limit and is sufficient to put Plaintiff on fair notice. The Eighth Affirmative Defense, nearly half a page long, asserts "the doctrines of waiver, estoppel, ratification, accord and satisfaction, unclean hands and/or other equitable doctrines." *Id*. at 18–19. It refers to prior proceedings involving Plaintiff and copyright ownership in *Iron Sky* and incorporates by reference the facts, arguments, and exhibits set forth in the prior Motion to Refer Copyright Registration Questions to the Register of Copyrights and for Stay of Proceedings. *Id*. This is sufficient.

Accordingly, having reviewed the briefing of the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Baylis's Motions to Strike Defenses, Dkts. #56 and #58, are DENIED.

DATED this 30th day of July, 2025.

                                      RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE