The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

        Plaintiff,

v.

VALVE CORPORATION,

        Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATIONS' MOTION FOR SUMMARY JUDGMENT**

Note on Motion Calendar:
September 25, 2025

## I.  INTRODUCTION AND RELIEF REQUESTED

Valve Corporation ("Valve") moves for summary judgment dismissing Trevor Baylis' ("Baylis") remaining claims for direct and contributory copyright infringement. As a matter of law, Baylis cannot establish copyright ownership in *Iron Sky* or its 3D models and animation because a Finnish court – in an action Baylis brought as plaintiff – has already ruled on these exact copyright ownership issues and found, after a full evidentiary hearing in which Baylis participated, that he does *not* own the copyrights. Principles of comity and collateral estoppel preclude Baylis from relitigating the same issues here. The Finnish decision is preclusive and Baylis cannot establish the necessary element of ownership. His copyright infringement claims fail as a matter of law and should be dismissed.

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## II.  ISSUE

Should the Court dismiss Baylis' remaining two claims against Valve for direct and contributory copyright infringement based on principles of comity and collateral estoppel where a competent Finnish court with jurisdiction, after a full evidentiary hearing in which Baylis participated, has already issued a final decision on the identical copyright ownership issues before this Court and found that Baylis owns no copyrights in *Iron Sky* or its models or animated parts?

## III.  EVIDENCE RELIED UPON

Valve relies upon the Declarations of Patrik Lindfors, the exhibits attached thereto, and the pleadings and other papers on file in this action.

## IV.  FACTS

**A.  The Parties.**

According to his Second Amended Complaint ("SAC"), Baylis is a United Kingdom citizen and a resident of Finland. Dkt. #25, ¶ 3. In 2010 and 2011, Baylis was an amateur animator in Finland, who, along with other amateur animators, provided animation work in Finland on a film called *Iron Sky* for Finnish production companies under a Finnish work training agreement. *Id.*, ¶¶ 40-41; 82-83.

Defendant Valve is a video game developer and digital distributor, with headquarters in Bellevue, Washington. *Id.*, ¶¶ 5-6. Valve operates a digital distribution platform for video games called Steam through which third-party game developers can sell and/or distribute video games. *Id.*

**B.  The Work.**

The work at issue is a film named *Iron Sky.* The plot, in essence, is that before the end of World War II, Nazis fled Earth on spaceships, established a settlement on the dark side of the moon, and, in 2012, returned to Earth. *Id.*, ¶¶ 33-41. Baylis alleges that while he was living in Finland (where he still resides), he was a member of a team of amateur animators

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

who worked on parts of the animation of certain spacecraft and weapons in some scenes in *Iron Sky* under Finnish government work training agreements. *Id.*, ¶¶ 40-43. According to the SAC, *Iron Sky* was produced by the Finnish companies Energia Productions and Blind Spot Pictures. *Id.*, ¶¶ 33-41.

**C.  A Finnish Court Enters a Judgment Determining That Baylis Does Not Own Copyrights in *Iron Sky* or in Its Models and Animation.**

In 2017, five years after the film came out publicly, Baylis, along with a few other members of the amateur animation team, brought a copyright lawsuit in Finland seeking a declaration that they were joint authors of *Iron Sky* and asserting they owned the copyright to the entire film. Declaration of Patrick Lindfors ("Lindfors Decl."), ¶11, Ex. B at Valve_002 ("Claim 1").[1] Baylis, identified in the Finnish action as "B",[2] also asserted copyright ownership in certain 3D models and animation in *Iron Sky*. *Id.* ("Claim 2(b)"). Specifically, Baylis claimed copyright ownership in 3D models and animations in the film, including:

- an animated spaceship called the Götterdämmerung, including its interior;
- a spaceship called the George W. Bush;
- a spaceship called the Valkyrie;
- a Moon Base, including its interior;
- a Landing Module; and
- a space vessel for Australian representatives.

