The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

Plaintiff,

v.

VALVE CORPORATION,

Defendant.

No. 2:23-cv-01653-RSM

**DECLARATION OF PATRIK LINDFORS IN SUPPORT OF DEFENDANT VALVE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

I, Patrik Lindfors, declare as follows:

1.    I am over the age of eighteen, competent to be a witness herein, and make this declaration on the basis of my personal knowledge.

2.    I am an attorney-at-law and a Senior Partner at Lindfors & Co., Attorneys at Law Ltd, located in Helsinki, Finland.

3.    I hold a Master of Laws degree from the University of Helsinki (1992) and a Master of Economic Sciences degree from the Swedish School of Economics and Business Administration in Helsinki (1995).

4.    I worked in one of the biggest law firms in Finland for approximately 13 years after I finished my one year of work at a District Court. At this law firm, I was in charge of the dispute resolution group for seven years. In 2008, I established a dispute resolution boutique law firm, i.e., my current law firm. I served as the chair of the Legal Opinions

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1    Committee for Commercial and Civil Litigation of the Finnish Bar Association for many

2    years in the early 2000s.

3       5. I have extensive experience in Finnish law and the Finnish civil legal system.

4    I have practiced law for over thirty years with a strong focus on litigation and arbitration. I

5    have acted as counsel in the Finnish Market Court in more than twenty cases. I also regularly

6    serve as an arbitrator or chairman of tribunals in Finland and abroad.

7       6. My qualifications are shown in my curriculum vitae, which is appended to this

8    Declaration as **Exhibit A**.

9       7. I have been retained as an expert witness in Finnish law and legal system by

10   Defendant Valve Corporation ("Valve") in the above-captioned matter. I am competent to

11   testify about the matters set forth herein because I have either personally observed such

12   matters or formed opinions within my areas of professional expertise concerning such

13   matters. All my opinions are based on my background, knowledge, and experience in Finnish

14   law and the legal system.

15      8. I have reviewed the judgment attached hereto redacted as **Exhibit B** from the

16   Finnish Market Court, 2018 MAO:302/18, *A, B, C, D, and E v. Blind Spot Pictures Oy and*

17   *Iron Sky Universe Oy*, dated May 31, 2018, in both Finnish and the certified English

18   translation. For ease of reference, I shall refer to the judgment in Exhibit B as the "Finnish

19   Court Decision."

20      9. The use of letters in the Finnish Court Decision to refer to the plaintiffs

21   anonymously is a standard Finnish court convention when publishing decisions in databases.

22   Court judgments are, however, as a rule, public, except where they contain information

23   deemed secret under Section 24 of the Act on the Openness of Authorities Activities.

24      10. The names of the plaintiffs in the matter can be determined by reviewing the

25   unredacted version of the judgement. I reviewed the unredacted version of the Finnish Court

26

DECLARATION OF PATRIK LINDFORS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1  Decision and determined that the plaintiff referred to in the Finnish Court Decision as "B" is

2  Mr. Trevor Kevin Baylis.

3       11.    In the Finnish Market Court, Mr. Baylis claimed copyright in the film Iron

4  Sky (including the Director's/Dictator's Cut) and in certain works used in it, specifically the

5  spaceships Götterdämmerung (and its interior), Rheingold, George W. Bush, Valkyrie, the

6  Australian representatives' ship, the moon base Schwarze Sonne (and its interior), and the

7  Landing Module. Mr. Baylis asserted that these rights have not been transferred except for

8  their use in the film in its original, unaltered form, and alleged that Blind Spot Pictures Oy

9  and Iron Sky Universe Oy infringed those rights by unauthorized use and distribution. He

10  sought confirmation of his rights, a declaration of infringement, and injunctions preventing

11  further unauthorized use or licensing beyond the film as a whole. Mr. Baylis argued that he

12  created, alone or jointly, several key scenes and designs in Iron Sky.

13       12.    The Market Court found that Mr. Baylis mainly worked on modeling and

14  animating digital visual effects under close guidance from supervisors and concept art, rather

15  than as an independent creator of the film or its key elements. It concluded that Mr. Baylis

16  could not be considered an author of Iron Sky as a whole, nor of the specific ships, characters,

17  or scenes he claimed, and therefore rejected all of his claims.

18       13.    According to the Finnish Court Decision, Mr. Baylis personally gave evidence

19  in the hearing. Based on an inquiry to the Market Court, I am able to confirm that the

20  plaintiffs, including Mr. Baylis, were represented by Attorney Petri Eskola of Backström &

21  Co Attorneys, a well-known law firm specializing in intellectual property rights ("IPR")

22  matters.

