The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>            Plaintiff, *(pro se)*.<br><br>v.<br><br>VALVE CORPORATION,<br><br>            Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**MOTION TO ADDRESS DEFENDANTS UNFOUNDED ACCUSATIONS OF EX PARTE COMMUNICATION WITH THE COURT** |

# INTRODUCTION

Plaintiff ("Baylis") respectfully submits this Motion to address Defendants counsel ("Valve") inappropriate conduct in falsely accusing Baylis of prohibited ex parte communications to the Court.

**Facts**

On Monday 8th of September Baylis filed a proposed briefing schedule (Dkt 80) with regards to a request from Baylis to the Court to file a cross motion for summary judgment as a combine response and request for a cross motion, and to include a partial summary judgment as a request for declaratory relief on issue of copyright authorship, ownership and originality.

Included in that motion (Dkt 80) Baylis indicated an attempt at conferring with Valve but because Baylis had reason to believe Valve would likely be obstructive and want to delay this case he filed proposed briefing schedule (Dkt 80) in good faith thinking that trying to confer with Valve would be a fruitless endevour, and that Valve would just use their *'lawyerly experience'* over Baylis (Pro se) to create distractions rather than confer in good faith.

**Valve deliberately ignored Baylis previous emails on disclosures and evidence submission issues.**

Baylis sent Valve numerous emails from 18th to 30th of August, See Exhibit A, submitted herewith, to related to making them aware of video evidence that Baylis wanted to rely on for any potential up coming dispositive motions. In those communications Baylis suggested potential practical ways for him to send them to Valve in order that they have adequate time to view the files. Baylis repeatedly asked Valve to contact him if they had any further questions. Valve did not respond to any of those emails at all. Not a single response.

On 29th of August Valve fled a motion for summary judgment which was sent to Baylis by Valve's Counsel via email due to problems with the Courts CM/ECF System Outage. on the 1st of September Baylis replied directly to that email, see Exhibit B, submitted herewith as follows,

> "Re:LCR 7 FORM AND SCHEDULING OF MOTIONS (k) Cross Motions
>
> "Cross Motions Parties anticipating filing cross motions are encouraged to agree on a briefing schedule and to submit it to the court for approval through a stipulation and proposed order. The court may order parties filing cross motions for summary judgment to combine their memoranda and forego reply briefs in exchange for an enlarged response brief."
>
> I'm anticipating filing a combined response and cross-motion for summary judgement and therefore according to LCRules we should agree on a briefing schedule to submit to the court.
>
> **I've also send some video files to the court and made you aware of them in previous emails. Is it enough for you that you can access them by the Youtube links?**
> Let me know what you think." [Emphasis added]

Baylis has then conferred with Valve on this Motion for Briefing Schedule by email exchanges from the 2nd to the 6th of September, See Exhibit C, submitted herewith, but even then he did not anticipate a clear agreement from Valve, and because Baylis does not want to delay this case. Baylis filed his proposed scheduling motion (Dkt 80) for the Court's consideration.

**Minute Notice from the Court**

This Court terminated Baylis proposed scheduling motion (Dkt 80) that same day and instructed Baylis and Valve to try to come to an agreement on scheduling. Baylis emailed Valve to attempt to come to an agreement, but Valve instead falsely accused Baylis of prohibited ex parte communications to the Court and also sent an email *requesting from the Court a telephonic conference*. See Exhibit D. at BAYLIS_3-4 and 6, submitted herewith

> "Good afternoon,
> Per the email below, it appears that Mr. Baylis, a pro se plaintiff, may have been directing ex parte communications to the Court. Would it be possible to either set a brief telephonic conference to address this or to obtain a copy from the Court of any and all communications that Mr. Baylis has directed to the Court?
> Thank you in advance," [Email from Vavle's Counsel 8 Sept 2025, 22:39]

**Requested relief**

It is clear from the above that Valve are not acting in good faith in conferring with Baylis and are instead now falsely accusing Baylis of misappropriate conduct in communicating to the Court as a distraction and delaying tactic instead of coming to an agreement about scheduling and discovery obligations see Washington State Court Rules: Rules of Professional Conduct. RPC 8.4 - Misconduct (e) *"state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;"* and Valve are ignoring this Courts recent instructions to agree a scheduling order. Therefore, Baylis respectful asks leave of this court to re-file his own proposed briefing schedule as per the previous briefing schedule (Dkt 80) at the discretion of the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

9 September 2025

Trevor Kevin Baylis

*[signature: Trvr Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

MOTION TO ADDRESS DEFENDANTS UNFOUNDED ACCUSATIONS OF
EX PARTE COMMUNICATION WITH THE COURT
No. 2:23-cv-01653-RSM

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 9th September 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 9th September 2025

*/s/ Trevor Baylis*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND