# EXHIBIT G1

fax: +358-9-6689 9410

petri.eskola@backstrom.fi

www.backstrom.fi

\*\*\*\*

This e-mail is intended only for the addressee and may contain information which is privileged and / or confidential. The material may also be the subject of copyright protection. If you have received this e-mail in error, please contact the sender and delete the material from your computer.

**Lähettäjä:** Trevor Baylis [mailto:trevor.baylis@gmail.com]
**Lähetetty:** 12. helmikuuta 2018 20:25

[Quoted text hidden]

[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>                    14 February 2018 at 10:40
To: Petri Eskola <petri.eskola@backstrom.fi>
Cc: Markus Lampinen <markus.lampinen@backstrom.fi>

Thanks Petri,

I am trying to organise some bill payments for you which I hope to send out today. If the hearing gets moved forward then I am ok with that.

==I saw the Ari Kaurismäki case in the news (in Finnish) and got someone in the office here to clarify it. It seems to reflect our own case a little in that things like set designs are not just attributable to one person.==

It differs in that we are not trying to block Iron Sky (2012) and indeed there is a presumption rule that allows a film to be exploited reasonably unencumbered which means that Iron Sky 2012 should not be blocked. However, this presumption does not extend to sequels and games etc.

Additionally we have the Copyright Council Statement specifically about Iron Sky which confirms that the VFX work (animation work) can be independent creative enough to receive copyright. Conversely, Markku Pätilän is much more ordinary than and imaginary Nazi colony set in the future on the Moon!

I mentioned that Iron Sky Universe Oy might try to claim that Jussi Lehtiniemi should be the sole owner of the copyright to the VFX work which is similar to the claim made by Markku Pätilän and his set designs.

However, most of Jussi Lehtiniemi's concept designs were somewhat reverse engineered based on the work of the Modelling team. He also admits he didn't concept everything. "There is no point really concepting everything. You know, drawing it from scratch. So you take some reference pictures and point out - this is what we want to have." Jussi Lehtiniemi. (timeline 03:30)
https://www.youtube.com/watch?v=oo2zn0pMXY8&t=1s

So The Kaurismäki case seems to confirm the "joint work" nature of a film.

All the best

Trev

[Quoted text hidden]

---

**Petri Eskola** <petri.eskola@backstrom.fi>  14 February 2018 at 11:01
To: Trevor Baylis <trevor.baylis@gmail.com>
Cc: Markus Lampinen <markus.lampinen@backstrom.fi>

Thanks Trev, as to Jussi Lehtiniemi it strikes to me that, as previously discussed, the defendants seem to not point out or nominate anybody, not even him, as an author or sole original copyright owner for the visual effect/ animations.

Petri

**Lähettäjä:** Trevor Baylis [mailto:trevor.baylis@gmail.com]
**Lähetetty:** 12. helmikuuta 2018 20:25

[Quoted text hidden]

[Quoted text hidden]

---

**Petri Eskola** <petri.eskola@backstrom.fi>  14 February 2018 at 11:33
To: Trevor Baylis <trevor.baylis@gmail.com>
Cc: Markus Lampinen <markus.lampinen@backstrom.fi>

As to Kaurismäki case, passages 21-22 are well suited for us, and basically quite clear already before.

Based on the notion at 22, it is of importance for us to make distinction between "technical skills" and "creative work", as the first mentioned as such does not result in a "work" in the sense of copyright. So we are saying that all of you, not only have great technical skills, but also have had the major creative input in making the crafts, the related animated scenes and thus the whole movie, because the scenes with crafts etc are of major relevance to the movie as whole.

Petri

**Lähettäjä:** Trevor Baylis [mailto:trevor.baylis@gmail.com]
**Lähetetty:** 14. helmikuuta 2018 10:41

[Quoted text hidden]

[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>  14 February 2018 at 12:02
To: Petri Eskola <petri.eskola@backstrom.fi>
Cc: Markus Lampinen <markus.lampinen@backstrom.fi>

BAYLIS_2

Yes that is correct. For instance Kelly Myers is very passionate about his work and he seemed to become absorbed by it so much that he is like a commander on a space ship himself!
I have made sure to say to Kelly that he needs to talk about creativity rather than the 'sweat of brow' doctrine he is more familiar with in the US.

When I created the George W Bush Gun I had thoughts of a Texan gunslinger elaborately pulling out guns from the holster and a sense of comic heroics. I even designed the gun so that it could accidental shoot it's own ship for comic affect.

Even when the Moon lander explodes I purposely placed the legs upside down to make it look like a dead animal for comic affect.

