The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO EXTEND TRIAL AND RELATED DATES**

Note on Motion Calendar:
October 2, 2025

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 26(c) and the Court's inherent authority, Valve Corporation ("Valve") moves to stay this case pending ruling on its August 28 Motion for Summary Judgment ("MSJ") and the potential cross motion plaintiff Trevor Baylis asserted he may bring. In the alternative, Valve asks for a six-month extension of the trial and related dates, to accommodate consideration and decision of those motions. There will be no prejudice to the parties if the case is stayed or extended. Valve sought stipulation from Baylis on this issue, and he declined, forcing Valve to bring this request by motion.

Discovery cutoff is only four months out. But no additional discovery is required to decide the preclusive effect of a prior Finnish court decision finding Baylis holds no copyrights in *Iron Sky* or its animated parts. That issue is dispositive of this entire case.

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Baylis' actions in this case to date indicate that even routine discovery and other pretrial actions may require significant Court involvement, further complicating the efficient litigation of this matter. If the case is not stayed (or if the trial and related deadlines are not extended), given Baylis' conduct, and his and other key deponents' overseas locations, significant resources would be wasted by requiring discovery and trial preparation that would be moot if the Court grants Valve's summary judgment motion.

## II.    RELEVANT PROCEDURAL HISTORY

As the Court is familiar with the procedural history of this case, Valve will not recite it in full here. Pertinent to this motion, trial is set for May 18, 2026, and discovery cutoff is January 20, 2026. Dkt. #70. On August 28, 2025, Valve filed its MSJ. Dkt. #76. The MSJ seeks dismissal of Baylis' remaining claims based on principles of comity and collateral estoppel. Dkt. # 76. The MSJ focuses on the Finnish court action that already decided the exact issues before this Court: Baylis' alleged copyright ownership. *Id.* at 5-6; 12-13. The Finnish decision ruled that Baylis does not own the copyrights he alleges he owns in this case. That decision is preclusive and if the Court grants the MSJ, it will be fully dispositive of this action. *Id.* at 13-14.

Baylis has indicated that he intends to file a cross-motion for summary judgment regarding the preclusive effect of the Finnish decision. Declaration of Jonah Harrison ("Harrison Decl."), ¶2. Baylis filed a Motion for Briefing Schedule and Notice of Request to File Cross Motion for Summary Judgment on September 8, 2025. Dkt. #80. The Court ordered the parties to confer and "agree on a briefing schedule and to submit it to the Court for approval through a stipulated motion and proposed order." Dkt. #81. Valve notified Baylis that it would be willing to stipulate and proposed a briefing schedule based on one Baylis himself earlier proposed. Harrison Decl., ¶3.  Baylis declined to stipulate and instead filed an opposition to Valve's MSJ. Dkt. #84.

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

To date, neither party has noted depositions. Harrison Decl., ¶4. Written discovery is in its early stages. *Id*. Valve has served written discovery requests on Baylis shortly before filing this Motion to Stay, as a precaution and with the hope that this Motion will be granted. *Id*., ¶5. If the Court were to grant this motion, the responses to those discovery requests can be stayed pending the decision of Valve's MSJ. *Id*.

Baylis has made clear that the discovery process and pretrial activity will be fraught with time-consuming challenges requiring significant judicial resources. One day after receiving Valve's First Discovery Requests, Baylis served his objections in which he notified Valve that he refused to produce *any* documents and refused to give any substantive response to nine of the Valve's 13 interrogatories, providing only conclusory and cursory responses to the remaining four. Harrison Decl., ¶6, Ex. A. In response to Valve's attorney's request to meet and confer, Baylis' refused. *Id.,* ¶7. Instead, he baselessly accused Valve's attorney of not being a licensed attorney. *Id.,* ¶7, Ex. B. Baylis' refusal to respond to the discovery requests or to telephonically meet and confer pursuant to LCR 37 leaves Valve with no option but to file a motion to compel, which it intends to file shortly.

Baylis' conduct in response to Valve's first discovery requests is part of a larger pattern of bad faith conduct indicating the Court's assistance will be required frequently if this case is not stayed. For example, prior attempts to confer with Baylis regarding various litigation issues have been met with insults (*e.g.*, referring to Valve's counsel as "dumbass") and stonewalling (*e.g.* refusing to confirm whether or not he had communicated *ex parte* with the Court, thus requiring Valve to seek the Court's assistance in confirming that no *ex parte* documents had been submitted). Harrison Decl., ¶8.

More egregiously, Baylis has willfully harassed, needlessly increased costs, and attempted to intimidate in an effort to affect the outcome of this matter. For instance, on April 27, 2024, in retaliation for Valve's April 3, 2024 Motion to Refer to the Register of Copyrights (Dkt. #43), Baylis filed a bar complaint against Valve's attorney. Harrison Decl.,

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

¶9. Two days later, on April 29, 2024, the Court granted Valve's motion. (Dkt. #60). The WSBA had promptly and summarily dismissed Baylis' bar complaint, but despite the Court's order and the WSBA's dismissal, Baylis responded by immediately appealing the dismissal. Harrison Decl., ¶10. The WSBA promptly dismissed Baylis' appeal as well. *Id.* Nonetheless, Valve's attorney was personally forced to deal with a frivolous bar complaint and appeal plainly designed to attempt to intimidate Valve's counsel from representing its client. This pattern of behavior presages significant and unjustified party costs and a waste of judicial resources to navigate what should otherwise be a straightforward litigation process.

