The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>                Plaintiff, *(pro se)*.<br><br>   v.<br><br>VALVE CORPORATION,<br><br>                Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO EXTEND TRIAL AND RELATED DATES**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

Valve Corporation ("Valve") moves to stay this case pending ruling on its August 28 Motion for Summary Judgment ("MSJ") and Valve also asks for a six-month extension of the trial and related dates, to "accommodate consideration and decision of <u>those motions</u>" which include <u>an imaginary "cross motion"</u> from plaintiff Trevor Baylis ("Baylis") -  Valve are essentially asking for a stay of this case to "accommodate consideration and decision" of a "cross motion" from Baylis which <u>doesn't exist!</u>

Valve seeks to delay this case without good cause and their, Defendant Valve Corporation's Motion To Stay Or In The Alternative To Extend Trial And Related Dates ("Motion") should be denied.

## PROCEDURAL BACKGROUND AND RECENT ACTIVITY

Baylis is a United Kingdom citizen residing in Finland. See Baylis' Second Amended Complaint ("SAC") Dkt. #25, ¶ 3. Baylis is a professional animator Id., ¶¶ 33-35 who, provided high level award winning animation work for what began as an amateur film in Finland, called *Iron Sky* Id., ¶¶ 37-40.

Defendant Valve is a video game developer and digital distributor, with headquarters in Bellevue, Washington. Id., ¶¶ 5-6. Valve operates a digital distribution platform for video games called Steam through which third-party game developers can sell and/or distribute video games. Baylis alleges that Defendant Valve, infringed his copyright in the film *Iron Sky* ("Work") registered under number PA0002432422  by displaying and distributing images from the Work (Dkt. #25). Baylis also alleges that Valve has failed its duty to expeditiously disable the infringing material under section 512 of the Copyright Act (Dkt. #25).

Valve filed a Motion For Summary Judgment ("MSJ") on issues of comity and collateral estoppel  (Dkt 76) on 29th of August 2025 and the noting date is set for 25th of

1  September 2025.  Baylis timely filed his, Plaintiff's Opposition To Defendant's Motion
2  For Summary Judgment, Dkt. 84.("Response") on 15th of September together with the
3  Declarations of U.S National, Kelly Lee Myers ("Myers") and UK National, Sebastian
4  Barquin (Barquin") in support of Baylis' Response. (Dkts  86 and 88). Additionally,
5  Baylis filed a significant amount of supporting evidence including video files of Baylis
6  demonstrating Baylis' original *Iron Sky* 3D animation files see Dkt. 85, Baylis Decl., ¶¶
7  17-27 as well as a considerable amount of other supporting evidence as to why Valve's MSJ
8  will likely be denied, see generally Dkt. 85, Baylis Decl., especially considering a Finnish
9  ruling ("MAO79/18") regarding the "joint authorship status" of assistant set designers on
10 an Ari Kaurismaki film, called *The Other Side of Hope* (In Finnish: *Toivon tuolla puolen*),
11 ruled that those set designers were "joint authors" of that film. For that very ruling,
12 see Dkt. 85 - 8, Baylis Dec. Ex. F1. And Dkt. 85, Baylis Decl. ¶¶ 13-15.

13     That ruling MAO79/18 was made 3 months before the Finnish Iron Sky Case
14 ("MAO302/18") which unlawfully expropriated valuable economic copyrights under
15 section 2 of the Finnish Copyright Act from a U.S. National and UK Nationals, Myers,
16 Barquin and Baylis and also included two of the same judges!

17     This is clear, incontrovertible evidence of unfairness and inconsistency within the
18 Finnish Market Court and demonstrates that MAO302/18 was an unfair and fraudulent
19 ruling, and given that Valve's whole defense in this case is entirely based on that unfair
20 and fraudulent ruling, MAO302/18, then Valve must be blatantly aware that they cannot
21 succeed in their defense in this case because of such salient issues, and their MSJ is
22 likely to fail. Valve have obviously been *'caught on the back foot and with their trousers*
23 *down'* so to speak, which is their own fault for not checking previous cases in Finland
24 to see how Finnish Market Court Judges had ruled in similar cases with similar issues

(such as "staging" see, Dkt 44-4, Harrision Dec. ¶ 23, Ex. D at VALVE_10. "the creation of digital visual effects for certain aspects of the film, which in many respects can be likened to staging", and Dkt 85-8, Baylis Dec. Ex. F1 at BAYLIS_13 - "3.3 Expert opinions and consultation regarding staging". ) to the Iron Sky case MAO302/18, such as MAO79/18 which directly preceded it, before submitting their MSJ.

 

**Example of "staging" in MAO79/18 and Baylis' "staging work" in Iron Sky, MAO302/18.**

Such an error by Valve in not actually checking previous Finnish case rulings would actually support their claims before submitting their MSJ is almost comical. Certainly it must be humiliating for Valve who had even hired their own Finnish Legal expert to support their MSJ, see generally Dkt. 77 and that Lawyer didn't seem to bother to check previous rulings such as MAO79/18 either before submitting his own declaration in support of Valves MSJ (Dkt 77).

