The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VALVE CORPORATION,<br><br>　　　　　　　Defendant. | No. 2:23-cv-01653-RSM<br><br>**DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Noted on Motion Calendar:<br>September 25, 2025 |

## I.　INTRODUCTION

[T]he merits of [a] case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact if there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction." *Donnelly v. FAA*, 411 F.3d 267, 271 (D.C. Cir. 2005) (quoting *Tahan v. Hodgson*, 662 F.2d 862, 864 (D.C. Cir. 1981); *Hilton v. Guyot,* 159 U.S. 113, 2034 (1895)) (internal quotation marks omitted). "[T]he burden falls on the party challenging the admission of such evidence to impeach the validity of the foreign verdict." *Id.*

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Baylis' response to Valve's Motion for Summary Judgment ("Response") (Dkt #84) does not meet that burden. Rather than engage with Valve's argument, Baylis simply impugns the Finnish court decision and essentially seeks an appeal of that decision:

- "MAO302/18 [the decision at issue here] was such an incoherent and error strewn ruling." Response at 16.
- "MAO302/18 claims Baylis worked under 'supervision!' This is just a lie and the Finnish judges must have known they were lying." *Id.* at 20.
- "This Court should find the actions of the Finnish judiciary unconscionable." *Id.* at 22.
- "MAO302/18 is not a valid judgment because it has numerous grave procedural errors previously on the record and written about by Baylis." *Id.*
- "MAO302/18 was an attempt to mitigate judicial misconduct and not an attempt to rule on the merits." *Id.*
- "MAO302/18 was not a fair trial because it didn't apply to copyright law correctly nor rule on the merits." *Id.* at 24.

Baylis does not dispute the elements of comity and collateral estoppel set forth in Valve's Motion for Summary Judgment ("Motion") (Dkt #76). Nor does Baylis raise any issue of material fact that those elements are established. Rather, as the handful of excerpts listed above (and many others not repeated here) show, Baylis vehemently disagrees with the Finnish court decision. But disagreeing with a foreign judgment is not an argument against the application of comity or collateral estoppel. In fact, Baylis' disagreement with the Finnish judgment that he does not own any copyrights in *Iron Sky* or its animated parts is an argument *for* the application of collateral estoppel, which prevents such disagreements from resulting in serial, multi-forum, potentially inconsistent litigation.

The Court should grant Valve's Motion and dispose of this matter.

DEFENDANT VALVE CORPORATIONS' REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 2



600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## II. ARGUMENT

### A. Baylis' Copyright Registration is a Red Herring

Baylis repeatedly points to his copyright registration certificate to bolster his unfounded claim to rights in *Iron Sky*. *See, e.g.*, Response at 2, 7, 9. Registration within five years of publication may create a rebuttable presumption of copyright ownership, which can be overcome by evidence that the registrant is not the owner. 17 U.S.C. § 410(c); *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1096 (N.D. Cal. 2002). No such presumption applies here, as Baylis applied for copyright registration more than a decade after first publication.

Even setting aside that no presumption of ownership applies, the registration Baylis obtained means nothing here, as the Copyright Office has explained that it merely "accepted his representations as true and accurate." Dkt. #66-1 at 3. In other words, the Copyright Office merely considered whether Baylis had stated a basis for ownership that, if true, would support registration. Contrary to Baylis's assertion, the Copyright Office did *not* determine that Baylis was a joint author. The Copyright Office did *not* consider whether the stated basis was factually valid. Undisputed facts now show that basis to have been false, as the Finnish Court has determined that Baylis was not an author of *Iron Sky*, held no copyrights in that film, and held no copyrights in the *Iron Sky* models and animation. Lindfors Decl. (Dkt. #77) Ex. B at Valve_010, ¶24; Valve_011, ¶¶37-44; Valve _012-13, ¶¶54-67; Valve_017.

### B. Baylis Fails to Raise an Issue of Material Fact as to Comity

Comity applies where a foreign judgment was:

1) Entered by a competent court;
2) Having both personal and subject-matter jurisdiction;
3) Brought upon due allegations and proofs, giving the parties opportunity to defend against the claims; and
4) Is entered in a clear and formal record.

*Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465, 472 (D.N.J. 2001) (citing *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139 (1895)). "Comity should be withheld only 'when

DEFENDANT VALVE CORPORATIONS' REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 3



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect.'" *Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, No. 3:96CV386(DJS), 2000 WL 1863560, at *4 (D. Conn., Apr. 14, 2000), *on reconsideration* (Apr. 14, 2000), *aff'd*, 257 F.3d 1324 (Fed. Cir. 2001) (quoting *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971)).

The "polestar" consideration for comity is "whether a reasonable method of notification is employed and reasonable opportunity to be heard is afforded to the person affected." *Somportex*, 453 F.2d at 443; *see also Hurst v. Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 34 (D.D.C. 2007) (federal courts may grant comity to foreign judgments entered following full and fair trial in foreign court of competent jurisdiction after proper service or voluntary appearance by defendant under judicial system that does not violate U.S. public policy) (citation omitted). In effect, basic notions of due process must be respected. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

When the above elements are present, the burden shifts to the party opposing comity to show that a foreign judgment "violates American policy notions of what is decent and just." *See In re Neves*, 570 B.R. 420, 427 (Bankr. S.D. Fla. 2017); *see also Tahan*, 662 F.2d at 864. This burden is "high and unfrequently met" and is applicable only in "clear-cut cases." *Ackermann v. Levine*, 788 F.2d 830, 841 (2d Cir. 1986) (citations omitted).

Baylis does not raise any issue of material fact to dispute that the Finnish decision meets the *Hilton* elements. He does not dispute that the Finnish court had personal and subject-matter jurisdiction. In fact, Baylis affirmatively invoked that jurisdiction as a plaintiff. He does not dispute that the judgment was brought upon due allegations and proofs. Baylis and the other plaintiffs, with Finnish counsel, testified and presented documentary evidence, and defended against the production company's counterclaims. Dkt. #76 at 3:19-22. And Baylis admits the judgment was set forth in a clear and formal record. Dkt #84 at 21:23.

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Finally, Baylis does not dispute that the Finnish judicial system is competent. As described in Valve's Motion, there is no dispute that Finnish courts and EU courts in general are courts of competent jurisdiction. Dkt #76 at 8:14-9:5. Courts of the United States have granted comity to European decisions since at least the 19th century. *See, e.g.*, *Hilton v. Guyot*, 159 U.S. 113, 26 S.Ct. 139, 141 (1895). Baylis does not offer contrary authority, because there is none. Instead, Baylis protests that he disagrees with the Finnish court decision's findings that he holds no copyright in *Iron Sky* or its animated parts. (Baylis even claims the Finnish court was corrupt and wanted to expropriate his copyrights to make *Iron Sky* derivatives itself).[1] He asserts, in essence, that if a litigant disagrees with a particular court decision, the decision should not be granted comity. But Baylis misapprehends comity. Comity deals with the competence of a judicial system as a whole. It is *not* a mechanism for reviewing a decision of an individual court as Baylis seeks to do here. *Hilton*, 159 U.S. at 203 ("[T]he merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact.").

Baylis underscores his concession that the Finnish judicial system is competent by citing to another Finnish copyright case, which he calls "MAO79/18," that he asserts involved some of the same judges as the Finnish decision at issue here. He insists that the decision in the "MAO79/18" case was correct and properly followed Finnish copyright law. *See, e.g.*, Dkt #84 at 21-23. Baylis also repeatedly points to another Finnish court decision, *Baylis v. Troll VFX*. *See, e.g.*, Response at 3, 4, 12, 15, 21. What that case has to do with this matter is unclear, but from the Google translation of it that Baylis previously filed, it appears to have been a claim by Baylis for allegedly unpaid salary. *See* Dkt. #49-3. In any event, *Baylis v. Troll VFX* has nothing to do with the comity and collateral estoppel analysis here, though Baylis' invocation of it (apparently unintentionally) further supports granting comity to the

---

[1] Notably, Baylis does not take issue with the Finnish appellate court's denial of his appeal, or of the appellate court's competency, which is also fatal to his position.



Finnish judicial system. Baylis even asserts that a part of the Finnish decision, for which Valve asks this Court to grant comity, was correct (finding that one of his co-plaintiffs held a copyright in one animation). Dkt. # 84 at 7:17-20. It seems that Baylis embraces the Finnish courts for "MAO79/18" and *Baylis v. Troll VFX* but urges this Court to reject the Finnish judicial system for the judgment that went against him.

Baylis sums up his argument by noting that "[a]ny other court could easily come to a different conclusion in evaluating the Work." *Id*. at 20:12-13. That, of course, is precisely the point of comity and collateral estoppel: to avoid endlessly relitigating an already-decided issue and preventing litigants from treating United States courts as alternative courts of appeal for foreign decisions. *Hilton,* 159 U.S. at 203; *Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465, 473 (D.N.J. 2001) (applying comity and collateral estoppel to a UK court's copyright decision and explaining that collateral estoppel "is invoked by the courts to promote conclusive resolution of disputes, thereby protecting parties from the expense of multiple lawsuits, conserving judicial resources, and increasing the reliability and consistency of judicial decisions.").

Valve established that the Finnish decision meets all requisite elements of comity. Baylis does not raise any issue of material fact regarding those elements. He fails to carry his "high and unfrequently met" burden to show application of the Finnish decision would be "repugnant to fundamental notices of what is decent and just." *See*, *Ackermann*, 788 F.2d at 841. The Court should apply comity.

C.  **Baylis Fails to Raise an Issue of Material Fact as to Collateral Estoppel**

Collateral estoppel applies where:

1)  The issue previously decided is identical with the one presented in the action in question;
2)  The prior action has been finally adjudicated on the merits*;*
3)  The party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 6


ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

    4)       The party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). It is beyond dispute—and Baylis does not dispute—that the Finnish decision meets elements 1, 3, and 4.

    Baylis limits his argument regarding the actual elements of collateral estoppel to eight lines of text. Response at 22:20-23:4. There, he conclusorily asserts that the Finnish decision "was not finally adjudicated on the merits." His only substantive discussion of the element is his conclusory claim that he must be "logically the author of his Work" and that "Authorship is a question of fact." *Id*. at 23:3.

    Baylis does not address the fact that the Finnish court finally and unequivocally adjudicated the merits of this very issue. Regarding Baylis' claim of authorship, the Finnish court ruled, among other issues:

- 41. The Market Court finds that the staffers [including Baylis] have not identified in their pleadings much detail relevant to the copyright assessment as to why they should be considered the authors of the vessels and other alleged works in question. Dkt #77 at Valve _011.

- 59. . . . [I]t has not been shown that, with regard to . . . the Götterdämmerung, [Baylis] should be regarded as the author of the vessel and its internal parts within the meaning of claim 2. The Market Court also considers that, . . . it has not been established that [Baylis] should be regarded as the author of the vessel in question within the meaning of Claim 2 on the basis of the scene . . . . *Id.* at Valve _012.

- 60. . . . The Market Court considers that it has not been proven that [Baylis] can be considered the author of the vessel in question. *Id.* at Valve _013.

- 62. [With respect to the "George W. Bush"], [t]he Market Court considers that, on the basis of the above, [Baylis]'s copyright could be attributed mainly to the animation of the weapon, which, however, cannot be considered particularly original. The Market Court considers that it has not been shown that [Baylis]'s actions in relation to the vessel's weapon, and in particular its animation, were original and independent in such a way that he could be regarded as the author of the vessel in question. *Id.*

- 63. [With respect to the "Valkyrie"], [t]he Market Court considers that it has not been proven that [Baylis] should be considered the author of the vessel in question. *Id.*

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 7

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250


- 64. [With respect to the "Australian agents' vessel"], [t]he The Market Court notes that it has not specified in detail what copyright-relevant creative work [Baylis] would have done on the vessel in question. The Market Court considers that it has not been proven that [Baylis] should be considered the author of the vessel in question. *Id.*

The foregoing animations are the very same ones to which Baylis claims copyrights here. *See* Dkt. #25 at ¶¶ 63-81, 109, 113, 117, 125. Baylis' assertion that the Finnish action was not finally adjudicated on the merits because the question of authorship was never decided misrepresents the record and fails as a matter of law and fact.

### III.   CONCLUSION

Baylis' Response does not raise any issue of material fact about any of the elements of comity or collateral estoppel. For the reasons set forth in the Motion, in Baylis' own Response, and in this Reply, this Court should grant the Motion and dismiss Baylis' Second Amended Complaint with prejudice.

*I certify that this memorandum contains 2,420 words in compliance with the Local Civil Rules.*

DATED: September 25, 2025.     **ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 8

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 25th day of September, 2025 in Seattle, Washington.

*/s/ Janet Fischer*
Janet Fischer
Paralegal

DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM – Page 9

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250