The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>            Plaintiff, *(pro se)*.<br><br>v.<br><br>VALVE CORPORATION,<br><br>            Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>26th September 2025 |

PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM

# 1. INTRODUCTION

In Defendant's ("Valve") "Defendant Valve Corporations' Reply In Support Of Motion For Summary Judgment" ("Reply"), Valve raise a new irrelevant issue in stating that Plaintiff ("Baylis") is seeking an appeal of a foreign judgment from this Court, which was not raised in their original related, "Defendant Valve Corporations' Motion For Summary Judgment", ("MSJ") Dkt. 76.

Under LCR 7 (g) For requests to strike material contained in or attached to a reply brief (1) That party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable. (2) The surreply must be filed within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike.

Baylis hereby gives notice of intent to file a surreply and concurrently files such a surreply under Under LCR 7 (g).

## 2. VALVE INTRODUCE IRRELEVANT ISSUE

Valve claim in their Reply that Baylis is seeking from this Court an 'Appeal of a foreign ruling'.

> "Baylis simply impugns the Finnish court decision [("MAO302/18)] and essentially seeks an appeal of that decision:" Dkt. 92 at Page 2

However, Baylis <u>did not introduce MAO302/18 into this case at all!</u> It was introduced by Valve, and there is no mention by Baylis in any of his filings with this Court that he is seeking any Appeal of MAO302/18 from this Court. Valve are introducing an irrelevant issue namely that, 'Baylis is seeking an appeal of MAO302/18 from this Court.'

That Ruling MAO302/18, is simply irrelevant to this case as Baylis is not a Finnish National, was not employed by the Producers of the film *Iron Sky* which, is the copyrighted

PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE
CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM

Page 1

subject matter in this case ("Work"), and United States Copyright Act is the exclusive source of law for protection of the Work in the United States. Additionally, the Work is a German work not a Finnish work due to the judicially noticeably, and undisputed fact that the Work's "First Publication" was in Germany on the 11th February 2012 which, provides a "point of attachment" to the Work of German copyright law in terms of any authorship analysis.

      MAO302/18 was precluded from applying such authorship analysis to the Work because under Finland's own Copyright law there are territoriality restrictions under §63(2) of the Finnish Copyright Act. Therefore Baylis does not "...essentially seek[s] an appeal of that decision:" **MAO302/18 is simply not relevant to this case due to the fact Baylis is not a Finnish National, was unemployed when creating the Work, and the Work is a German work in any case.**

      For Finnish Nationals - they may find MAO302/18 ruling problematic within the borders of Finland but for everyone else in the world it has no relevance as highlighted by the United States Copyright Office see generally, Response Of The Register Of Copyrights To Request Pursuant To 17 U.S.C. § 411(b)(2) Dkt 66-1.

> "Thus, in determining whether a work is copyrightable, a joint work, or a work made for hire, the Office applies U.S. copyright law, even if the work was created in a foreign country, first published in a foreign country, or created by a citizen, domiciliary, or habitual resident of a foreign country.
>
> B. Identifying the Author
>
> An application for registration must include "the name . . . of the author or authors," unless the work is anonymous or pseudonymous. The Supreme Court has explained that, unless the work is a work made for hire, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." [Citations ommited] (Dkt 66-1, P. 5-6.)

PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM

Page 2

## 3. CONCLUSION

This court should strike Valve's newly introduced argument in their Reply that, "Baylis simply impugns the Finnish court decision [("MAO302/18"]) and essentially seeks an appeal of that decision:" Dkt. 92 at Page 2

Valve are making an entirely inappropriate "red herring" argument because the real issue of Baylis' "right to claim authorship of his work" and subsequent "claim to authorship of his work" is in fact related to Berne Convention rules Article 6bis because his work was "First published" in Germany related to "country of origin rules" under Berne Convention Article 5(4)(a) and Finland's own Copyright Act precluded any authorship analysis in MAO302/18 under it's own Copyright Act §63(2) due to territoriality restrictions. Baylis and this Court can <u>simply ignore</u> MAO302/18 because Finnish copyright law is irrelevant to UK Citizens in terms of authorship criteria (Personal criteria), and *Iron Sky* was "First published" in Germany (Geographic criteria), Baylis' SAC #Dkt 25 pages 8-9

I certify that this memorandum contains 763 words, in compliance with the Local Civil Rules.

26th September 2025

Trevor Kevin Baylis

*[signature: Trev Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 26th September 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 26th September 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

PLAINTIFF'S SURREPLY REQUESTS TO STRIKE MATERIAL IN DEFENDANT VALVE CORPORATIONS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
No. 2:23-cv-01653-RSM