The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

Plaintiff,

v.

VALVE CORPORATION,

Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATIONS' MOTION TO COMPEL RESPONSES TO VALVE'S FIRST DISCOVERY REQUESTS**

Note on Motion Calendar:
November 4, 2025

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 26, 33, 34 and 37(a), Valve Corporation ("Valve") moves this Court for an order compelling Trevor Baylis ("Baylis") to provide full and complete answers and responses to Valve's First Discovery Requests and to produce all responsive documents within his possession or control. Baylis refused to produce any documents in response to Valve's twelve requests for production of documents and has refused to answer ten of Valve's 13 interrogatories. Baylis also refused to participate in a telephonic meet and confer to try to resolve this issue, leaving Valve no option but to file this Motion to Compel Responses to Valve's First Discovery Requests ("Motion").




ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## II. BACKGROUND

### A. Baylis Refuses to Respond to Valve's Discovery Requests

Baylis asserts claims for direct copyright infringement and contributory copyright infringement under 17 U.S.C. § 501. Dkt. #31 at 2, 6. Baylis' bases these claims on his allegation that he owns copyrights in a film called *Iron Sky* and/or certain of its 3D animated parts (the "Animated Works"). *Id.;* Dkt. 25. Baylis asserts Valve infringed on his alleged copyrights by hosting third party video games based on *Iron Sky* on Valve's gaming platform. Dkt. # 25, ¶¶ 108-115.

On September 12, 2025, Valve served interrogatories and requests for production on Baylis ("Discovery Requests"). Declaration of Jonah Harrison in Support of Valve's Motion to Compel ("Harrison Decl."), ¶2, Ex. A. The Discovery Requests included 13 interrogatories and 12 requests for production. Baylis returned his objections, answers and responses within 12 hours. *Id.*, ¶3, Ex. B. Baylis refused to answer ten of the interrogatories, claiming he did not have to answer because he felt the interrogatories sought irrelevant information under "Copyright law" or sought information about a "question of fact." *Id.* at pp. 5-8; 11. He provided only conclusory and cursory answers to the remaining three interrogatories. *Id.* at pp. 9-10. He refused to produce any documents in response to the 12 requests for production and asserted the documents Valve requested are irrelevant. *Id.*, at pp. 11-14.

Upon receipt of the deficient responses, Valve's attorney promptly requested a telephonic meet and confer pursuant to LCR 37(a)(1). Harrison Decl*,* ¶4. Baylis refused to participate. *Id.* Instead, he resorted to insult and accused Valve's counsel of not being a licensed attorney. *Id.,* ¶5, Ex. C. Despite continued good faith requests by Valve's counsel for a telephonic meet and confer, Baylis continued to refuse to participate.

## III. LCR 37(a)(1) CERTIFICTION

Pursuant to LCR 37(a)(1), Valve certifies that it attempted in good faith to confer with Baylis through a telephonic meeting to obtain Baylis' discovery responses without Court



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

intervention. Baylis refused to participate, leaving Valve no option but to bring this Motion. Harrison Decl., ¶6.

## IV. ARGUMENT

### A. Motion to Compel Standard

Under Fed. R. Civ. P. 26(b)(1), discovery is permitted regarding any non-privileged matter relevant to a party's claim or defense and proportional to the needs of the case. The rule explicitly contemplates broad discovery into relevant matters and is not limited to information that is admissible at trial. Fed. R. Civ. P. 26(b)(1) ("parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case .... Information within this scope of discovery need not be admissible in evidence to be discoverable."). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. *Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D.Cal.1992) (citing *Oppenheimer,* 437 U.S. at 351). Rather, the question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Miller,* 141 F.R.D. at 296.

Fed. R. Civ. P. 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents ... as required under Rule 34." Although the party seeking to compel discovery has the burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" with competent evidence. *Doe v. Trump*, 329 F.R.D. 262, 270–71 (W.D. Wash.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

2018) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). "It is well established that general, boilerplate objections are improper on their face." *Park v. State Farm Fire & Cas. Co.*, 2:23-CV-01564-TL, 2024 WL 4494877, at *12 (W.D. Wash. Oct. 15, 2024).

**B. Baylis Should Be Compelled to Answer Interrogatories Nos. 1 – 9 and 13.**

Valve's Discovery Requests included 13 interrogatories. Harrison Decl., Ex. A. Baylis objected to and refused to answer ten of the interrogatories (Interrogatories Nos. 1-9 and 13) based on vague, conclusory, and baseless objections that the interrogatories are irrelevant. *Id.*, Ex. B. As set forth in the attached Exhibit 1,[1] each interrogatory is highly relevant to Baylis' claims or Valve's defenses and Baylis has not provided sufficient grounds for refusing to answer. *Doe v. Trump,* 329 F.R.D. at 270-71 ("[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" with competent evidence). For the specific reasons set forth in Exhibit 1, Baylis should be compelled to provide complete, good faith answers to Interrogatories Nos. 1-9 and 13.

**C. Baylis Should Be Compelled to Respond to Valve's Requests for Production.**

Baylis has also refused to provide any documents whatsoever in response to Valve's 12 requests for production. Harrison Decl., Ex. B. Baylis objected to production by claiming the documents sought are irrelevant. *Id.* As set forth in Exhibit 1, Baylis' objections are groundless, and each of the requests for production are directly relevant to the core claims and defenses in this matter. Baylis should be compelled to respond to Valve's Requests for Production Nos. 1-12 and produce all responsive, nonprivileged documents in his possession or control.

---

[1] Because Baylis has refused to answer so many discovery requests (ten interrogatories and 12 requests for production), for the Court's convenience and ease of reference, Valve has set forth in a chart in the attached Exhibit 1 each discovery request at issue, Baylis' objections, and Valve's responses to the objections.





600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**D. Valve Should Be Awarded Its Attorneys' Fees.**

Pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5), Valve seeks its attorneys' fees for being required to bring this Motion. Fed. R. Civ. P. 37(a)(5) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "An award of sanctions is *mandatory* under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust." *Hernandez v. Ogboehi*, 120CV01019JLTSABPC, 2022 WL 172846, at *3 (E.D. Cal. Jan. 19, 2022) (emphasis added). "It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances." *Id.*

None of the exceptions for excusing Baylis from sanctions exist here. Valve made all reasonable efforts to meet and confer with Baylis. He refused to meet and confer, requiring Valve to bring this Motion. As set forth in Exhibit 1, none of Baylis' objections to responding have merit and are not made in good faith. There is no justification excusing Baylis from Fed. R. Civ. P. 37(a)(5)'s requirement to pay Valve's attorneys' fees. Baylis' "pro se status does not insulate him from an order requiring the payment of such expenses." *Hernandez v. Ogboehi*, 120CV01019JLTSABPC, 2022 WL 172846, at *3 (E.D. Cal. Jan. 19, 2022) (citing *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding *pro se*) and *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.")).

## V. CONCLUSION

For the reasons set forth above, Valve respectfully requests that the Court issue an order compelling Baylis to provide full and complete answers and responses to Valve's First




ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Discovery Requests and to produce all responsive, nonprivileged documents in his possession and control. Valve further requests an award of its reasonable attorneys' fees incurred in bringing this Motion.

*I certify that this memorandum contains 1,489 words in compliance with the Local Civil Rules.*

DATED: October 14, 2025.

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | | |
|---|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐<br>☐<br>☒ | E-mail<br>U.S. Mail<br>E-filing |

Dated this 14th day of October, 2025 in Seattle, Washington.

*/s/ Kaila Greenberg*
Kaila Greenbert
Legal Assistant



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250