The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>　　　　Plaintiff, *(pro se)*.<br><br>　v.<br><br>VALVE CORPORATION,<br><br>　　　　Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL OR IN ALTERNATIVE TO AMEND THE JUDGMENT (RULE 59(e))**<br><br>October 30th 2025 |

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to, Civil rules - Western District of Washington ("LCR") 39.2 subsection (n) Plaintiff ("Baylis") in Baylis v. Valve Corporation, 2:23-cv-01653, (W.D. Wash.) gives the following,

Notice of Intention to Move for a New Trial or in alternative to Amend the Judgment (Rule 59(e))

A party may file with the clerk and serve on each adverse party a notice of intention to move for a new trial on any of the grounds specified in LCR 39.2 subsection (n)(3) such as (1) judicial misconduct that materially affected the substantial rights of a party; (2) Undue means employed in the proceedings of the court. e.g. Bad faith conduct. The notice shall be deemed to be a motion for a new trial.

(1) Defendants Valve Corporation ("Valve") mislead the Court by mis-categorizing the holdings of rulings in previous cases and obfuscating facts about "country of origin" rules related to determination of copyright ownership (authorship). See ITAR-TASS Russian News Agency v. Russian Kurier, Inc. which held that the country of origin determines the initial ownership of a copyright, while infringement and remedies are governed by the laws of the country where the infringement occurs.

(2) Valve did this in order to mislead this court to applying comity to the laws of Finland (Dkt. 76) rather than to Germany and German Copyright Law where the "First

publication" of the work at issue in this case took place which is a judicially noticeable fact. This leads to an unfair ruling (Dkt. 98)

(3) As a result of Valve Actions the Court Order (Dkt. 98) amounts to a breach of obligations of the United States toward adhering to international treaties such as the Berne Convention.

(4) As a result of Valve Actions the Court Order (Dkt. 98) is a breach of Baylis' human rights. See See CASE OF SAFAROV v. AZERBAIJAN - State's failure to protect his intellectual property interests.

https://hudoc.echr.coe.int/eng#{%22itemid%22:[%22001-218927%22]}

(5) There were numerous errors in law occurring in the Court Order (Dkt. 98) including not recognising Germany as the County of Origin of the work in question, and looking to German law to apply the correct principle of comity toward, which is a salient material fact crucial to this case becuse comity should have applied to German Copyright Law and NOT Finnish Law on questions that determine the initial ownership of a copyright.

See, *WIPO Guide to the Berne Convention*.

"5. 13. (a) works protected by the Convention by virtue of the geographical criterion (place of first publication) and published only within the Union: country of origin is the country of the Union where the work was first published. Place of publication (geographical criterion) prevails over the nationality or the habitual residence (personal criteria): a Belgian author or one habitually resident in Belgium first publishes his work in the German Federal Republic; the country of origin is the latter country." Emphasis added.

https://www.wipo.int/edocs/pubdocs/en/copyright/615/wipo_pub_615.pdf

PLAINTIFF'S NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL OR IN
ALTERNATIVE TO AMEND THE JUDGMENT (RULE 59(e))
No. 2:23-cv-01653-RSM                                                    Page 2

**Pursuant to FRCP Rule 59. New Trial; Altering or Amending a Judgment**

The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(2) Further Action After a Nonjury Trial...amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

The motion for a new trial will be made upon on new evidence, prejudicial legal errors, failure of the Courts obligations towards the Berne Convention and Human rights law, and the verdict being against the manifest weight of the evidence.

30th October 2025

Trevor Kevin Baylis

*[signature: Trvr Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL OR IN ALTERNATIVE TO AMEND THE JUDGMENT (RULE 59(e))
No. 2:23-cv-01653-RSM                                                                Page 3

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 30th October 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 30th October 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

PLAINTIFF'S NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL OR IN
ALTERNATIVE TO AMEND THE JUDGMENT (RULE 59(e))
No. 2:23-cv-01653-RSM                                                                       Page 4