UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREVOR KEVIN BAYLIS,

        Plaintiff,

   v.

VALVE CORPORATION,

        Defendant.

Case No. C23-1653RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Trevor Kevin Baylis's "Notice of Intention to Move for a New Trial or in the Alternative to Amend the Judgment (Rule 59(e))," Dkt. #100. Plaintiff Baylis appears to note this filing as a Motion for consideration on the day it was filed. *See id*. at 1. Defendant Valve Corporation has filed a "status report" interpreting Plaintiff's filing as a motion for reconsideration. Dkt. #101. The Court has reviewed Plaintiff's filing and agrees with Valve's assessment. Accordingly, the Court will first analyze this filing as a Motion for reconsideration. The Court finds that a response is not necessary.

Plaintiff seeks a new trial or to amend the judgment, arguing that Valve "mislead the Court by mis-categorizing the holdings of rulings in previous cases and obfuscating facts about 'country of origin' rules related to determination of copyright ownership (authorship)." Dkt. #100 at 2. Plaintiff asserts that there were "numerous errors in law occurring the Court Order," including not recognizing "Germany as the County of Origin of the work in question, and looking

ORDER DENYING MOTION FOR RECONSIDERATION - 1

to German law to apply the correct principle of comity toward, which is a salient material fact crucial to this case because comity should have applied to German Copyright Law and NOT Finnish Law on questions that determine the initial ownership of a copyright." *Id*. at 3.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). "No response to a motion for reconsideration shall be filed unless requested by the court." LCR 7(h)(3).

Plaintiff's arguments do not demonstrate manifest error or new facts or legal authority. Plaintiff simply repeats, in a few short sentences, prior legal arguments that were considered and rejected by the Court. He does not engage with the legal reasoning of the Court's Order, including the requirements for recognition of a foreign judgment under *Hilton v. Guyot*, 159 U.S. 113, 163, 16 S. Ct. 139, 40 L. Ed. 95 (1895). Plaintiff sets forth no reasonable basis for the Court to reject the holdings of the Finnish Market Court, a Court that he went to for relief as a plaintiff. Accordingly, this Motion is properly denied under LCR 7(h).

Although the instant Motion most closely resembles one seeking reconsideration, the Court will also review Plaintiff's stated grounds for relief under LCR 39.2 and Rule 59(e).

Plaintiff first and foremost cites to Local Rule 39.2(n). *See* Dkt. #100 at 2. However, Local Rule 39.2(n) only applies to cases where the parties agree to the Court's Individualized Trial Program, subject to the approval of the assigned judge. *See* LCR 39.2. That never happened

ORDER DENYING MOTION FOR RECONSIDERATION - 2

with this case. Local Rule 39.2(n) is inapplicable.

Plaintiff, in the alternative, cites to Rule 59(e). *See* Dkt. #100 at 4.

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court finds that Plaintiff fails to present newly discovered evidence or to point to clear error or manifest injustice. There has not been an intervening change in the controlling law. In sum, Plaintiff fails to demonstrate that this rule applies or that this "extraordinary remedy" is justified in this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #100, is DENIED.

DATED this 31st day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE