The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TREVOR KEVIN BAYLIS,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

No. 2:23-cv-01653-RSM

**DEFENDANT VALVE CORPORATION'S RESPONSE TO MOTION TO AMEND JUDGMENT**

Note on Motion Calendar:
November 27, 2025

## I.    ARGUMENT

"Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *OpenAI, Inc. v. Open A.I., Inc.*, No. 24-1963, 2024 WL 4763687, at *2 (9th Cir. Nov. 13, 2024) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995) (footnotes omitted))). Baylis' Rule 59 Motion to Amended [*sic*] the Judgment ("Motion") is a frivolous attempt to do just that and should be denied.

### A.    Fed. R. Civ. P. 59

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117,

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 1

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis omitted). Baylis asserts that the Court committed clear error in granting comity to the Finnish Decision because he now claims the Finnish Court lacked subject matter jurisdiction.

### B. Baylis is prohibited from raising new arguments he could have made earlier.

"[A] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Hum. Rts. Def. Ctr. v. United States Dep't of Just.*, 744 F. Supp. 3d 1161, 1165 (W.D. Wash. 2024) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Baylis claims this Court committed "clear error" in noting that the Finnish Court had subject matter jurisdiction to hear the case that Baylis brought before it. Baylis never argued lack of subject matter jurisdiction in his Opposition to Valve's Motion for Summary Judgment. *See* Dkt. # 84. Not once in that 27-page brief did he even mention the word "jurisdiction," much less argue the Finnish Court lacked subject matter jurisdiction.

The Court noted that fact in its Order Granting Summary Judgment:

> Valve asserts that the Finnish Court in question had both subject matter and personal jurisdiction over Baylis's claims. This makes sense, and Baylis cannot reasonably argue otherwise as he was the plaintiff in that case. . . Baylis does not really argue with any of this.

Dkt. # 98 at 6:23-7:4. Valve submits that Baylis could not have argued in good faith that the Finnish Court lacked subject matter jurisdiction. *See* Section I.C, *infra*. But in any case, he did not do so in his Opposition and that failure to do so is fatal to his Motion. *See, e.g.*, *Exxon*, 554 U.S. at 485 n.5.

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**C. Baylis' "Subject Matter Jurisdiction" argument is not made in good faith.**

Baylis attempts to conflate "subject matter" and "subject matter jurisdiction." It is neither Valve's duty nor this Court's duty to educate Baylis on the difference, if he is legitimately confused. As the plaintiff in the Finnish action, Baylis necessarily asserted that the Finnish Court had subject matter jurisdiction. He is estopped to deny it now that he does not like the result he achieved.

It appears, though, that rather than being a result of confusion, Baylis' argument is an attempt to mislead. Valve addresses it on the chance that the Court is considering whether to issue an order for Baylis to show cause why his Motion is not being presented for an improper purpose, whether its legal contentions are warranted by law, or whether its factual contentions have evidentiary support.

Baylis' Motion raises the concept of "subject matter" of copyright by citing Chapter 1 of the Finnish Copyright Act, titled "Subject Matter." Dkt. # 104 at 2.[1] Then he claims that a work supposedly first published in Germany cannot be part of the "subject matter" of the Finnish Copyright Act. Specifically, Baylis repeatedly relies on §63(2) of the Finnish Copyright Act to argue that the Finnish Copyright Act applies only to works that are first published in Finland:

> Honourable Judge Martinez wants to make the same error and is ignoring the operative part of MAO302/18 which doesn't mention FCA§1 <u>or why he is ignoring FCA §63(2) which limits "subject matter" to only works that are "First Published" in Finland</u>.

Dkt. # 104 at 3:22-24 (emphasis added).

> It raises the salient question as to how this Court came to the conclusion that Finland would be the Nation of First Publication instead of Germany or even why Germany has to be rejected as the Nation of First Publication by this Court, and then to claim Finland had "subject matter jurisdiction" <u>even though the Finnish Copyright Act §63(2) clearly indicates it does NOT have "subject matter jurisdiction"</u> to determine ownership issues of Works that are NOT "First Published" in Finland.

---

[1] Valve is referencing the page numbers Baylis listed in the bottom right hand corner of his Motion.

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

*Id.* at 21:1-9 (emphasis added); *see also id.* at 9:11-15, 11:17-23.

Baylis steadfastly ignores the fact that the Finnish Courts (where he filed his original lawsuit) are best suited to understand the boundaries of Finnish Law. He also myopically focuses on §63(2) and ignores the rest of that section–which clearly encompasses works first published outside of Finland.

The provisions of this Act relating to copyright shall apply:

1) to works the author of which is a Finnish national or a <u>person having his or her habitual residence in Finland</u>;

2) to works first published in Finland or published in Finland within thirty days of having first been published in another country;

3) <u>to a cinematographic work the producer of which has or its headquarters or habitual residence in Finland</u>;

4) to works of architecture located in Finland; and

5) to works of art incorporated in a building located in Finland or otherwise fixed to the ground in Finland.

*See* https://www.wipo.int/wipolex/en/legislation/details/22374 (emphasis added).

Baylis alleges that he is the author of the works at issue and that he is a resident of Finland. Complaint, Dkt. # 25, ¶3. And he alleges that Energia Pictures was located "at an office in Tampere Finland." *Id*., ¶40. According to Baylis' own allegations and argument, the Finnish copyright act applies to his claims pursuant to §63(1) and (3), yet he nonetheless filed the instant Motion, forcing this Court and Valve to expend further resources addressing it. Valve acknowledges Baylis' dyslexia and is very sympathetic to the difficulty that causes him. But the Rules of Civil Procedure apply to all litigants, *pro se* or otherwise, and the argument Baylis makes in his Motion does not comply with his duties under those rules.[2]

---

[2] As Valve noted earlier, Baylis' bad faith attempts to influence the outcome of this litigation include filing a bar complaint against Valve's counsel for defending this suit, verbal insults, and refusal to respond to discovery or comply with meet and confer requirements. *See* Dkt. # 89 at 3.

Moreover, Baylis had counsel (with whom he waived attorney client privilege by recently filing copies of his email communications). Dkt. # 110-1. Any lenience the Court may be otherwise inclined to give Baylis because of his *pro se* status should be informed by Baylis' choice not to continue with counsel. Instead, Baylis seem to be crowd sourcing his litigation on Reddit, where he receives advice on strategy and law from anonymous

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 4


ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

This is particularly true given the history here, as Baylis filed the instant lawsuit with the sole purpose of overturning the ruling of a Finnish lawsuit that he brought. He is engaging in every tactic he can muster, whether permissible under the rules of this Court or not, to achieve his ends.

## II.  CONCLUSION

For the reasons set forth above, Valve respectfully requests that the Court deny Baylis' Motion and issue any sanctions or other orders it may deem appropriate.

*I certify that this memorandum contains 1,384 words in compliance with the Local Civil Rules.*

DATED: November 18, 2025.     **ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Defendant Valve Corporation*

---

sources. For the Court's reference, the following are examples in which Baylis discusses the current case, his opinions about the Court and Valve's counsel, and discusses his strategy and theories.  *See, e.g.*:
*https://www.reddit.com/r/COPYRIGHT/comments/1oo4tsy/baylis_v_valve_update_things_are_getting_silly/*

*https://www.reddit.com/r/COPYRIGHT/comments/1ow30rr/oh_dear_oh_dear_how_did_we_get_here_back_at_the/*

*https://www.reddit.com/r/VFXCopyright/comments/1ojufpy/update_in_baylis_v_valve_copyright_case/*

*https://www.reddit.com/user/TreviTyger/*

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

| | |
|---|---|
| Trevor Kevin Baylis (*pro se*)<br>Jankanraitti 10 A 4<br>33560, Tampere<br>Finland | ☐ E-mail<br>☐ U.S. Mail<br>☒ E-filing |

Dated this 18th day of November, 2025 in Seattle, Washington.

*/s/ Kaila Greenberg*
Kaila Greenbert
Legal Assistant

DEFENDANT VALVE CORPORATIONS' RESPONSE TO MOTION TO AMEND
No. 2:23-cv-01653-RSM – Page 6

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250