The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS, <br><br> Plaintiff, *(pro se)*. <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | Case No. 2:23-cv-01653-RSM <br><br> **PLAINTIFF'S REPLY TO DEFENDANT VALVE CORPORATION'S RESPONSE** |

# 1. INTRODUCTION

*Poetic Justice* by Trevor K. Baylis

Oh dear, oh dear. How did we get here - back at the beginning again. ∞

© Trevor K. Baylis 2025

This "going around in circles" like shades in Dante's *inferno* is the fate of any that in their folly attempt to usurp cardinal and celestial virtues which, are the very foundations of this Court. Such things are a force of nature and of natural law. The truth cannot be denied. It may be attacked and derided, it may be shrouded in sophistry but at the end of it all, it's a force of nature itself. The truth of this matter before this Court is that somewhere in a distant land, another Court through perhaps, national pride, greed and avarice, attempted to usurp property rights away from their creator. In doing so, that far away Court usurped the jurisdiction of another land, which can't be done in truth. The undeniable truth is that the Finnish Market Courts when ruling in MAO302/18 ("MAO302/18"), which is the ruling this Court has used to get it's genuinely redundant ruling (Dkt 98), had <u>no subject matter jurisdiction to rule on issues of copyright authorship for a work "First Published" in Germany.</u>

One may attempt to attack this truth with the speciousness of an over zealous lawyer attempting to defend a client who in truth, whether in innocent error, or not, is ultimately acting against the order of natural law.

Oh dear, oh dear. How did we get here - back at the beginning again. ∞

## 2. LACK OF SUBJECT MATTER JURISDICTION

That Finnish Ruling MAO302/18 which this Court relied upon for it's ruling (Dkt 98), was NULL and VOID before the judges in that case woke up in the morning and made their way to the Finnish Market Court because Baylis is NOT a Finnish National and the Work is a German work and NOT even a Finnish Work due to the judicially noticeably, and undisputed

1   fact that the Work's "First Publication," it's very birth to the watching world, was in Germany
2   on the 11th February 2012. See Exs A, B, C, D and G.
3       Finnish Market Courts NEVER had subject matter jurisdiction to make such
4   authorship determinations related to *Iron Sky* ("Work") in the first place! The Work may
5   have been conceived partly in Finland (and other parts of the world) but it was most definitely
6   "born" in Germany.
7       Valve, in their Sophistry, *NOW* refer to the Finnish Copyright Acts territoriality restriction
8   mentioned in §63(2) of that Act. See Dt 112. Pages, 3-4, to distract from the fact that "First
9   publication" is the LOGICAL deciding factor over Finland's limited, National, Habitual Residence
10  and Producers Headquarters criteria **(Baylis was NOT even employed by ANYONE!!!!)**. Baylis
11  has ultimately addressed such things by referring both Valve and this Court to The WIPO —
12  Guide to the Berne Convention. Page 36 and 37. (See Ex. K, Pages 36 and 37). Also see Dk. 104
13  Page 8 and page 26: 10-17. And also Dkt 84 Page 8, including Footnotes 7 and 8. Valve cannot
14  rely on the Finnish Copyright Act! Finland lacked "jurisdiction" on the subject matter of copyright
15  arising to the Work (Authorship). Facts are facts!
16      **"Place of publication (geographical criterion) prevails over the nationality
        or the habitual residence (personal criteria):** a Belgian author or one habitually
17      resident in Belgium first publishes his work in the German Federal Republic; the
        country of origin is the latter country." [Emphasis Added](WIPO — Guide to the Berne
18      Convention. Page 36)
19      The subject matter jurisdiction even for this Court to determine it's own "choice of
20  law" related to issues of authorship for the Work, is German Copyright law. The truth cannot
21  be denied! This Courts rulings, are/would be, also Null and Void without referring to German
22  Copyright Law for he "subject matter jurisdiction". See, ITAR-TASS Russian News Agency v.
23  Russian Kurier, Inc., which held that the "country of origin" determines the initial ownership of
24  a copyright.

PLAINTIFF'S REPLY TO DEFENDANT VALVE CORPORATION'S RESPONSE
No. 2:23-cv-01653-RSM
Page 2

### 3. COMITY AND LACK OF SUBJECT MATTER JURISDICTION

A finding that the foreign court lacked jurisdiction over the subject matter is a reason to refuse enforcement. See Restatement (Fourth) Foreign Relations Law § 483 (2018) ("A court in the United States will not recognize a judgment of a court of a foreign state if … the court that rendered the judgment did not have personal or **subject-matter jurisdiction**.") [Emphasis added] (Not to mention authorship is a question of fact in any case! Comity applies to laws not facts).

### 4. ARGUMENT

Instead of apologizing to this Court for making a frivolous defense, Valve in their Dkt. 112 ("Response"), continue to mislead this Court and Baylis with more sophistry and speciousness, based on a Finnish Ruling ("MAO302/18") that Valve have been arguing about where *Iron Sky* was "First published" generally in the evidential record. See for example Dkt 76 Page 10: 5.

When one is in the *'belly of the whale'* then that is a time for reflection and humility. Not for more speciousness and sophistry. To this end Baylis sent Valve's Counsel a Notice of Sanctionilble behaviour (Exs. I and J), and warned Valve that their Expert Witness ("Lindfors") may want to review their own declaration because of inconsistency the genuine outcome of MAO302/18 as told to Baylis by the highly esteemed Petri Eskola, Baylis' Lawyer in MAO302/18. See Exs. I, J L and M.

Valve do not dispute that the Finnish Market Courts lacked subject matter jurisdiction, and instead claim, that this very salient and fundamental issue - before even the Finnish Market Court Judges woke up on the first morning of that Trial, MAO302/18, back in 2018 - is a "new argument." It is not a new argument at all! It has been Baylis' main argument all along throughout this case See Ex. H, which *References On The Record Indicating The Finnish*

*Market Courts Lack Of Subject Matter Jurisdiction Over Iron Sky Authorship Issues*. Valve may not mislead this Court by saying that "Baylis has introduced a "new argument.""

### A. Fed. R. Civ. P. 59

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis omitted). This Court has been misled by Valve's and as a result has committed clear error in granting comity to - **a Hollywood reporter article**. See Ex. F - but if one thinks comity was granted to the MAO302/18 ruling, that foreign court lacked jurisdiction over the subject matter which would itself be a reason to refuse enforcement. See Restatement (Fourth) Foreign Relations Law § 483 (2018) ("A court in the United States will not recognize a judgment of a court of a foreign state if … the court that rendered the judgment did not have personal or **subject-matter jurisdiction**.") [Emphasis added]

Like a child has only one birthday, *Iron Sky* only has one "First Publication" day which was on the 11th February 2012 (see Exhibits A, B, C, D and G) and it is this "birthday" so to speak, that sets the "point of attachment" for copyright to arise to the Work, and it becomes the subject matter jurisdiction of German law. This is not a "new argument" it is an ubiquitous issue raised many times within this case and crops up numerous times within the evidentiary record (See Exhibit H).

Baylis informed this Court by filing, Plaintiff Trevor Kevin Baylis Request For Judicial Notice Of Foreign Laws (Dkt 19) back in January 2011 (See Ex. E), to ensure this Courts subject matter jurisdiction would be based on German Law under "choice of law" analysis (Itarr-Tass).

**B.      Valve is prohibited from misleading Baylis and the Court.**

In Baylis' Rule 59 Motion Dkt 104 Page 14, Baylis mentions Valve have breached RPC 4.1 - Truthfulness in statements to others. Rather than dispute this breach of RPC 4.1, Valve continue to make misleading statements to this Court and Baylis by saying that Baylis never argued lack of subject matter jurisdiction in his Opposition to Valve's Motion for Summary Judgment. However, this is a misleading statement to both Baylis and the Court because in Dkt. # 84 Baylis frequently mentions the "territoriality restrictions" of the Finnish Copyright act 63(2) and the fact that the Finnish Copyright Act is precluded from any "authorship analysis" to *Iron Sky* because it was not "First Published" in Finland See Ex. H, Pages BAYLIS_6-8, and therefore the Finnish Copyright Act as a whole cannot possibly apply to *Iron Sky* which obviously includes Section 1 of that Copyright Act.

Baylis even Objected to Valve's reliance on Finnish Law making specific reference to §63(2) territoriality restrictions (See Dkt 79). The Finnish Copyright Act doesn't apply to *Iron Sky* because it's subject matter "Jurisdiction" is Germany which as been said loud and clear! **Germany is the "jurisdiction!"** for the copyright subject matter of authorship to arise to the film *Iron Sky*!!

When a court lacks subject matter jurisdiction, its ruling is void and legally meaningless. It is a fundamental flaw that cannot be waived, and can be raised at any time, even on appeal or after a judgment has been entered.

**5. THE COURT HAS BEEN MISLED BY VALVE**

Comity has essentially been granted by this Court to a "Hollywood reporter news article." (See Ex. F)

Valve must have gotten their ridiculous idea about Baylis not having copyright to his work from that "Hollywood reporter news article" (Ex. F). At least Baylis had his own lawyer

with first hand knowledge of the case to guide him. (See Dkt 110- 1. Ex. B )

*Iron Sky* may have been partly conceived in Finland, but it was "born" in Germany 11th February 2012. It's a traitorous thing to usurp a subjects birth rights, and according to the poet Dante, the frozen lake of Cocytus in 9th Circle of the *inferno* has a place for such usurpers - and well should such souls feel that cold chill creeping up on them.

### 7. CONCLUSION

There cannot be a more egregious wrong than to get the birth place wrong of a subject in order to usurp god given rights away from that to that subject. However, that is exactly what Valve tried to do. It has led this Court, just to comit a fundamental unconstitutional human rights violation!

The Finnish Market Court NEVER had the "subject matter jurisdiction" to do any authorship analysis of the film Iron Sky because we all consented to German Copyright Law in terms of "subject matter jurisdiction". That's why we were all on stage in front of the screen in Berlin Germany on 11th February 2012. This is an undeniable fact and not a "new argument" as Valve are now trying to claim.

Truth always leads truth. It's the natural order of things. A lack of subject matter jurisdiction in Finland means that MAO302/18 was Null and Void before those judges tied up their shoes the morning before the trial in 2018. All the US Court rulings are Null and Void Too because of that. Peers are watching. Not e'en god would want to disagree with Baylis, a humble (dyslexic) man, a believer of virtue, thus a man touched by grace.

<u>Valve have WASTED everyone's time and money.</u>

A finding that the foreign court lacked jurisdiction over the subject matter is a reason to refuse enforcement. See Restatement (Fourth) Foreign Relations Law § 483 (2018) ("A court in the United States will not recognize a judgment of a court of a foreign state if … the

PLAINTIFF'S REPLY TO DEFENDANT VALVE CORPORATION'S RESPONSE
No. 2:23-cv-01653-RSM
Page 6

court that rendered the judgment did not have personal or subject-matter jurisdiction.")

Baylis had not even been totally deprived of copyrights under FCA §1 as Finland does not have "subject matter" related to questions of initial ownership of Iron Sky. The work became an orphan work but now a joint father figure creator of *Iron Sky* is here by the wings of grace to claim back our child and the very fruits of our labour.

Side note:

> Baylis first employer back in 1983 was Martin Lambie-Nairn ("Martin") who was, as sweet a man as any could ever meet in life, and a devout Christian. Baylis learnt from this man the virtue of forgiveness "first hand" after Baylis' own foolish transgression in his younger years, and such forgiveness from Martin has forever been in his heart. Wisdom can come from mistakes corrected, and who would not want to be wise. Wisdom last wish to the wise - is a sigh.

https://en.wikipedia.org/wiki/Martin_Lambie-Nairn

I certify that this memorandum contains 2099 words, in compliance with the Local Civil Rules.

19 November 2025

*[signature: Trvr Bay]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

PLAINTIFF'S REPLY TO DEFENDANT VALVE CORPORATION'S RESPONSE
No. 2:23-cv-01653-RSM
Page 7

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 19th November 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 19th November 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND