# EXHIBIT E

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>    Plaintiff,<br><br> v.<br><br>VALVE CORPORATION,<br><br>    Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF**<br><br>**TREVOR KEVIN BAYLIS**<br><br>**REQUEST FOR JUDICIAL NOTICE OF FOREIGN LAWS**<br><br>Filed: 11 January 2024 |

**I. TO THE HONORABLE RICARDO S. MARTINEZ, UNITED STATES DISTRICT COURT JUDGE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE:** In support of their Motion, First Amended Complaint ("FAC") Dkt. 15. Trevor Kevin Baylis ("Plaintiff") respectfully requests, pursuant to CR 9 Pleading Special Matters (k) Foreign Law (2). Fed. R. Evid.201(b)(2), Fed. R. Evid.201(c) to take judicial notice of the following Foreign Laws, International Treaties, links to documents, records and decisions of the higher courts.

 A. Under Rule CR 9 (k) (2), party who intends to raise an issue concerning the law of a jurisdiction other than a state, territory or other jurisdiction of the United States shall

give notice in the pleading of the foreign jurisdiction whose law the party contends may be applicable to the facts of the case.

  B. Under Rule CR 9 (k) (3) Application of Foreign Law. Issues of foreign law may be simplified pursuant to rule 16 and determined in advance of trial pursuant to rule 56.

  C. Under Rule 201, facts appropriate for judicial notice are those that are "not subject to reasonable dispute" in that they (2) are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Federal rules of evidence 201(b). The court may take judicial notice of its own records and other court cases.

  **1.** **BERNE CONVENTION FOR THE PROTECTION OF LITERARY AND ARTISTIC WORKS (Paris Text 1971)**

**Article 5**

(1) Authors shall enjoy, in respect of works for which they are protected under this Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specially granted by this Convention.

(2) The enjoyment and the exercise of these rights shall not be subject to any formality; such enjoyment and such exercise shall be independent of the existence of protection in the country of origin of the work. Consequently, apart from the provisions of this Convention,

the extent of protection, as well as the means of redress afforded to the author to protect his rights, shall be governed exclusively by the laws of the country where protection is claimed. (3) Protection in the country of origin is governed by domestic law. However, when the author is not a national of the country of origin of the work for which he is protected under this Convention, he shall enjoy in that country the same rights as national authors.

(4) The country of origin shall be considered to be

    (a) in the case of works first published in a country of the Union, that country;

**Article 15**

(1) In order that the author of a literary or artistic work protected by this Convention shall, in the absence of proof to the contrary, be regarded as such, and consequently be entitled to institute infringement proceedings in the countries of the Union, it shall be sufficient for his name to appear on the work in the usual manner. This paragraph shall be applicable even if this name is a pseudonym, where the pseudonym adopted by the author leaves no doubt as to his identity. (https://www.law.cornell.edu/treaties/berne/15.html)

**Article 6bis**

(1) Independently of the author's economic rights, and even after the transfer of the said rights, the author shall have the right to claim authorship of the work and to object to any distortion, mutilation or other modification of, or other derogatory action in relation to, the said work, which would be prejudicial to his honor or reputation. (https://www.law.cornell.edu/treaties/berne/6bis.html)

## 2. GERMAN ACT ON COPYRIGHT AND RELATED RIGHTS

(Urheberrechtsgesetz – UrhG translation by Ute Reusch)

https://www.gesetze-im-internet.de/englisch_urhg/englisch_urhg.html#p0043

**Section 7**

**Author**

The author is the creator of the work.

**Section 8**

**Joint authors**

(1) Where several persons have jointly created a work without it being possible to separately exploit their individual shares in the work, they are joint authors of the work.

(2) The right of publication and of exploitation of the work accrues jointly to the joint authors; alterations to the work are permitted only with the joint authors' consent. However, a joint author may not refuse consent to publication, exploitation or alteration contrary to the principles of good faith. Each joint author is entitled to assert claims arising from violations of the joint copyright; a joint author may, however, demand performance only to all the joint authors.

(3) Proceeds derived from the use of the work are due to the joint authors in accordance with the extent of their involvement in the creation of the work, unless otherwise agreed between the joint authors.

(4) Joint authors may each waive their share of the exploitation rights (section 15). They must

make a declaration of waiver to the other joint authors. Upon such declaration being made their share accrues to the other joint authors.

**Section 9**

**Authors of compound works**

Where several authors have combined their works for the purpose of joint exploitation, each may require the consent of the others to the publication, exploitation or alteration of the compound works if the consent of the others may be reasonably expected in good faith.

**Section 10**

**Presumption of authorship or ownership**

(1) The person designated as the author in the usual manner on the copies of a released work or on the original of an artistic work is regarded as the author of the work in the absence of proof to the contrary; the same applies to any designation which is known to be a pseudonym or stage name of the author.

**Section 11**

**General**

Copyright protects the author in his or her intellectual and personal relationships to the work and in respect of the use of the work. It also serves to ensure equitable remuneration for the use of the work.

**Section 13**

**Recognition of authorship**

The author has the right to be identified as the author of the work. The author may determine whether the work is to bear a designation of authorship and which designation is to be used.

**Section 14**

**Distortion of work**

The author has the right to prohibit the distortion or any other derogatory treatment of his or her work which is capable of prejudicing the author's legitimate intellectual or personal interests in the work.

**Section 15**

**General**

(1) The author has the exclusive right to exploit his or her work in material form; this right in particular includes

1. the right of reproduction (section 16),

2. the right of distribution (section 17),

3. the right of exhibition (section 18).

(2) Further, the author has the exclusive right to communicate his or her work to the public in non-material form (right of communication to the public). The right of communication to the public in particular compromises

1. the right of recitation, performance and presentation (section 19),

2. the right of making the work available to the public (section 19a),

3. the right of broadcasting (section 20),

4. the right of communication by video or audio recordings (section 21),

5. the right of communication of broadcasts and of works made available to the public (section 22).

(3) The communication of a work is deemed public if it is intended for a plurality of members of the public. Anyone who is not connected by a personal relationship with the person exploiting the work or with the other persons to whom the work is made perceivable or made available in non-material form is deemed to be a member of the public.

**Section 16**

**Right of reproduction**

(1) 'Right of reproduction' means the right to produce copies of the work, whether on a temporary or on a permanent basis and regardless of by which means of procedure or in which quantity they are made.

(2) The transfer of the work to devices for the purposes of repeated communication of video and sound sequences (video and audio recordings), regardless of whether this is the recording

of a communication of the work on a video or audio recording medium or the transfer of the work from one video or audio recording medium to another, also constitutes reproduction.

**Section 17**

**Right of distribution**

(1) 'Right of distribution' means the right to offer the original or copies of the work to the public or to put them into circulation.

**Section 18**

**Right of exhibition**

'Right of exhibition' means the right to display in public the original or the copies of an unpublished artistic work or an unpublished photographic work.

**Section 19**

**Right of recitation, performance and presentation**

(1) 'Right of recitation' means the right to give a public recital of a literary work by means of personal performance.

(2) 'Right of performance' means the right to give a public recital of a musical work by means of personal performance or to give a public theatrical performance of a work.

(3) The right of recitation and the right of performance include the right to make speeches and performances perceivable to the public by means of a screen, loudspeaker or similar technical devices outside of that room in which the personal performance is taking place.

(4) 'Right of presentation' means the right to make an artistic work, a photographic work, a cinematographic work or illustrations of a scientific or technical nature perceivable to the public by the use of technical devices. The right of presentation does not include the right to make the radio broadcast or the making available to the public of such works perceivable to the public (section 22).

**Section 19a**

**Right of making works available to public**

'Right of making works available to the public' means the right to make the work available to the public, either by wire or wireless means, in such a manner that members of the public may access it from a place and at a time individually chosen by them.

**Section 20**

**Right of broadcasting**

'Right of broadcasting' means the right to make a work available to the public by broadcasting, such as radio and television transmission, satellite transmission, cable transmission or by similar technical means.

    3.    **COPYRIGHT Television "The Tunnel"**

        **District Court of Munich ZUM-RO2001/23**

"The test is: would it be possible to exploit the contributions to the work independently of each other. If not, there is a work of joint authorship the copyright of which arises jointly in the co-authors, see Article 8(1) of the German Copyright Act. As a consequence, the ownership

is held jointly by the co-owners. The joint property can only be transferred collectively."

"Thus unlike many other national copyright laws, according to German copyright law the authors of a script for a tv-film do not become joint authors of the tv-film- they are, just like the composer of the film music, authors of pre-existing works which are independent of the film work. Again, unlike U.S. law, German law does not know the work for hire doctrine according to which the initial ownership in the copyright of an audiovisual work may arise in the (legal) person who employed the persons who created the work. The copyright arises always in the individual person(s) who created the work." (Arnold Vahrenwald Centrebar Munich. GERMANY • NEWS SECTION [2002] ENT.L.R http://vahrenwald.eu/wp-content/uploads/2017/01/117.DistCtMunich.19.01.01.TheTunnelJointAuthorshipAndTransferOfCopyright.2002.EntLR_.N2.pdf)

PhD Arnold Vahrenwald is attorney at Law who deals specifically with energy law, film law, media law, copyright, patent law, advertising law, personal law, sports law, innovation, banking law, international private law, arbitration and out-of-court dispute resolution. https://amradvisory.com/about-us/arnold-vahrenwald/

### 4. COPYRIGHT LAW OF GERMANY ENCYCLOPEDIA, SCIENCE NEWS & RESEARCH REVIEWS

**Transfer**

Urhebergesetz is an author's right (droit d'auteur) or "monistic" style of law. Therefore, special emphasis is placed on the relationship between the work and its actual author. This right is recognized as an aspect of the author's general moral rights and is therefore in

principle non-transferable. This also means that there are no corporate copyrights in Germany and that fundamental rights cannot be transferred other than by inheritance ('legacy').

https://academic-accelerator.com/encyclopedia/copyright-law-of-germany

### 5. ITAR-TASS RUSSIAN NEWS V. RUSSIAN KURIER, 153 F.3D 82

**Summary**

Holding that "the law of the country of origin determines the ownership of copyright"

https://casetext.com/case/itar-tass-russian-news-v-russian-kurier

## II. CONCLUSION

This Request For Judicial Notice of Foreign Laws is respectively made in support of Plaintiff's Motion, First Amended Complaint, Dkt. 15.

11 January 2024

Trevor Kevin Baylis

*[signature: Trevor Bay]*

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 11th January I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com


Dated: 11th January 2024

*Trevor Baylis* (signature)

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND