# EXHIBIT J

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS, | Case No. 2:23-cv-01653-RSM |
| Plaintiff, *(pro se)*. | **PLAINTIFF'S NOTICE TO DEFENDANT VALVE CORPORATIONS REGARDING SANCTIONABLE BEHAVIOR** |
| v. | |
| VALVE CORPORATION, | |
| Defendant. | 22nd October 2025 |

1   To Counsel for Valve Corporation in the case of Baylis v Valve,

2   Dear Mr Jonah Harrison (https://aretelaw.com/team/jonah-harrison/)

3   I find your behaviour the matter of Baylis v Valve to be a cause for concern because

4   you have been misrepresenting the holdings of litigation that occurred in Finland such as

5   MAO302/18 and you appear to not understand that even if an author of a work cannot be

6   "confirmed" then that doesn't negate an author's copyright related to the work.

7   For instance, anonymous works and orphan works would still be copyright protectable

8   works. See United States v. Gordon,11. No. 21-1023 (1st Cir. June 23, 2022)

9   In the MAO302/18 case "the most salient outcome" was that the Producers of *Iron*

10  *Sky* were unable to provide proof of Chain of Title in order to demonstrate that they actually

11  "owned" the film *Iron Sky*. This directly led to their bankruptcy!

12  You, being a qualified lawyer, must understand that there can be a difference between

13  "ownership" of a work and "authorship" of a work.

14  The *Iron Sky* producers needed to know themselves who were the authors of *Iron Sky* in

15  order to obtain license agreements from them. That means it was rather foolish in the first place

16  for the producers to attempt to obfuscate authorship of *Iron Sky* whilst at the same time needing

17  to designate who the authors were in order to obtain license agreements from them. Catch 22.

18  So regardless of the Finnish Market Court neglecting to confirm authorship status

19  of *Iron Sky* it doesn't mean that the work is devoid of copyright protection. If anything

20  the Finnish Market Court has imposed an "orphan work" status on the film. Even if that

21  were legal (it isn't – it's a human rights violation - CASE OF SAFAROV v. AZERBAIJAN

22  - State's failure to protect his intellectual property interests. https://hudoc.echr.coe.int/

23  eng#{%22itemid%22:[%22001-218927%22]} (and a breach of Berne Convention)) it would

24  NOT stop *Iron Sky* from being a copyrighted work!

PLAINTIFF'S NOTICE TO DEFENDANT VALVE CORPORATIONS REGARDING
SANCTIONABLE BEHAVIOR
No. 2:23-cv-01653-RSM                                                          Page 1

However, <u>it would prevent a clear chain of title</u> which is required for the producers themselves to claim "ownership" of the film and to then continues further to develop a franchise including raising money for sequels and TV series. Valve are in the same position of *Iron Sky* Producers in that it is impossible for Valve to claim "ownership" of any exclusive rights relating to *Iron Sky*. <u>Valve also have no chain of title and would also need to designate or find out who the actual authors of Iron Sky really are in order to acquire license agreements themselves.</u> See (https://www.scribd.com/document/367279959/Blizzard-v-Lilith)

The best a person to ask about that is myself because I was there when the film was created and I was the Modeling supervisor and Lead Animator for the work. It's bizarre that the best witness to such things should be ignored! For instance, the defendants (producers) in MAO302/18 had no way of knowing themselves who was responsible for the work. They often were not even in Finland. <u>Thus, they would have to ask me themselves to find out!</u>

Then there is the issue of "First publication" which you are attempting to obfuscate. Even an orphan work or an anonymous work can be "First published" in a Berne Union country without knowing the nationality or habitual residence of the "unknown authors".

To this affect I encourage you to take note of the following extract from the WIPO Guide to the Berne Convention.

**"5. 13. (a) works protected by the Convention by virtue of the geographical criterion (place of first publication) and published only within the Union: country of origin is the country of the Union where the work was first published. Place of publication (geographical criterion) prevails over the nationality or the habitual residence (personal criteria): a Belgian author or one habitually resident in Belgium first publishes his work in the German Federal Republic; the country of origin is the latter country."**

https://www.wipo.int/edocs/pubdocs/en/copyright/615/wipo_pub_615.pdf

PLAINTIFF'S NOTICE TO DEFENDANT VALVE CORPORATIONS REGARDING SANCTIONABLE BEHAVIOR
No. 2:23-cv-01653-RSM

Page 2

Under Bar association rules you are not allowed to mislead the court or myself on matters of the law. Nor are you allowed to misrepresent holdings in a case such as MAO302/18.

Mr Harrison I appreciate that things are strained between us and I am sorry for that. Never the less you are running the risk of annoying the judge in this case with your own behaviour such as false accusation of ex parte communication, and filing a frivolous Motion to Stay, because you didn't check previous Finnish cases, and a Motion to Compel when you have been given the information you require to work out for yourself that I am the "author" of my work and the *Iron Sky* producers are NOT "owners" of *Iron Sky*.

A second hand car dealership cannot get away with selling stolen cars just because they didn't know who the owners were. Valve cannot get away with trafficking in stolen property either by claiming *Iron Sky* is an "orphan work". See United States v. Gordon,11. No. 21-1023 (1st Cir. June 23, 2022).

**Consider this a Notice regarding sanctionable behavior**

You are expected and required to abide by the same rules as other attorneys, including the duty to refrain from vexatious, duplicative, meritless and unnecessary filings that only serve to needlessly to delay and increase the cost of litigation.

Please take this as notice that I am giving you the opportunity to withdraw your most recent motions Dkts, 89-90,95-96.

22nd October 2025

Trevor Kevin Baylis

*[signature: Trvr Bay]*

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

CERTIFICATE OF SERVICE

I hereby certify that on 22nd October 2025 I emailed the foregoing document

to

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

Dated: 22nd October 2025

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

*[signature: Trevor Baylis]*

PLAINTIFF'S NOTICE TO DEFENDANT VALVE CORPORATIONS REGARDING SANCTIONABLE BEHAVIOR
No. 2:23-cv-01653-RSM

Page 5