# EXHIBIT L



Trevor Baylis <trevor.baylis@gmail.com>

**Expert witness credibility issue.**
3 messages

**Trevor Baylis** <trevor.baylis@gmail.com>  4 November 2025 at 15:50
To: Jonah Harrison <jharrison@aretelaw.com>, Jeremy Roller <jroller@aretelaw.com>, Janet Fischer <jfischer@aretelaw.com>, Kaila Greenberg <kgreenberg@aretelaw.com>

Dear Mr Harrison, et. al.

As you may be aware from my recently filed Motions, the Finnish Market Court actually lacked subject matter jurisdiction to rule on questions of authorship for the film Iron Sky because it was not first published in Finland.

Your expert wittiness Patrik Linfords appears to lack credibility because he has NOT mentioned §63(2) territoriality restrictions of the Finnish Copyright Act when he probably should have done given the multiple author, and multiple nationalities involved with "point of attachment" copyright issues related to Iron Sky.

Dkt. 77. Lindfors Dec., at Para. 14 and 15.

"14...The Geographical Jurisdiction of the Market Court covers the whole country.

15. After reviewing the Finnish Court Decision, I have confirmed that pursuant to Finnish Law, the court had proper subject matter jurisdiction. According to Section 61 of the Finnish Copyright Act, "[c]ivil matters and non-contentious civil cases taken under this Act are considered at a market court"."

Misrepresenting correct law under oath can constitute perjury, as it is a crime to knowingly and willfully give false testimony that is material to a legal proceeding. Perjury occurs when someone lies under oath, and this includes providing information that I know is false or misleading, with the intent to deceive the court.

I know it to be true that there are territoriality restrictions under the Finnish Copyright Act §63(2).

It cannot be reasonably argued that Iron Sky was "First Published" in Finland.

One might be wondering where does Mr Lindfors think Iron Sky was First Published.

It cannot be said that the "First Publication" of Iron Sky is not material to the legal proceedings.

I think it might be prudent to give Mr Linfords an opportunity to correct any errors as the goal is to present accurate information to the court.

Let me know what you think.

Kind Regards.

--
Trevor Baylis

Tel: Finland +358 (0)41 722 5899

https://twitter.com/baylis_trevor

http://uk.linkedin.com/in/trevityger

This email and any attachments to it may be confidential and are intended solely for the use of the individual to whom it is addressed. Any views or opinions expressed are solely those of the author. If you are not the intended recipient of this email, you must neither take any action based upon its contents, nor copy or show it to anyone. This Gmail account holder accepts no liability or responsibility for any loss or damage suffered by the recipient or any third party as a result of, or in connection with, the use or misuse of data supplied. Please contact the sender if you believe you have received this email in error.

---

**Trevor Baylis** <trevor.baylis@gmail.com>   5 November 2025 at 09:38
To: Jonah Harrison <jharrison@aretelaw.com>, Jeremy Roller <jroller@aretelaw.com>, Janet Fischer <jfischer@aretelaw.com>, Kaila Greenberg <kgreenberg@aretelaw.com>

Just to be clear, this is §61 of the Finnish Copyright Act,

Section 61 (118/2013)
Forum for civil matters and non-contentious civil cases (607/2015)
Civil matters and non-contentious civil cases taken under this Act are considered at a market court.
Provisions on the consideration of civil matters and non-contentious civil cases before a market court are laid down in the Act on Judicial Proceedings Before a Market Court (100/2013).

The "the Act on Judicial Proceedings Before a Market Court (100/2013)" gives a list of Acts including the Copyright Act.

However, There is section 8 of the Copyright Act.

**Chapter 8**
**Applicability of the Act**
**Section 63 (648/1974)**
**Territorial application (607/2015)**
**The provisions of this Act relating to copyright shall apply:**

**2) to works first published in Finland or published in Finland** within thirty days of having first been published in another country;

Now see Baylis' Dkt 79. (https://www.courtlistener.com/docket/67927224/79/baylis-v-valve-corporation/)

PLAINTIFF'S NOTICE OF OBJECTION ON
DEFENDANT VALVE CORPORATION'S NOTICE OF
INTENT TO RAISE FOREIGN LAW

Mr Lindfors cannot argue Iron Sky was "First Published" in Finland. MAO302/18 indicates to Him that the "First Publication" date was in February. (Dk 44-4. Harrison Decl., Ex. D, at Valve_008, ¶3)

and the ONLY place that the Works publication occurred "in February" was in GERMANY on 11th February 2012

https://www.latimes.com/archives/blogs/24-frames/story/2012-02-15/berlin-film-festival-with-iron-sky-nazis-land-on-moon
[Quoted text hidden]

---

**Trevor Baylis** <trevor.baylis@gmail.com>   6 November 2025 at 20:13
To: Jonah Harrison <jharrison@aretelaw.com>, Jeremy Roller <jroller@aretelaw.com>, Janet Fischer <jfischer@aretelaw.com>, Kaila Greenberg <kgreenberg@aretelaw.com>

Dear Mr Harrison,

Re: previous emails regarding expert witness Patrik Lindfors.

I have consulted CR 26
GENERAL PROVISIONS GOVERNING DISCOVERY
(b) Discovery Scope and Limits.

I believe this to be the salient rule at issue. It would appear I may seek to contact expert witness Patrik Lindfors myself as there doesn't seem to be any rule against doing so.

To be clear, I was genuinely the Plaintiff in the Finnish Court Case MAO302/18 so I have personal knowledge of such things, and as Mr Lindfors is aware I was represented by competent expert lawyers. In fact on the Evidentiary record of Baylis v Valve are email communications I had with Petri Eskola of Backstrom and Co, a well known law firm specializing in Intellectual Property Matters.

Mr Lindfors' account of MAO302/18 is quite some significant way apart from Petri Eskola's communications to myself about the outcome of MAO302/18.

 I believe this differences in Lindfors' account of things are material to this case especially as it was -  *the Producers "that "have no copyright to the film(s) Iron Sky ... or to any material Baylis has made to those movies." This is because the Producers LOST their Counterclaim against Baylis, and it is actually the Producers who have no proof of any copyright ownership, and nor can they prevent Baylis from making adaptations of the film Iron Sky. " Dkt 104 P. 14:17-21*

As a courtesy I am informing you of these things so that you are yourself fully aware of the issues. see RPC 4.1 TRUTHFULNESS IN STATEMENTS TO OTHERS

I want to be absolutely truthful with you about this. I am fully aware of what happened in MAO302/18 and I know full well I still have copyrights to my work and that it was only the Japanese Ship that had any transferable rights under §2 of the Finnish Copyright Act ("Taloudellisten oikeuksien") which was not a work I created and thus I don't have copyright to that particular work it seems.

For what we can tell between myself and "Petri Eskola of Backström & Co, a well known law firm specializing in Intellectual Property Matters", is that at the end of the day the Japanese Ship became the focal point of the Operative Part of MAO302/18 §2, &6 and &46a as they were the only "Taloudellisten oikeuksien" that could ever have been transferred away from the 3D animators.

Additionally I double checked with Petri Eskola during this case to confirm that "Moral rights" (§3 of Finnish Copyright Act - Right to claim authorship) were not an issue at all in Market Court proceedings (MAO302/18)

**3 § Moraaliset oikeudet (22.5.2015/607)**

Kun teoksesta valmistetaan kappale tai teos kokonaan tai osittain saatetaan yleisön saataviin, on tekijä ilmoitettava sillä tavoin kuin hyvä tapa vaatii.

Teosta älköön muutettako tekijän kirjallista tai taiteellista arvoa tahi omalaatuisuutta loukkaavalla tavalla, älköönkä sitä myöskään saatettako yleisön saataviin tekijää sanotuin tavoin loukkaavassa muodossa tai yhteydessä.

Oikeudesta, joka tekijällä on tämän pykälän mukaan, hän voi sitovasti luopua vain mikäli kysymyksessä on laadultaan ja laajuudeltaan rajoitettu teoksen käyttäminen.

See attached.

"indeed, I can confirm that moral rights were not an issue at all in Market Court proceedings, but only economical rights." (Petri Eskola).

I wouldn't want you to think I have been dishonest in any way.

For all the other works apart from the Jap Ship apparently, I can do what I want with them - and make TV Shows, Sequels, Games - a whole franchise Reboot of Iron Sky! -  Because the Producers LOST in attempting to prevent me from using *'my own work'* and they can't ever sue me again, apparently.

I can sell you a 3D printed Iron Sky Valkyrie if you want?

Kind regards

[Quoted text hidden]

---

 **gov.uscourts.wawd.327813.46.4.pdf**
119K