# EXHIBIT M

 **Gmail**

Trevor Baylis <trevor.baylis@gmail.com>

---

## Trevor Baylis. Re: Baylis v Valve.
2 messages

---

**Trevor Baylis** <trevor.baylis@gmail.com>                                        7 November 2025 at 00:35
To: patrik.lindfors@lindforsco.com
Cc: Jonah Harrison <jharrison@aretelaw.com>
Bcc: Jeremy Roller <jroller@aretelaw.com>, Janet Fischer <jfischer@aretelaw.com>, Kaila Greenberg
<kgreenberg@aretelaw.com>

Dear Mr Lindfors,

I am contacting you regarding your expert testimony related to Baylis v Valve in the Western District of Washington,
United States. (Case 2:23-cv-01653-RSM Document 77 Filed 08/28/25 Page 1 of 7) ("Declaration")

I believe this is within the rules and I have informed Valve's Counsel of my intention to contact you. I have cc'd them
for the sake of transparency.

I have consulted CR 26
GENERAL PROVISIONS GOVERNING DISCOVERY
(b) Discovery Scope and Limits.

Attached are some email correspondences (IronSkyOrphanWorks) I had with my representative lawyer in MAO302/18
Mr Petri Eskola. Most notably he concludes that the works at issue have a kind of "orphan work" status and that the
judges have mixed up the idea/expression distinction in copyright law.

This analysis from Mr Eskola has been my understanding of the case since 2018. It seems remarkably at odds with
your grasp of things in your Declaration Dkt 77.


In mime and Petri Eskola's opinion, Iron Sky has an 'orphan work' status for some inexplicable reason because the
judges in MAO302/18 appeared to set the bar very high on "threshold of originality" and could not determine "for
certainty" who the authors were. Something to do with Finland's "independent originality" standard which appears to
be quite a high standard to reach apparrently compared to the United States "modicum of creativity" standard (Feist)

So in my opinion MAO302/18 didn't "deny" me authorship as far as I understand. Authorship rights can't be denied.
They are inalienable rights. There are also no formalities for protection under Berne Convention rules (Article 5(2))
and a judges confirmation would be an illegal formality in my opinion. That's why I can't see myself as not being the
author of my own work. I definitely am a 3D animator, and my work was NOT created by magic elves on a sabbatical
from making toys for Santa. Nor by some Fairy God Mother and a troop of enchanted woodland animals singing
"Biperty Boperty Boo!"


I got up every morning an went to an Office in Tampere and I spent sometimes 14 hours a day doining highly
specialised 3D animation work that no one in Finland has any chance of coming close to be able to do because Maya
Software has not been widly adopted in Finland and the specialist learning books (written in English) that are required
to have any chance of learning Maya have not been easily available to Finnish amateur hobbyists.


Jussi Lehtiniemi's testimony has been on Youtube for 5 years had he admits reverse engineering Iron Sky works
based off of my 3D models. Petri  Eskola Cross examined him. That's Petri's voice in the recordings.


Did you not obtain the recordings yourself from the Court?

"Jussi Lehtiniemi's recorded testimony from the Finnish Market Court Case MAO302/18".

https://www.youtube.com/watch?v=FLAV56vBnVs&t=34s

Also if I am correct, to solve an "orphan work" status it is common knowledge that the author just needs to come forward and claim the work. I believe Finland even has some orphan rights legislation. Finnish Copyright Act § 7 relates to it.

§7 of Finnish copyright act. "Assumed authorship (607/2015): The person whose name or generally known pseudonym or pen name is indicated in the usual manner on the copies of a work

Finland's Act on the Use of Orphan Works (764/2013) and related provisions in the Copyright Act (404/1961) govern the use of copyrighted works whose rights holders cannot be identified or located.

I have numerous Copyright Council Opinions asking the Council about my name being on my work.

See attached for TN2019/7 (also relates to TN2019/6)
"TrevsUrbanFishingAdventures"

https://www.youtube.com/watch?v=C9XIIR-CSrc

and TN2018/12 (https://www.youtube.com/watch?v=Nxx82h2dN-I)

as well as TN2024/8 (see attached Aetiology3D.pdf))


I don't see mention in your Declaration Dkt 77 that the operative part of MAO302/18 doesn't reference §1 of the Copyright Act (Subject matter). That could cause some confusion.


Also I'm pretty sure Moral rights can't be transferred away from an author even if that author is unknown and the works is an "orphan work". They might just make themselves known later though!. Like getting a US Copyright Office registration for instance?


It was very widely advertised in Finland that Iron Sky's world premiere was held Berlin on 11th February 2012 which is alluded to in MAO302/18. (Dk 44-4. Harrison Decl., Ex. D, at Valve_008, ¶3)

Berlin 11Feb2012 TimoTero
https://www.youtube.com/watch?v=xIir8r0bpcw


There is no mention of Finnish Copyright Act  §63(2) in your declaration. I am confused by that.

Iron Sky wasn't "First Published" in Finland at all, and Tero Kaukomaa lives in Switzerland which is where Blind Spot Pictures (Now bankrupt) had it's Headquarters. during Iron Sky production.

Tero Kaukomaa's Blind Spot Pictures (Iron sky producer) was headquartered in Zurich (Switzerland). Blind Spot Zürich GmbH in Liquidation. [Machine Translation] Blind Spot Zürich GmbH, in Zurich, CHE- 110.542.326, limited liability company (SHAB No. 184 of September 22, 2010, p. 18, Publ. 5822300). New company name: Blind Spot Zürich GmbH in liquidation. The company was dissolved by resolution of the shareholders' meeting of November 26, 2020. New or changed registered persons: Kaukomaa, Tero, Finnish citizen, in Zurich, shareholder and managing director, liquidator, with sole signature, with 20 registered shares of CHF 1,000.00 each [previously: shareholder and managing director, with sole signature].
https://www.zefix.ch/de/search/entity/list/firm/738200 (Accessed 27th August 2025).


The Producers Counter Claim in MAO302/18 failed to prevent me from continuing to use my 3D animation work in the future. If it's an Orphan work then surely -  all I need to do is claim authorship again? My name is in the meta data of

BAYLIS_2

the files. See,  Case 2:23-cv-01653-RSM Document 44-2 Filed 04/03/24 Page 14 of 18

<mark>I think there are rules for setting aside a judgement in Finland that is made in manifest error in Finland? Like lack of subject matter jurisdiction for instance? I'm a UK National and my work was "First Published in Germany" I don't see Finnish copyright laws applies to me at all! I'm not a stateless person and not a Finnish Citizen.</mark>

I have mentioned these things even quite recently to the Supreme Court. I can't afford a lawyer though to get them to do anything and they want everything in Finnish which is obviously a struggle for me given I don't speak or read Finnish.

These all seem to be material facts relevant to the case Baylis v Valve in my opinion.

Anyway, I just thought I had a duty to disclose this stuff to you - **but to be honest I thought you already new about this.** I'm infamous in Finland for creating some of the best 3D animation for a sci fi film that has ever graced the screens of Finnish Families TV sets.

I've been on TV myself!

trevMTVNews29 02 2012 Ironsky
https://www.youtube.com/watch?v=gWMJfLj5UJY

Kind regards

--
Trevor Baylis

Tel: Finland +358 (0)41 722 5899

https://twitter.com/baylis_trevor

http://uk.linkedin.com/in/trevityger

This email and any attachments to it may be confidential and are intended solely for the use of the individual to whom it is addressed. Any views or opinions expressed are solely those of the author. If you are not the intended recipient of this email, you must neither take any action based upon its contents, nor copy or show it to anyone. This Gmail account holder accepts no liability or responsibility for any loss or damage suffered by the recipient or any third party as a result of, or in connection with, the use or misuse of data supplied. Please contact the sender if you believe you have received this email in error.

**8 attachments**

📄 **IronSky_OrphanWorks.pdf**
136K

📄 **TN_2024_8 - IPR University Center.pdf**
141K

📄 **Lausunto 2018-12 3D-animaatioiden ja animaatiohahmon tekijänoikeudellinen suoja.pdf**
122K

 **TN_2018_12 - IPR University Center.pdf**
204K

 **TN_2019_7 - IPR University Center.pdf**
211K

**Lausunto 2019-07 Videon tekijänoikeudellinen suoja.pdf**
126K

**Lausunto 2024-08 Raportin ja 3D-pysäytyskuvan tekijänoikeus.pdf**
1271K

**Aetiology3D.pdf**
3634K

---

**Trevor Baylis** <trevor.baylis@gmail.com>                    8 November 2025 at 22:22
To: patrik.lindfors@lindforsco.com
Cc: Jonah Harrison <jharrison@aretelaw.com>

Mr Lidfors,

Re: your Declaration Dkt 77. Paragraph 15 pertaining to Subject Matter Jurisdiction.

If you have made a mistake or lied to the Western District Of Washington Federal Court, then such misrepresentation can be extremely serious. Potentially a crime as I understand things.

I'm not a Finnish Citizen. Iron Sky was NOT "First Published" in Finland. There is no "subject matter jurisdiction" to determine authorship to Iron Sky (Country of origin rules) and there never was.  I brought action under Berne Convention Article 5(2).

As purely a hypothetical example to drive the point home, In the same way my own son was **not born in Finland** it would be quite wrong to attempt to mislead a judge to say he was born in Finland in order to usurp his United Kingdom rights in some way . Also, as a hypothetical, imagine  a Latino Judge born in the United States. Imagine daring to claim such a Judge was not a United States Citizen and think of the implications of that! Why would any one want to claim Iron Sky was not "Born in Germany" and then to usurp rights away.

Iron Sky may have been "conceived" partly in Finland but it was "Born" (First Published) in Germany. German Laws attach in terms of "authorship" Finland has NEVER had subject matter jurisdiction to determine questions of initial ownership of copyright.

Neither you nor anyone else in the world, not even a Federal Court Judge can claim Finland had subject matter jurisdiction over Iron Sky. A German born work.

Kind regards

[Quoted text hidden]

 **Screenshot 2025-11-08 at 22.05.16.png**
419K