UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREVOR KEVIN BAYLIS,

        Plaintiff,

   v.

VALVE CORPORATION,

        Defendant.

Case No. C23-1653RSM

ORDER DENYING RULE 59(e) MOTION

    This matter comes before the Court on Plaintiff Trevor Kevin Baylis's "Motion to Amend the Judgment" brought pursuant to Rule 59(e), Dkt. #104. Defendant Valve Corporation has filed a response brief, Dkt. #112, followed the next day by Plaintiff's Reply, Dkt. #113. Although Plaintiff Baylis has requested oral argument, the Court has determined that oral argument is unnecessary for the Court's ruling.

    On October 30, 2025, Mr. Baylis submitted a filing that mentioned Rule 59(e) but was interpreted by the Court as a Motion for Reconsideration based on the noting date, content of the Motion, and other factors. *See* Dkts. #100 and #102. In an abundance of caution, the Court also reviewed that Motion under Rule 59(e). That Motion was denied. Dkt. #102.

    In the instant Motion, Mr. Baylis indicates that the Motion for Reconsideration was filed in "error" and that this new filing represents his actual Rule 59(e) Motion. *See* Dkt. #104 at 2. Mr. Baylis now argues that the legal reasoning in the Court's Order granting summary judgment,

ORDER DENYING RULE 59(e) MOTION - 1

Dkt. #98, was manifest error "regarding the requirements for recognition of a foreign judgment" because "the Finnish Market Court did not have subject matter jurisdiction to determine initial ownership rights of the film Iron Sky and it's [sic] 3D models and animations related to it." *Id*. (emphasis omitted). Baylis did not raise this issue in response to Valve's Motion for Summary Judgment, which relied heavily on the Finnish Market Court decision. *See* Dkt. #84. Mr. Baylis accuses defense counsel of misleading the Court in breach of the rules of professional conduct. Dkt. #104 at 2. Baylis asks why the Court does not refer to Finland's Copyright Act §63(2) "which specifically excludes the Finnish Copyright Act from applying to Iron Sky on the facts related to the issue of ownership." *Id*. at 6. Baylis repeatedly hammers the issue of the Finnish Market Court lacking subject matter jurisdiction. *See id*. at 6–14. He also takes issue with the characterization that he was "employed" by the producers of the Iron Sky film. *See id*. at 22.

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Hum. Rts. Def. Ctr. v. United States Dep't of Just.*, 744 F. Supp. 3d 1161, 1165 (W.D. Wash. 2024) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

ORDER DENYING RULE 59(e) MOTION - 2

The Court finds that Baylis fails to present newly discovered evidence or to point to clear error or manifest injustice. There has not been an intervening change in the controlling law. The Court agrees with Valve that Baylis impermissibly raises arguments and presents evidence for the first time that could reasonably have been raised earlier in litigation. *See* Dkt. #112 at 2–3. Baylis does not challenge *this* Court's subject matter jurisdiction; he challenges the Court's reliance on a Finnish Market Court ruling against him because, he now argues, *that* court did not have subject matter jurisdiction over claims he brought as a plaintiff. As before, but doubly so, the Court "declines to have a new trial here on the same issues as those heard in a foreign court 'upon the mere assertion of the party that the judgment was erroneous in law or in fact.'" Dkt. #98 at 7 (citing *Hilton v. Guyot*, 159 U.S. 113, 202-03, 16 S. Ct. 139, 40 L. Ed. 95 (1895)). The Court is not otherwise convinced by this Motion that its reliance on the Finnish Market Court ruling was manifest error. In sum, Plaintiff fails to demonstrate that Rule 59(e) applies or that this "extraordinary remedy" is justified in this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Amend the Judgment, Dkt. #104, is DENIED. The Court notes that this case is now on appeal, *see* Dkt. #109, and Plaintiff's appeal arguments should be directed to the Ninth Circuit.

DATED this 20th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE