The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| TREVOR KEVIN BAYLIS,<br><br>         Plaintiff, *(pro se)*.<br><br>    v.<br><br>VALVE CORPORATION,<br><br>         Defendant. | Case No. 2:23-cv-01653-RSM<br><br>**PLAINTIFF'S<br>REPLY TO DEFENDANT VALVE<br>CORPORATION'S RESPONSE<br>TO RULE 60(b)(4) MOTION** |

## 1. INTRODUCTION

"Valve Corporation opposes Trevor Baylis' Rule 60(b)(4) Motion for the reasons set forth in Valve's Opposition to Motion to Amend Judgment (Dkt. # 112) and in the Court's Order Denying Motion to Amend Judgment (Dkt. # 115), both of which are incorporated herein by reference." (Dkt. 119)

This above response ("Response") from Defendants Valve Corporation ("Valve") to Plaintiff's ("Baylis") Rule 60(b)(4) Motion (Dkt. # 117) ("Motion") is *not* an adequate response because Valve's argument is a "circular argument" based on Rule 59(e) that ignores the preponderance of evidence on record, and not an argument against Rule 60(b)(4) which in this Motion not only relies on the evidence on record (Dkt. # 117. Page 1: 10-11) but points directly to a Finnish ruling (Dkt. # 117. Page 1: 6-7) that has forever been, a legal nullity, and which Valve wholly rely on for their defense. This Court should grant Baylis' Rule 60(b)(4) Motion.

Valve are referring to previous responses in Dkt. # 112, claiming that Baylis has introduced a "new argument" which is an issue related to Rule 59(e).

Rule 60(b)(4) relates to a <u>Void Judgment</u> that is a complete nullity, which is an issue that can be raised at "any time" because it is a defect that has always existed. That defect stems from Valve's reliance on a "phantom ruling," so to speak, from Finland in previous litigation ("MAO302/18"). The work at issue in this case is the film *Iron Sky* ("Work") which was NOT "First Published" in Finland and was instead "First Published" in Germany.

Subject matter jurisdiction determines "choice of law" for initial authorship, meaning a work first published in Germany is governed by German copyright law for authorship issues. Thus, Finland never had subject matter jurisdiction to determine authorship issue associated with the Work. This is simply a fact.

PLAINTIFF'S REPLY TO DEFENDANT VALVE
CORPORATION'S RESPONSE TO RULE 60(b)(4) MOTION                  Page 1
No. 2:23-cv-01653-RSM

1   Valve do not deny that Finland lacked subject matter jurisdiction on issues of
2   authorship for the Work, and nor can they because Finland was not the nation of "First
3   publication." This lack of subject matter jurisdiction defect from the Finnish Market Court
4   has now become a defect in this case, which this Court's own rulings suffer from. Valve's
5   defense rests on a foreign ruling MAO302/18 which was always a legal nullity.
6   First Publication of the Work sets the "Point of Attachment" of copyright under Berne
7   Convention "Country of Origin" rules (Articles 3-5)
8   "Place of publication (geographical criterion) prevails over the nationality or the
9   habitual residence (personal criteria)" (See Dkt. # 13-11. Ex. K. WIPO — Guide to the Berne
10  Convention. Page 36)
11  Valve also cite (Dkt. # 112) which does not address the fact they have mislead this
12  Court into applying comity to a "phantom ruling" purporting to "deny unalienable authorship
13  rights" to "authors" but that ruling's legal affect has never existed due to that ruling
14  MAO302/18 being forever a legal nullity in the first instance.

## 2. STANDARDS

### A. Copyright Choice Of Law Problem.

To establish infringement under the 1976 Act, the plaintiff must demonstrate ownership of a valid legal copyright and copying. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). A claim of infringement raises three separate issues under copyright law: (1) ownership; (2) valid legal copyright (or subject matter); and (3) copying (or infringement). Courts faced with copyright infringement "choice of law" problems have for guidance looked to the conflict of laws principle of lex loci delicti (the place of the wrong). See Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192- 93 (2d Cir. 1985). This principle has been adopted in copyright claims to apply U.S. law to the

question of infringement. See id. (applying U.S. copyright law to a toy that was unprotected in Japan); see See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 91 (2d Cir. 1998). The U.S. Court of Appeals for the Second Circuit held that Russian law determined the ownership of the copyrights in question, while U.S. law determined whether those copyrights were infringed and what remedies were available. <u>The court concluded that under Russian law, the copyright in newspaper articles belonged to the journalists, not the publishers.</u>

### B.    Jurisdictional Error.

In United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) The Supreme Court noted that "[a] void judgment is a legal nullity." The Court went on "to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." "A judgment is not void . . . simply because it is or may have been erroneous." It must be "premised . . . on a certain type of jurisdictional error. The "certain type" of jurisdictional error occurs here because of this Courts reliance of previous litigation in Finland.

This Courts ruling (Dkt. # 98) is wholly reliant on *that* subject matter jurisdictional error in MAO302/18 which has led this Court's ruling (Dkt. # 98) to be a derivative of *that* void foreign ruling. To put it another way, *that* foreign court's lack of subject matter jurisdiction directly stripped this Court of the authority to recognize or apply comity to *that* decision.

### 3. ARGUMENT

Valve do not dispute that the Finnish Market Courts lacked subject matter jurisdiction, and instead claim, that <u>this very salient and fundamental issue</u> - before even the Finnish Market Court Judges woke up on the first morning of that Trial, MAO302/18, back in 2018 - is a "new argument" (Dkt. # 112) but that is irrelevant for a Rule 60(b)(4) Motion. This Court's Order Denying Motion to Amend Judgment (Dkt. # 115) is also void due to it being derived from a

foreign ruling MAO302/18 that is a legal nullity. Therefore, there is no weight to the assertion by this Court that, "As before, but doubly so, the Court "declines to have a new trial here on the same issues as those heard in a foreign court 'upon the mere assertion of the party that the judgment was erroneous in law or in fact.'" Dkt. #98 at 7 (citing Hilton v. Guyot, 159 U.S. 113, 202-03, 16 S. Ct. 139, 40 L. Ed. 95 (1895)).

There is no weight to this Courts assertion because, any disinterested fact finder can discern that Finland was NOT the Nation of First Publication - either by independent research or by preponderance of the evidence in this Case. *That* foreign court ruling is factually a legal nullity because there was a lack of subject matter jurisdiction in MAO302/18 that prevented *That* foreign court from ever ruling on issues of authorship related to the Work. A void ruling is a void ruling.

### A. Fed. R. Civ. P. 60(4)(b)

The rationale for being able to vacate a void judgment at any time is that "a void court order is a complete nullity." Hodges v. Archer, 286 Ala. 457, 459, 241 So. 2d 324, 326 (1970). As a nullity, a void judgment has no effect and is subject to attack at any time.

Valve's response to this Rule 60(4)(b) Motion is actually based on Rule 59(e). Valve's Response is effectively *no response at all*. This makes sense because there is no response possible to a void ruling. It is a void ruling. *All* of this Court Rulings are void based on Valve's reliance on MAO320/18 because they are tainted by the same defect in MAO302/18 - Lack of subject matter jurisdiction to determine issues of authorship. Even (Dkt. # 115) is void.

### B. Conflating Choice Of Law And Comity In Copyright Ownership Issues.

Conflating choice of law and comity in copyright ownership issues occurs when a court mistakenly applies the wrong legal principle to determine which country's laws apply

or whether a foreign court's judgment should be recognized. That is essentially what has happened in this case.

Choice of law involves determining which jurisdiction's laws govern a dispute, whereas comity is the principle by which courts in one country may recognize and enforce the laws and judgments of another country as a matter of courtesy and respect, but is not the mechanism for determining the applicable law itself. Baylis *always* has the right to claim authorship of his Work. It is actually the Berne Convention Implementation Act of 1988 ("BCIA")[1,2] that this court should have referred to rather than being misled by Valve in applying the Hilton Factor test (Hilton v. Guyot | 159 U.S. 113 (1895)) in order to apply the doctrine of comity to a void ruling, MAO302/18. It is the BCIA that refers to protection of Berne Convention works and it is undisputed that Baylis' Work is a Berne Convention work.

Baylis always has the right to claim authorship of his Work!

Baylis informed this Court by filing, Plaintiff Trevor Kevin Baylis Request For Judicial Notice Of Foreign Laws (Dkt 19) back in January 2011 (See Dkt. # 113-5. Ex. E), to ensure this Courts subject matter jurisdiction would be based on German Law under it's "choice of law" analysis. See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 91 (2d Cir. 1998).

---

[1] Berne Convention Implementation Act of 1988 - Amends the copyright law to implement the Berne Convention, the Convention for the Protection of Literary and Artistic Works, signed at Berne on September 9, 1886. Extends copyright protection to architectural works in conformance with such Convention. Extends comparable copyright protection to protectable works of nationals of Berne Union members.
https://www.congress.gov/bill/100th-congress/house-bill/4262

[2] (b) CERTAIN RIGHTS NOT AFFECTED.—The provisions of the Berne Convention, the adherence of the United States thereto, and satisfaction of United States obligations thereunder, do not expand or reduce any right of an author of a work, whether claimed under Federal, State, or the common law—
(1) to claim authorship of the work

**B.     Valve Is Prohibited From Misleading Baylis And The Court.**

In Baylis' Rule 59 Motion Dkt 104 Page 14, Baylis mentions Valve have breached RPC 4.1 - Truthfulness in statements to others. Valve do not dispute they have misled this Court to apply comity to a "phantom ruling" MAO302/18, when Valve knew that there should have been a "choice of law" analysis that would have led any disinterested fact finder to Germany for the subject matter jurisdiction to answer the issue of determining the initial authorship issues to Baylis Work based on "First publication" (Geographical criteria) under Berne Convention articles 3-5 including Article 5(4)(a) ("(4) The country of origin shall be considered to be - (a) in the case of works first published in a country of the Union, that country;")

**C.     Future implications of Valve's deceptive conduct.**

Valve have essentially obfuscated issues of authorship in this case to allow them to make a tacit "orphan work defense" to prevent authors (Baylis and others) from claiming their "unalienable rights" (Protected by the US Constitution), and therefore, by claiming that a 'valid copyright ownership of the Work cannot be established' (Dkt 76. Page 1: 17-19), then that would allow Valve to continue to exploit the Work, which is valuable intellectual property, and also, to potentially have established case law in the United States which, they might attempt to get other nations to enforce via "comity" and enforcement of a foreign judgment laws. Even to take legal action against Baylis in Finland to get an Order from this Court to be enforced to try to get Baylis to pay their legal costs.

This is whole deception by Valve, now exposed, is unconscionable and this Court should not allow itself to become party to such things.

However, MAO302/18 is the root of all their claims and it always was a legal nullity. <u>Whatever action Valve attempt to take in the future would be forever tainted by that initial subject matter jurisdiction defect in MAO302/18</u>. Whatever this Court rules based on MAO302/18 would forever be a legal nullity too. Finland NEVER had subject matter jurisdiction to determine authorship issues related to the Work. Facts are facts.

*Iron Sky* may have been partly conceived in Finland, but it was "born" in Germany 11th February 2012. For this court to determine authorship issue it must get it's Lederhosen on and head to Germany.

### 7. CONCLUSION

The Finnish Market Court in MAO302/18 NEVER had the "subject matter jurisdiction" to do any authorship analysis of the film *Iron Sky* because we all consented to German Copyright Law in terms of "subject matter jurisdiction". That's why we were all in Berlin Germany on 11th February 2012. This is an undeniable fact.

<u>Valve have WASTED everyone's time and money.</u>

A finding that the foreign court lacked jurisdiction over the subject matter is a reason to refuse enforcement. See Restatement (Fourth) Foreign Relations Law § 483 (2018) ("A court in the United States will not recognize a judgment of a court of a foreign state if … the court that rendered the judgment did not have personal or subject-matter jurisdiction.")

Based on the foregoing, this Court should grant Baylis' Motion.


Have a peaceful Thanksgiving.

PLAINTIFF'S REPLY TO DEFENDANT VALVE
CORPORATION'S RESPONSE TO RULE 60(b)(4) MOTION           Page 7
No. 2:23-cv-01653-RSM

I certify that this memorandum contains 2100 words, in compliance with the Local Civil Rules.

26 November 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND

Please note: Plaintiff is dyslexic. Thus written documents such as this may have minor accidental spelling and or grammatical errors. Such things should not be seen as cause to prejudice the author of this document.

CERTIFICATE OF SERVICE FORM

FOR ELECTRONIC FILINGS

I hereby certify that on 26th November 2025 I electronically filed the foregoing document

with the United States District Court

Western District of Washington at Seattle by using the

CM/ECF system. I certify that the following parties or their counsel of

record are registered as ECF Filers and that they will be served by the

CM/ECF system:

Jeremy E Roller: jroller@aretelaw.com,

Jonah O. Harrison: jharrison@aretelaw.com,

jfischer@aretelaw.com,

kgreenberg@aretelaw.com

SCOTT BOLDEN

Director Intellectual Property Section Commercial Litigation Branch

Civil Division U.S. Department of Justice

Scott.Bolden@usdoj.gov

Dated: 26th November 2025

*[signature: Trevor Baylis]*

Trevor Kevin Baylis

Jankanraitti

Tampere 33560, FINLAND