1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Case No. C23-1653RSM

TREVOR KEVIN BAYLIS,                            ORDER DENYING RULE 60(b) MOTION

                    Plaintiff,

          v.

VALVE CORPORATION,

                    Defendant.

This matter comes before the Court on Plaintiff Trevor Kevin Baylis's "Rule 60(b)(4) Motion," Dkt. #117. Defendant Valve Corporation has filed a response brief, Dkt. #119, followed the next day by Plaintiff's Reply, Dkt. #120. Neither party has requested oral argument.

Plaintiff's claims were dismissed on summary judgment on October 29, 2025. Dkt. #98. On October 30, Mr. Baylis filed something that mentioned Rule 59(e) but was interpreted by the Court as a Motion for Reconsideration. *See* Dkts. #100 and #102. In an abundance of caution, the Court also reviewed that Motion under Rule 59(e). That Motion was denied. Dkt. #102. On November 3, Mr. Baylis filed a second Rule 59(e) Motion. Dkt. #104. On November 10 he filed a Notice of Appeal. Dkt. #109. On November 20, the Court denied the second Rule 59(e) Motion. Dkt. #115. Later that same day, Mr. Baylis filed the instant Motion.

In the second Rule 59(e) Motion, Mr. Baylis argued that the legal reasoning in the Court's Order granting summary judgment was manifest error "regarding the requirements for

ORDER DENYING RULE 60(b) MOTION - 1

recognition of a foreign judgment" because "the Finnish Market Court did not have subject matter jurisdiction to determine initial ownership rights of the film Iron Sky and it's [sic] 3D models and animations related to it." Dkt. #104 at 2. (emphasis omitted). Baylis did not raise this issue in response to Valve's Motion for Summary Judgment, which relied heavily on the Finnish Market Court decision. *See* Dkt. #84. Mr. Baylis accused defense counsel of misleading the Court in breach of the rules of professional conduct. Dkt. #104 at 2. Baylis asked why the Court did not refer to Finland's Copyright Act §63(2) "which specifically excludes the Finnish Copyright Act from applying to Iron Sky on the facts related to the issue of ownership." *Id*. at 6. Baylis repeatedly hammered the issue of the Finnish Market Court lacking subject matter jurisdiction. *See id*. at 6–14.

The instant Motion makes the same arguments under a different Rule. Mr. Baylis repeats that the Finnish Market Court lacked subject matter jurisdiction. Dkt. #117 at 2–3. He declares that "ALL these Court Rulings are a Legal Nullity ALL OF THEM." *Id*. at 4 (emphasis in original). Out come the exclamation marks, bold, underlined phrases, and writing in all capital letters. He states, "[t]his is not rocket science!" and "NEVER VALID!!!" *Id*. He proclaims, hyperbolically and without irony, that "[t]here cannot be a more egregious wrong than to get the birth place wrong of a subject in order to usurp god given rights away from that to that subject." *Id*. He accuses the Court of committing a human rights violation. *Id*. He states that "not e'en god would want to disagree with Baylis." *Id*. at 5 (poetic phrasing in original).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

ORDER DENYING RULE 60(b) MOTION - 2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court finds that Mr. Baylis has failed to demonstrate that the judgment at issue is void. The Court finds that this Motion is properly dismissed for the same reasons it denied the Rule 59(e) Motion. *See* Dkt. #115. The Court finds no error after reviewing its prior Order.

Mr. Baylis cannot use further motions to rehash previous arguments, ask the Court to reconsider its rulings, or to otherwise pursue dismissed claims. This case is now on appeal, and he must make these arguments at the Ninth Circuit. Accordingly, all further motions filed by Mr. Baylis seeking to re-argue this case will be stricken by minute order.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Trevor Kevin Baylis's "Rule 60(b)(4) Motion," Dkt. #117, is DENIED.

DATED this 1st day of December, 2025.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING RULE 60(b) MOTION - 3