*Id.* (collectively, the "Models and Animation"). The plaintiffs were represented during their lawsuit by an experienced Finnish intellectual property rights attorney. *Id.*, ¶13. The plaintiffs offered extensive evidence in the form of 47 exhibits, which the court considered, including documents, photos, model images, and video recordings. *Id.*, ¶17; Ex. B at Valve__007. The

---

[1] The translated version of the Finnish Decision has also been previously provided to the Court at Dkt. #44, ¶ 5 and Dkt. #44-4. For ease of reference, Valve has applied bates numbers to the translated version of the Finnish Decision to allow the Court to more easily reference Valve's citations. Valve notes that there are no page numbers in the original.

[2] Attached as Ex. B to Lindfors' Declaration is an unredacted version of the Finnish decision showing the actual party names. Lindfors Decl., ¶8, Ex. B. The plaintiff referred to as "B" in the translated version is Mr. Baylis. *Id.*

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 3


ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

court also considered evidence from the Finnish production companies in the form of 24 exhibits of emails, Twitter messages, screenshots, video recordings, employment contracts, and other documents. *Id*. In addition, the court heard testimony from all the parties. *Id*.

After an evidentiary hearing on the merits, on May 31, 2018, the Finnish court issued a written opinion setting out a detailed record of the evidence and arguments it considered as well as its analysis and decision ("Finnish Decision"). *Id.*, Ex. B. In that decision, the court ruled that:

- Neither Baylis nor any of the other members of the animation team could be considered authors of the film *Iron Sky* and thus they held no copyright to the film, including its Director's Cut (also referred to as the "Dictator's Cut"). *Id*. at Valve_010, ¶24; Valve _017.

- Baylis did not have copyrights to the Models and Animation in *Iron Sky*. *Id.* at Valve_011, ¶¶ 37-44; Valve_012-13, ¶¶ 54-67, and Valve _017.

- Because Baylis and the other animators were unsuccessful in their claims to establish authorship or copyrights in *Iron Sky* or to the Models and Animation, they were required to pay the legal fees and costs of the production companies that had opposed their copyright claims. *Id.* at Valve_016, ¶ 110, and Valve _017.

Baylis appealed the judgment. *Id.,* ¶18; Ex. C. Leave to appeal was denied on October 29, 2018, leaving the Finnish Decision as the final decision on the merits. *Id.*[3] Accordingly, the May 31, 2018 Finnish Decision holding Baylis is not an author of *Iron Sky* and holds no copyright in *Iron Sky* or in its Models and Animation became the final, binding decision on the matter. *Id.*, ¶18.

---

[3] The appellate decision has also been previously provided to the Court at Dkt. #44, ¶ 6, Ex. E (Dkt. #44-5).

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**D.     Baylis Ignores the Finnish Court and Seeks a Different Result from This Court.**

Refusing to abide by the Finnish Decision, Baylis turned to the U.S. to try to relitigate his claims. On August 11, 2023, over 11 years after *Iron Sky's* first screening and five years after the Finnish Decision, Baylis filed an application for copyright registration for *Iron Sky* in the U.S. Copyright Office and claimed that, directly contrary to the Finnish Decision, he owns a copyright to the entire *Iron Sky* film as a joint author and that he holds copyrights in the Models and Animation. Dkt. #44, ¶¶ 2-3; 44-1; 44-2.  He then filed this action against Valve on October 30, 2023. Dkts. #5 and #25.

As the Court is aware, Valve sought review of Baylis' Copyright Registration pursuant to 17 U.S.C. § 411(b)(2) to determine whether the inaccurate information Baylis supplied to the Copyright Office, if known, would have caused the Register of Copyrights to refuse registration. Dkt. #43.  The Court granted Valve's motion and ordered referral to the Copyright Office.  Dkt. #60. Ultimately, however, the Copyright Office determined that knowledge of the Finnish Decision would not have affected the issuance of a copyright registration because the Copyright Office in reviewing applications accepts representations of claimants about the validity of their authorship, and Baylis expressly represented that he was a joint author. Dkt. #66-1 at p. 9. In essence, it is the Copyright Office's position that its function is merely to determine whether a claimant has asserted a valid basis for ownership that, if true, would support a registration, not whether that stated basis is factually valid, and even where the claimant's statements are false, registration can still issue.

In his SAC, Baylis asks this Court to rule on the very same issues before the Finnish court but to hold the opposite of the Finnish Decision: he asks this Court to hold that he does own the copyright to the entire *Iron Sky* film as well as copyrights in the Models and Animation. Dkt. #25, ¶¶ 3-4, 63-81, 108-115. Notably, Baylis does *not* assert any claim that he authored the *Iron Sky* video game distributed on Steam at issue in this case.  Nor does he assert he has *any* direct rights to that video game. Rather, he merely alleges ownership of the

MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

film's copyrights, and that because the video game is based on the film or uses derivative animation from it, he should be deemed to have a copyright claim in the *Iron Sky* video game as well. Based on this supposed copyright ownership, Baylis asks this Court to find that Valve is liable for infringement by hosting and distributing video games based on the *Iron Sky* film on Steam. *Id.*, ¶¶ 9; 108-115.[4]

Because a Finnish court has already found, after a full evidentiary hearing, that Baylis holds no copyright in *Iron Sky* or in its Models and Animation, and because principles of comity and collateral estoppel preclude him from seeking a contrary decision on these same issues in this Court, Valve brings this Motion for Summary Judgment ("Motion") asking the Court to dismiss Baylis' remaining infringement claims as a matter of law.

## V.     ARGUMENT

### A.     Summary Judgment Standard.

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323; *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). If the moving party meets its burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" to withstand summary judgment. *Galen v. Cnty. of L.A.,* 477 F.3d 652, 658 (9th Cir. 2007).

---

[4] Baylis asserted two additional claims for "Material Misrepresentation" and "Willful Blindness." Dkt. #25, ¶¶ 116-35. This Court dismissed those claims on March 20, 2024. *See* Order Granting Partial Motion to Dismiss (Dkt. #35).

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 6



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Actions arising under the Copyright Act adhere to the same summary judgment standard as any other civil action. *Shaw v. Lindheim*, 919 F.2d 1353, 1358-59 (9th Cir. 1990). Accordingly, copyright claims can be resolved on summary judgment where an issue can be decided as a matter of law or where there is no dispute of material fact. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992). Where the issue of copyright ownership has already been determined by a foreign court, that issue can be resolved on summary judgment as a matter of law pursuant to principles of comity and collateral estoppel. Specifically, where a foreign court of competent jurisdiction has determined earlier that a plaintiff does not possess copyright ownership, and the plaintiff had the opportunity to fully litigate the issues before that foreign court, a U.S. court may grant summary judgment dismissing the plaintiff's copyright infringement claim. *See, e.g., Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465, 476 (D.N.J. 2001) (dismissing, *inter alia*, plaintiffs' copyright infringement claims on summary judgment based on principles of comity and collateral estoppel where a court in the UK had already determined that the plaintiffs did not hold copyright in the works at issue).

**B.     Principles of Comity and Collateral Estoppel Preclude Baylis' Claims.**

      **1.     Comity should apply to the Finnish decision.**

Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 26 S.Ct. 139, 141 (1895). The *Hilton* Court held that unless there are special grounds to impeach a judgment, a foreign judgment "is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court" if the foreign judgment was:

    1)     entered by a competent court;
    2)     having both personal and subject-matter jurisdiction;

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

3)   brought upon due allegations and proofs, giving the parties opportunity to defend against the claims; and
4)   is entered in a clear and formal record.

*Id*. at 159-160; *see also, e.g., Pony Express*, 163 F. Supp. 2d at 472 (citing and applying *Hilton* factors); *Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir.1980); *Leo Feist, Inc. v. Debmar Publishing Co.*, 232 F. Supp. 623 (E.D. Pa. 1964). Comity exists not only to honor international duty but is equally based on avoiding conflict between international judgments. *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004); *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1305 (11th Cir. 2008). Courts will grant comity to a decision of a foreign court where those "proceedings were sufficiently analogous to [U.S.] fundamental concepts of justice[.]" *In re Enercons Va., Inc.*, 812 F.2d 1469, 1473 (4th Cir. 1987) (finding Italian proceedings were sufficiently analogous to U.S. fundamental concepts of justice as to warrant comity). The undisputed facts here establish all elements to grant comity to the Finnish Decision.

### a.   Finnish courts are competent.

With regard to the first *Hilton* factor, Finnish courts are competent for purposes of applying comity. In *Valjakka v. Netflix, Inc.*, 710 F. Supp. 3d 782, 792 (N.D. Cal. 2024), a federal district court found that a prior Finnish decision regarding patent ownership could be enforced in a patent ownership dispute:

> Applying the foregoing principles, and because "a [Finnish] court has already presented a well-reasoned analysis of this issue, presenting a clear case for extending comity to the decision," *Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, No. 96-cv-0386-DJS, 2000 WL 1863560, at *4 (D. Conn. Apr. 14, 2000), *aff'd*, 257 F.3d 1324 (Fed. Cir. 2001), the Court finds that under Finnish law, Valjakka was not the legal title holder to the '685 Application—or, by extension, the '167 Patent.

*Id*. American courts also uniformly find that courts in Europe are competent for purposes of comity. *See, e.g., CSL Australia Pty. Ltd. v. Britannia Bulkers PLC*, 08 CIV. 8290 (PKL), 2009 WL 2876250, at *4 (S.D.N.Y. Sept. 8, 2009) (granting comity to Danish bankruptcy proceedings); *Cunard S.S. Co., Ltd. v. Salen Reefer Servs., A.B.*, 49 B.R. 614, 618 (S.D.N.Y.

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 8


ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1985), *aff'd sub nom. Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*, 773 F.2d 452 (2d Cir. 1985) (granting comity to Swedish court); *Pony Express Records*, 163 F. Supp. 2d at 472 (granting comity to a UK copyright judgment); *In re Enercons Va., Inc.*, 812 F.2d at 1473 (granting comity to Italian proceedings). In the same manner here, the Finnish court should be deemed competent.

### b. The Finnish court had both subject matter and personal jurisdiction.

Regarding the second *Hilton* factor, the Finnish market court had proper subject matter jurisdiction over Baylis' copyright claims. Lindfors Decl., ¶15. It also had personal jurisdiction over Baylis, who affirmatively subjected himself to the court's jurisdiction by commencing the lawsuit. *Id.*, ¶16.

### c. The Finnish action included due allegations and proofs.

Satisfying the third *Hilton* factor, the Finnish Decision was based on extensive allegations and proofs. Baylis had a full opportunity to present his claims in a manner analogous to evidentiary hearings and due process provided by U.S. courts. Baylis was represented by an experienced Finnish intellectual property rights law firm. Lindfors Decl., ¶¶13 & 17. Baylis presented extensive evidence and argument in support of his claims to copyright ownership in Iron Sky and its Models and Animation. The plaintiffs presented – and the Finnish court considered – 47 exhibits, including images, photos, video recordings, and various documents. *Id.*, ¶17; Ex. B at Valve_006-007. That court also considered 24 exhibits from the defendant production companies, including emails, Twitter messages, photos, employment agreements, and video recordings. *Id.*, ¶17; Ex. B at Valve_007. The court further considered testimony from all the parties, including Baylis. *Id.*, ¶¶13 & 17.

### d. The Finnish Decision was entered in a clear and formal record.

Fulfilling the fourth and final *Hilton* factor, the Finnish Decision was entered in a detailed, formal decision that delineated the arguments, evidence, and the court's analysis. Lindfors Decl., Ex. B.

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 9

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

The Finnish Decision indisputably meets all comity factors. The Court should grant comity to and recognize the Finnish Decision holding that Baylis' owns no copyright in *Iron Sky* or its Models and Animation.

### e. The Finnish court properly applied Finnish Law.

Valve anticipates Baylis will make a red herring argument that German law should apply to his claims because *Iron Sky* was allegedly first screened at the Berlin International Film Festival. That argument fails. First, choice of law does not matter to the outcome here. The Finnish Decision meets all the *Hilton* comity factors and as discussed below, collateral estoppel applies. Second, he is simply wrong that German law applies. U.S. courts do not decide country of origin for copyrighted works based solely on the location of first publication. They apply a wholistic approach to determine the country with the most significant relationship with the work. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 88-92 (2d Cir. 1998). "Oftentimes, the country with the 'closest relationship' will be the country corresponding to the author's nationality or the country of initial creation." *Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, CV 18-1560-GW(EX), 2018 WL 4742289, at *6 (C.D. Cal. Aug. 15, 2018); *Lahiri v. Universal Music & Video Distribution, Inc.*, 513 F. Supp. 2d 1172, 1176, n.4 (C.D. Cal. 2007) ("Because [the work] was created in India, that country's copyright laws are applied to determine initial ownership."); *O'Reilly v. Valley Entm't, Inc.*, C-09-03580-CW (DMR), 2011 WL 13258234, at *8 (N.D. Cal. Jan. 4, 2011) ("In determining which country has the closest relationship to the work, courts have considered the nationality of the author and the place of initial creation or publication as relevant factors.").

Baylis' own allegations establish that the country with the most significant relationship to *Iron Sky* is Finland. Baylis alleges that he is a Finnish resident who worked on *Iron Sky* in Finland pursuant to a Finnish government-funded work training agreement, and that *Iron Sky* was produced by Finnish companies, and created at a Finnish production

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 10



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

office. Dkt. #25, ¶¶ 36, 40. And Baylis acknowledged and accepted the film's ties to Finland in his own choice of litigation forum.

### 2. Collateral estoppel bars the re-litigation of the same copyright ownership issues the Finnish Decision resolved.

After granting comity, a court reviews the scope of the decision to determine its preclusive effect. This analysis is governed by the principles of collateral estoppel. *See Pony Express*, 163 F. Supp. 2d at 473 (after finding that comity applied to a UK judgment, the court held that it would then "hold the UK judgment conclusive as to the issues tried upon the merits therein, to the extent that they satisfy the other requirements of the doctrine of collateral estoppel.").

Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction (including judgments that have been granted comity), that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *San Remo Hotel, L.P. v. City & Cty. of S.F.*, 545 U.S. 323, 336 n.16 (2005); *see also, e.g., Pony Express*, 163 F. Supp. 2d at 476 (dismissing, *inter alia*, plaintiffs' copyright infringement claims on summary judgment based on principles of comity and collateral estoppel where a court in the UK had already determined that the plaintiffs did not hold copyright in the works at issue). So long as a party has been given a "full and fair opportunity to litigate" a matter, he or she is precluded from further litigation of the same issue. *Pony Express*, 163 F. Supp. 2d at 473-74 (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

Courts invoke collateral estoppel to promote conclusive resolution of disputes, thereby protecting parties from the expense of multiple lawsuits, conserving judicial resources, and increasing the reliability and consistency of judicial decisions. *Id*. Collateral estoppel applies when:

1) the issue previously decided is identical with the one presented in the action in question;
2) the prior action has been finally adjudicated on the merits;

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 11



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

3)   the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and

4)   the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (applying collateral estoppel to preclude the re-litigation of the issue of copyright ownership). The facts here undisputedly meet all four elements, and collateral estoppel should bar Baylis' attempt to relitigate in this case the same issues of copyright ownership that the Finnish Decision already decided.

### a.   The issues are identical.

In the Finnish action, Baylis asked the court to find that he owned a copyright in the entire film *Iron Sky* as a joint author and also that he owned copyrights in various 3D models of vessels on which he worked, including the Götterdämmerung, George W. Bush, Valkyrie, and to the vessel of the Australian representatives at a moon base (the Models and Animation). Lindfors Decl., ¶11; Ex. B at Valve_002. In the Finnish Decision, the court ruled that Baylis did not possess copyrights to either the entire film or to the Models and Animation. *Id*. at Valve_009-013, 017. Now, Baylis asks this Court to re-decide these exact issues and to reach the opposite conclusion to help him concoct a baseless ownership claim in a derivative work, the *Iron Sky* video game. Dkt. #25 at ¶¶ 63-81, 109, 113, 117, 125.

Where the issues are identical, "issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, *even if the issue arises when the party is pursuing or defending against a different claim*." *Id*. (emphasis in original) (quoting *Park Lake Res. LLC v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Here, the issues are identical, as are the claims.

### b.   The Finnish action was finally adjudicated on the merits.

After a full evidentiary hearing, the Finnish court reached a decision on the merits. Lindfors Decl., ¶18. Baylis appealed that decision, and his appeal was denied. *Id.; see also*

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 12

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Ex. C. Upon that denial of the appeal, the Finnish Decision became the final decision on the merits. *Id.*, ¶18.

### c. Baylis was a party to the Finnish action.

There is no dispute that Baylis was a party to the Finnish action as a plaintiff. *See*, Lindfors Decl., ¶¶ 13 & 17.

### d. Baylis had a full opportunity to participate in the Finnish action.

Baylis had a full opportunity to participate – and actively participated – in the Finnish action he initiated. When considering this element, courts do not focus on actual participation, but instead on the *opportunity* to fully participate. For example, in *Pony Express*, the court held that a purported licensor of copyrights to musical compositions was bound by the collateral estoppel effect of a prior United Kingdom judgment holding that he had no copyrights despite the licensor's nonparty status in the United Kingdom proceeding. The license agreement gave the licensor the full *opportunity* to participate and control the suit, which it chose not to exercise. Because it had the opportunity to participate, collateral estoppel applied to prevent further litigation of the issue of copyright ownership. *Pony Express*, 163 F.Supp.2d at 475. Here, it is beyond dispute that Baylis not only had an opportunity to participate but did participate. He was represented by an experienced intellectual property rights attorney and he offered documentary evidence and testimony. Lindfors Decl., ¶¶ 13 & 17; Ex. B.

The undisputed facts establish all elements of collateral estoppel, and Baylis should be estopped to relitigate the issues of copyright ownership in the Finnish Decision.

## C. Because Baylis Holds No Copyright in *Iron Sky* or Its Models and Animation, His Infringement Claims Fail as a Matter of Law.

To prevail on his copyright infringement claims, Baylis must establish his copyright ownership in *Iron Sky*. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); *see*

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 13

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

*also, e.g., Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 733 (S.D.N.Y. 2021) (dismissing contributory copyright infringement claim because the plaintiff's ownership claim was time barred and thus plaintiff could not establish necessary element of ownership). As a matter of law, Baylis cannot establish this requisite element because a competent court has already conclusively established that he has no copyright ownership over the works at issue here.[5] Baylis' copyright infringement claims fail as a matter of law and should be dismissed.

## VI. CONCLUSION

For the reasons set forth above, Valve requests that Baylis' remaining two causes of action against Valve for direct and contributory copyright infringement be dismissed with prejudice.

*I certify that this memorandum contains 4,453 words in compliance with the Local Civil Rules.*

DATED: August 28, 2025.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

---

[5] The copyright registration Baylis obtained does not change this analysis. A copyright registration does not establish ownership. Rather, registration within five years of publication may only create a rebuttable presumption of ownership that can be overcome by evidence that the registrant is not the owner. 17 U.S.C. § 410(c); *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1096 (N.D. Cal. 2002). The Court has discretion in whether to give any weight to such registration. *Id*. Here, no presumption should exist because Baylis did not file for registration until over 11 years after first publication. And, of course, it is irrefutable that is has already been determined that Bayles is not the copyright owner.

DEFENDANT VALVE CORPORATION'S MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 14



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 28th day of August 2025 in Seattle, Washington.

*/s/ Kaila Greenberg*
Kaila Greenbert
Legal Assistant

DEFENDANT VALVE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 15

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250