23       14.    The Finnish Court Decision was decided by the Finnish Market Court, a

24  special court that deals with procurement, competition, and supervision matters, market law

25  matters, and intellectual property rights matters. The geographical jurisdiction of the Market

26  Court covers the whole country. The Finnish Market Court has a high reputation in Finland.

DECLARATION OF PATRIK LINDFORS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

In IPR cases, decisions of the Finnish Market Court cannot be appealed to the Court of Appeal as District Court decisions can, but only to the Supreme Court, and only if a leave to appeal is granted. Generally, the judgments of the Market Court are final.

15.    After reviewing the Finnish Court Decision, I have confirmed that pursuant to Finnish law, the court had proper subject matter jurisdiction. According to Section 61 of the Finnish Copyright Act "[c]*ivil matters and non-contentious civil cases taken under this Act are considered at a market court*".

16.    I have also confirmed that pursuant to Finnish law, the court had personal jurisdiction over the parties. The case was initiated on 5 September 2017 and involves both claims and counterclaims. The plaintiffs first filed claims concerning their alleged copyright in the film Iron Sky and its Director's or Dictator's Cut version. Thereafter, Blind Spot Pictures Oy and Iron Sky Universe Oy filed counterclaims. Neither party objected to the jurisdiction of the Finnish Market Court to deal with the claims and counterclaims. According to Article 4(1) of the Regulation (EU) No 1215/2012 of the European Parliament and of the Council of 12 December 2012 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters "[s]*ubject to this Regulation, persons domiciled in a Member State shall, whatever their nationality, be sued in the courts of that Member State*". The regulation has direct applicability in the Member States of the European Union, including Finland. The Finnish courts thus had jurisdiction over the corporate defendants, and the original plaintiffs subjected themselves to Finnish jurisdiction by commencing the lawsuit.

17.    I have also confirmed that the proceedings complied with Finnish civil legal procedures and provided the parties with their full rights to an evidentiary hearing on the matter under Finnish law. In the case, five witnesses were heard on behalf of the individual plaintiffs and ten witnesses on behalf of the production companies. In addition, 47 exhibits were presented by the individual plaintiffs, and 24 exhibits were presented by the production

DECLARATION OF PATRIK LINDFORS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 4

▲
ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

companies. According to Chapter 5, Section 17 of the Market Court Proceedings Act "[t]o *the extent not otherwise provided in this Act or in Acts mentioned in Chapter 1, section 6, market law cases referred to in this Chapter are considered in the Market Court in other respects in accordance, as appropriate, with the provisions in the Code of Judicial Procedure on the consideration of civil cases*." According to Chapter 17, Section 1 of the Finnish Code of Judicial Procedure "[a] *party has the right to present the evidence that he or she wants to the court investigating the matter and comment on each piece of evidence presented in court unless otherwise provided by law*". Chapter 17, Section 26 further states that "[a] *party may be heard for the purpose of obtaining evidence. In a civil matter, a party shall speak truthfully in giving a testimony and responding to questions asked*." The parties have offered testimony in the Finnish Court Decision, even though it is not required by Finnish law.

18.    I have further concluded that the Finnish Court Decision reflects the Finnish courts' final decision in the proceedings. According to Chapter 7, Section 4 of the Finnish Market Court Proceedings Act "[d]*ecisions of the Market Court in civil and application cases assigned to its jurisdiction by the Acts mentioned in Chapter 1, section 4, subsection 1, paragraphs 1—10, 13 and 15 and subsection 2, in civil cases referred to in Chapter 1, section 5, and in market law cases, are subject to appeal to the Supreme Court, if the Supreme Court grants leave of appeal on the basis of Chapter 30, section 3 of the Code of Judicial Procedure*". Based on an inquiry to the Market Court, I am able to confirm that Mr. Baylis and two other plaintiffs requested leave to appeal from the Supreme Court and submitted an appeal on 30 July 2018. By its decision of 29 October 2018, attached hereto as **Exhibit C,** the Supreme Court did not grant leave to appeal. Therefore, the Finnish Court Decision remains final. In other words, under Finnish law, the May 31, 2018, Finnish Court Decision holding that Mr. Baylis is not an author of *Iron Sky* and holds no copyright in *Iron Sky* or in its Models and Animation became the final, binding decision on the matter.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1       I declare under penalty of perjury under the laws of the State of Washington that the

2  foregoing is true and correct.

3       Executed in Helsinki Finland on this _____ day of August 2025.

4

5                         Patrik Lindfors

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF PATRIK LINDFORS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 6

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this date I caused true and correct copies of the foregoing

3    document to be served upon the following, at the addresses stated below, via the method of

4    service indicated.

5

6    Trevor Kevin Baylis (*pro se*)                 ☐  E-mail
     Jankanraitti 10 A 4                            ☐  U.S. Mail
7    33560, Tampere                                 ☒  E-filing
     Finland

8

9

10   Dated this 29th day of August, 2025 in Seattle, Washington.

11                                              */s/ Janet C. Fischer*
                                                Janet C. Fischer
12                                              Paralegal

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250