So yes we have technical skills but it is those skills that free up our creativity and allow as to do all kinds of crazy things. I wanted to put a Harpoon Gun on Seb's Japanese ship so that it could fish for whales from Out of Space. Having a whale dragged out of the water and suddenly appear in Space like in Hitch Hikers Guide to the Galaxy.

We were encouraged to come up with our own ideas. To name the British ship the 'Spitfire' was my idea and I even designed a craft myself which, was never used, which had forward sloped wings.

In fact Fans were encouraged to come up with ideas through the crowdsourcing web platform "wreckamovie" https://en.wikipedia.org/wiki/Wreckamovie
That is where the Indian ship came from. See here for reference.

http://www.escapistmagazine.com/news/view/111834-Iron-Sky-Needs-Your-Help-But-Not-Your-Money

All the best

Trev

[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>                                    14 February 2018 at 12:07
To: Petri Eskola <petri.eskola@backstrom.fi>
Cc: Markus Lampinen <markus.lampinen@backstrom.fi>

Here you go,

Asking the fans to design an Indian ship from the internet archive. So this gives credence to the fact that the VFX team were also relied upon to put forwards their own creativity.

https://web.archive.org/web/20120704170816/http://www.wreckamovie.com/tasks/show/2217
[Quoted text hidden]

---

**Petri Eskola** <petri.eskola@backstrom.fi>                                    14 February 2018 at 12:42
To: Trevor Baylis <trevor.baylis@gmail.com>

Hello Trev, the court will have the preliminary hearing tomorrow as agreed.


Petri


**Lähettäjä:** Trevor Baylis [mailto:trevor.baylis@gmail.com]
**Lähetetty:** 14. helmikuuta 2018 12:07

[Quoted text hidden]

[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>  
To: Petri Eskola <petri.eskola@backstrom.fi>

14 February 2018 at 13:50

Ok see you tomorrow 10am at,

The Market Court  
Radanrakentajantie 5  
00520 Helsinki

Trev

[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>  
To: Petri Eskola <petri.eskola@backstrom.fi>

14 February 2018 at 23:40

Re: earlier phone call,

Here are some notes about the nature of joint works and their exploitation which I understand as consistent with Nordic law. We can see these principles reflected in the recent Market Court Judgement (Kaurismäki case).

1. Each co-author will own an equal ownership share in the work. This will occur even if one of the co-authors has contributed a greater quantity of the work than the other co-authors.
2. Each co-author will own an "undivided" interest in the entire work. This means that if the publishing project consists of illustrations and text that the artist and the writer will each own fifty percent of the entire work, i.e., the art and the text.
3. Any co-author, without the permission of their fellow co-authors, may grant non-exclusive rights to the work to third parties. However, a co-author may only grant exclusive rights to the work to third parties if the co-author obtains the prior consent of the other co-authors.
4. Each co-author has a duty to account to the other co-authors for any profits obtained from the exploitation of the work.
5. A co-author has the right to assign his/her ownership share in the work to a third party or to bequeath his/her ownership share to his/her heirs.
6. Each co-author will be entitled to equal authorship credit for the work upon its publication.

Number 3 is of particular interest to me. This is because adaptation rights were never obtained by Blind Spot Pictures and thus they cannot have transferred Exclusive adaptation rights to Iron Sky Universe. Thus, Iron Sky Universe cannot be said to have any rights to make the adaptations that they have been doing or that they are planning for the future such as TV shows, prequels etc.

Furthermore, the opposition seem genuinely confused as to who may or not be considered as a joint author of Iron Sky. This is evident by the absence of a clear title chain as well as any agreements made as to who should be considered a joint author. This uncertainty alone indicates that the opposition cannot be certain themselves if they have any rights to grant exclusive rights to any third party. Thus and easy question to put them on the spot is,

How do you know whether you have obtained consent from all authors of Iron Sky, to grant exclusive rights to any third party regarding adaptations of Iron Sky, if you cannot be certain of who all authors actually are to obtain consent from?

Therefore, if the opposition cannot prove themselves who all joint authors are, then they cannot have fulfilled the requirements of Number 3 on the above list. "...a co-author may only grant exclusive rights to the work to third parties if the co-author obtains the prior consent of the other co-authors."

This is the essence of sect 28 of the copyright act. Therefore this should be the main focus of our claim. Iron Sky Universe cannot know with any certainty if they have obtained exclusive rights to do anything with Iron Sky. Nor can they prove it either way because they haven't even got confirmation from the copyright council or the courts who all authors might be!