### III.   ARGUMENT

**A. The Court Has Inherent Power as Well as Power Under Fed. R. Civ. P. 26(c) to Stay Proceedings Pending a Dispositive Motion.**

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Slack v. Kariko*, C20-05508-RSM-SKV, 2023 WL 2682117, at *1 (W.D. Wash. Mar. 29, 2023) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). This includes "broad discretion to stay proceedings as an incident to its power to control its own docket." *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). "Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case." *Cleveland Const., Inc. v. Schenkel & Schultz Architects, P.A.*, 3:08-CV-407RJCDCK, 2009 WL 903564, at *2 (W.D.N.C. Mar. 31, 2009) ("The motion to dismiss here has the potential to dispose of the case on the issue of res judicata/collateral estoppel without the need for discovery, and thus, it is well within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis."); *see also, e.g., Client Sols. Architects, LLC v. United States*, 19CV123-MMA(MSB), 2020 WL 364209, at *1 (S.D. Cal. Jan. 22, 2020) ("District courts have 'broad discretion to stay discovery in a case while a dispositive motion is pending.'") (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001).

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

In determining whether to grant a stay, courts weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Slack*, 2023 WL 2682117, at *1 (quoting *CMAX*, 300 F.2d at 268). The mere delay inherent in any stay does not by itself constitute undue prejudice. *See, e.g., Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, C08-184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009).

Fed. R. Civ. P. 26(c) also provides courts with the power to stay pending a dispositive motion. *Wiggin v. Rollins*, C13-5057 BHS-KLS, 2013 WL 6173102, at *3 (W.D. Wash. Nov. 22, 2013) ("A court may relieve a party of the burdens of discovery while a dispositive motion is pending."); *see also, e.g., Shakir v. Adams*, C18-1333 RSL-MLP, 2019 WL 1436903, at *1 (W.D. Wash. Apr. 1, 2019) (upon a showing of good cause under Fed. R. Civ. P. 26(c), "[a] court may relieve a party of the burdens of discovery while a dispositive motion is pending.").[1]

### B. A Stay is in the Interest of Judicial Economy and Preserves Resources.

The Court should exercise its inherent discretion or find that good cause for a stay exists and grant a stay pending the decision of Valve's MSJ (and Baylis' related cross motion if he so moves). If the court grants Valve's MSJ, the case will be completely resolved without the expense of further discovery and without the need for the Court to address Valve's upcoming motion to compel and other anticipated discovery or conduct-related-motions. Similarly, it appears that Baylis is asserting that his putative cross motion would be dispositive.

---

[1] The parties have satisfied Fed. R. Civ. P. 26(c)(1)'s meet and confer requirements. Although Valve proposed stipulating to the stay to preserve both parties' resources, Baylis refused to agree. Harrison Decl., ¶11, Ex. C.

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 5



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Absent a stay, the parties would have no choice but to proceed with discovery motions and further written discovery and depositions while awaiting the court's ruling on summary judgment. Given Baylis' and other key deponents' overseas locations, depositions would involve significant time and cost. Harrison Decl., ¶12. A stay would preserve the Court's resources and allow the parties to avoid significant costs for discovery that may soon be rendered moot. *See, e.g., New World Med. Inc. v. MicroSurgical Tech. Inc.*, 220CV01621RAJBAT, 2021 WL 952456, at *2 (W.D. Wash. Feb. 18, 2021), *report and recommendation adopted*, 220CV01621RAJBAT, 2021 WL 949382 (W.D. Wash. Mar. 12, 2021) ("Given the early stage of these proceedings and minimal resources expended in litigating this action to date, entering a stay will preserve the resources that would otherwise be required to litigate this case at a time when the merits of doing so are uncertain.").

Baylis will incur no hardship as a result of the stay. He waited over five years after the Finnish court decision to seek a different ruling in this Court. A delay of a few months while the Court addresses the preliminary dispositive legal issue of whether the Finnish decision bars Baylis from re-litigating the same issues of copyright ownership will not harm him. Baylis himself has expressed his goal of obtaining clarity and a definitive ruling on his alleged copyright ownership through his own cross motion. Harrison Decl., ¶13. The Court's ruling on Valve's MSJ may provide exactly what Baylis himself seeks. In the alternative to a stay, Valve requests a six-month extension of the trial date and the related deadlines to allow adequate time for decision on the MSJ before being required to spend heavily on discovery and trial preparation.

//

//

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## IV.  CONCLUSION

For the reasons set forth above, Valve requests that this matter be stayed pending the ruling on Valve's dispositive Motion for Summary Judgment and Baylis' related cross motion for summary judgment. In the alternative, Valve requests a six-month continuance of the trial date and all current case scheduling deadlines.

*I certify that this memorandum contains 1,911 words in compliance with the Local Civil Rules.*

DATED: September 18, 2025.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 18th day of September, 2025 in Seattle, Washington.

/s/ *Kaila Greenberg*
Kaila Greenbert
Legal Assistant

DEFENDANT VALVE CORPORATION'S MOTION TO STAY
No. 2:23-cv-01653-RSM – Page 8

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250