So now the Honorable Judge in this case is presented by a frivolous Motion Dkt 89 from Valve to stay this case whilst Valve's counsel, metaphorically speaking, *try to get their trousers back on!* Additionally, Baylis has to waste his own time in writing an opposition to Valve's frivolous Motion which lets not forget - *includes reference to giving consideration to a non-existent "cross motion."*

PLAINTIFF'S OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION
TO STAY OR IN THE ALTERNATIVE TO EXTEND TRIAL AND RELATED DATES
No. 2:23-cv-01653-RSM                                                                    Page 3

# ARGUMENT

## A. The Court Has Inherent Power as Well as Power Under Fed. R. Civ. P. 26(c) to Stay Proceedings Pending a Dispositive Motion.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Slack v. Kariko, C20-05508-RSM-SKV, 2023 WL 2682117, at *1 (W.D. Wash. Mar. 29, 2023) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). This includes "broad discretion to stay proceedings as an incident to its power to control its own docket." Id. (quoting Clinton v. Jones, 520 U.S. 681, 706-07 (1997)).

However, this is to promote efficiency and save time and resources. Valve are simply wasting time and resources because they've made an embarrassing error in not checking previous Finnish Court cases such as MAO79/18 to see if other Finnish cases support their MSJ on comity and collateral estoppel, wherein they *intend to rely on Finnish Law* see, Valve's Defendant Valve Corporation's Notice Of Intent To Raise Foreign Law Dkt 78. It means even if they did try to rely on Finish Law the Honorable Judge in This Case could do his own research into previous Finnish cases based on Valve's, Notice to rely on Finnish law, and within a mater of minutes perhaps, see for himself that MAO79/18 exists (especially now as Baylis has submitted it as evidence see Dkt. 85, Baylis Decl. ¶¶ 13-15 and Dkt 85-8, Baylis Dec. Ex. F1) and it ruled differently to the Iron Sky Case MAO302/18 which denied the rights of Myers, Barquin and Baylis, and therefore is fatal to Valve's MSJ.

Therefore, to promote efficiency and save time and resources perhaps the Honorable Judge in this case could simply MAO79/18 review at his own discretion to get the gist of things.  See Dkt. 85, Baylis Decl. ¶¶ 13-15 and Dkt 85-8, Baylis Dec. Ex. F1. And therefore be able to *deny* Valve's current Motion with the necessary expediency it deserves!

**B. Valve's Request for a Stay is NOT in the Interest of Judicial Economy and Preservation of Resources.**

Valve asks the Court to exercise its inherent discretion or find that a good cause for a stay exists, and "grant a stay pending the decision of Valve's MSJ **(and Baylis' related cross motion if he so moves)**" [Emphasis added]. Firstly, Valve have not shown good cause to request for a stay because none exists and they haven't made any credible argument for such a thing. Additionally, a "cross motion" from Baylis is non-existent!

One wonders how this court could genuinely accommodate consideration and decision on a cross motion that doesn't exist as a way to promote economy of time and effort for itself. What Valve is asking for is nowhere near the significant burden they need to meet. Valve have simply become aware of another Finnish case MAO302/18 that is fatal to their own MSJ and are stalling for time whilst they run around like headless chickens after realizing their own embarrassing errors of judgment in not bothering to research Finnish case rulings relating to similar issues as in MAO302/18 such as "staging" and they likely realize their MJS is dead in the water now.

Valve complain that without the court granting a stay Valve *would have no choice but to proceed with discovery* motions and further written discovery and depositions while awaiting the court's ruling on summary judgment. However, Baylis has already answered Valve's, Defendant Valve Corporation's First Discovery Requests To Plaintiff and provided them with all the relevant and necessary information they asked for, within <u>less than twelve hours of Valve's Discovery request</u> such as the name and address of Iron Sky Universe Bankruptcy estate (Kemppi & Tuominen Attorneys Ltd Mannerheimintie 113, 00280 Helsinki. Tel. +358 10 235 2120) who are most likely to have all relevant contracts and 3D animation files Valve require as they are the "bankruptcy estate" of the producers who had

1    all such things. See, Harrison Decl., ¶6, Ex. A.

2    Valve claim that, "Baylis has made clear that the discovery process and pretrial activity will be fraught with time-consuming challenges requiring significant judicial resources." However, this is just nonsense because Baylis was happy to give Valve the information they requested within "less than a day!" And it's simply part of normal discovery for Valve to follow up themselves on the information supplied and Baylis has saved Valve 29 days of waiting for a reply from himself. **Perhaps if Valve had actually done their homework and some basic due diligence on the history of Finnish film copyright cases they would have seen for themselves that MAO79/18 doesn't support their MSJ** but it's too late now because Baylis has made this court aware of it already.

Furthermore, Baylis extensively warned Valve and this court in Baylis' Plaintiff's, Response To Valve's Motion To Refer Copyright Registration Questions To The Register Of Copyrights And For Stay Of Proceedings Dkt 45 that their were serious problems with MAO302/18 including the fact that there were issues of comity with it, see Dkt 45 pages 6-8 " **3. Incoherence of MAO302/18 and lack of comity with regards to Finland's own copyright laws as well as International copyright law**"

## CONCLUSION

Valve are simply acting in bad faith and making things up such as 'giving consideration of a non-existent "cross motion"' as a reason for a stay because they are NOW fully aware of the existence of contradicting cases in Finland such as MAO79/18 that prove conclusively Baylis has been treated unfairly in MAO302/18 and therefore Valve's arguments on issues of comity and collateral estoppel in their MSJ conclusively fail too.

For the reasons set forth above, Baylis requests that Valve's Motion be denied.

PLAINTIFF'S OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO EXTEND TRIAL AND RELATED DATES
No. 2:23-cv-01653-RSM

Page 6

I certify that this memorandum contains 1797 words, in compliance with the Local Civil Rules.

19th September 2025

Trevor Kevin Baylis

*[signature]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO EXTEND TRIAL AND RELATED DATES
No. 2:23-cv-01653-RSM

Page 7

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 19th September 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 19th September 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND